IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| Plaintiff | ) | |
| Vs. | ) | (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| Defendants | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| Defendant | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| Defendant | ) | |

Document:
**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Filed on behalf of
Defendants by:
**ANDREWS & BEARD**
Carl P. Beard, Esquire
Pa.Id. No. 33479
cbeard@andrewsbeard.com
Roberta Binder Heath, Esquire
Pa.Id. No. 50798
rbheath@andrewsbeard.com
3366 Lynnwood Drive
Altoona, PA 16602
814-943-3304

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON | ) |
| Plaintiff | ) |
| Vs. | ) (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | ) |
| Defendants | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) |
| Defendant | ) |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) |
| Defendant | ) |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

AND NOW, comes Defendants, Crawford Central School District, Crawford Central School Board, Michael E. Dolecki Superintendent, and Charles E. Heller, III, Assistant Superintendent, by and through their counsel of record, ANDREWS & BEARD, and hereby move for the partial dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, aver as follows:

1. The gravamen of Plaintiff's Complaint, a copy of which is attached as Exhibit "A", is that the School District Defendants unlawfully dismissed Plaintiff due to her race, national origin, gender, documented disabilities, and denied her employment opportunities to which she was entitled under the law.

1

2. Not only does the Complaint name the School District and School Board, but also individual defendants Michael E. Dolecki, Superintendent, and Charles E. Heller III, Assistant Superintendent, who are School District employees (See caption of Exhibit A).

3. The School District Defendants hereby file this Motion to Dismiss the individual defendants from this action and also seek dismissal of the claim in its entirety for failure to state a claim upon which relief can be granted, failure to exhaust administrative remedies, dismissal of individual school district defendants as redundant parties and failure to plead a legally viable level of disability to comport with the threshold standards of the Americans with Disabilities Act (ADA).

A. **MOTION TO DISMIS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY DUE TO LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

4. The Complaint, *inter alia*, alleges that the Plaintiff was unlawfully dismissed for the reasons outlined in her complaint. (See Exhibit A).

5. As a professional educator and member of the bargaining unit covered by the collective bargaining agreement between the Crawford Central School District and Crawford Central Education Association, Plaintiff was a member of the professional staff entitled to certain protections under the collective bargaining agreement between the Crawford Central School District (School Board) and Crawford Central Education Association. A copy of the collective bargaining agreement is attached hereto as Exhibit "B". Plaintiff, along

2

with her exclusive bargaining representative Crawford Central Education Association, filed several grievances on Plaintiff's behalf, one of which included protesting her dismissal from employment. A copy of the grievance filed protesting Plaintiff's dismissal from employment is attached hereto as Exhibit "C."

6. Within the body of the Plaintiff's complaint (Exhibit A), she alleges contractual and legal obligations owed the Plaintiff by virtue of the collective bargaining agreement. (See Exhibit A, Fifth Claim for Relief, averment 27, page 10).

7. At the present time, the parties are awaiting a decision from the Arbitrator as it relates to the issue of the Plaintiff's dismissal from employment with Crawford Central School District. (See Exhibit D, Plaintiff's Response to Court regarding pending decision on grievance regarding Plaintiff's termination). Until such time that a final decision is rendered by the Arbitrator on the outstanding dismissal issue, this issue is premature and not ripe for disposition. Therefore, adequate relief could be granted by an arbitrator on the claim that the Plaintiff was unjustly and/or unlawfully dismissed.

B. **MOTION TO DISMISS INDIVIDUAL SCHOOL DISTRICT DEFENDANTS AS REDUNDANT PARTIES.**

8. Plaintiff has sued Michael E. Dolecki Superintendent and Charles E. Heller III Assistant Superintendent. Plaintiff did not identify in the caption whether they are being sued in their individual and/or in their official capacities; however, in Averment 5 of Plaintiff's Complaint, it is clear it is in their "official

capacities." (See Plaintiff's Complaint, Exhibit A, Averment 5, page 3.) Both of these individuals are current employees of the Crawford Central School District.

9. The Crawford Central School District and the Crawford Central School Board are also named defendants (See Exhibit A, Caption and Averment 5, page 3).

10. The District Courts of Pennsylvania have held that where a governmental entity has been named as a defendant, suits against individuals brought in their official capacities are redundant.

11. Therefore, because the Plaintiff has sued the Crawford Central School District, by naming the entity itself, and outlining within the Complaint that the Board, *inter alia*, operates its schools through the supervision of the Superintendent and Assistant Superintendent of Schools, dismissal of these individuals acting in their official capacities is proper.

C. **MOTION TO DISMISS INDIVIDUAL SCHOOL DISTRICT DEFENDANTS UNDER THE FIRST CLAIM FOR RELIEF ALLEGING VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991); THE FIFTH CLAIM FOR RELIEF ALLEGING VIOLATIONS OF THE AMERICANS WITH DISABILTIES ACT AND THE REHABILITATION ACT OF 1973;[1] AS WELL AS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT AND SECTION 1983 AS REDUNDANT PARTIES.**

12. As argued in the previous sections, claims against Individual School District Defendants in their official capacities are redundant because the Crawford Central School District itself is the real party in interest.

---

[1] In looking at Plaintiff's Statement of Jurisdiction II (page 2) of the Plaintiff's Complaint it fails to raise the Rehabilitation Act of 1973, however, in Plaintiff's Fifth Claim for Relief it is mentioned in Averment 27 of the Complaint (page 10).

13. Qualified immunity shields the Individual School District Defendants alleged to have violated Title VII and ADA so long as the claims against the officials relate to situations in which officials were acting in their official capacities.

14. As such, these allegations of an alleged violation of Title VII and ADA are improper for failure to plead specific acts of a personal nature violating Plaintiff's specific rights.

15. Furthermore, the defense of qualified immunity is properly raised at the motion to dismiss stage where the Complaint fails to state specific conduct on behalf of each individual that would rise to a level constituting a cognizable Title VII, ADA, PHRA or Section 1983 violation.

16. Because the Complaint contains merely conclusory allegations, the Plaintiff has failed to properly state a claim against the Individual School District Defendants.

17. The remedies available to the Plaintiff under Title VII, ADA, PHRA or Section 1983 apply only as to the Crawford Central School District and the individual defendants cannot be liable under these statutes.

D. **MOTION TO DISMISS FOR FAILURE TO PLEAD LEGALLY VIABLE LEVEL OF DISABILTY TO COMPORT WITH THE THRESHOLD STANDARDS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 ET SEQ. RELATIVE TO HER THIRD AND FIFTH CLAIMS FOR RELIEF.**

18. In her Complaint, Plaintiff among other things alleges that she was unlawfully dismissed, in part due to her documented disabilities and denied employment opportunities to which she was entitled, in violation of the Americans

With Disabilities Act ("ADA"). See Exhibit A. In her Statement of Facts (Averment 10 and 11), Plaintiff alleges she was out on a medical sabbatical undergoing treatment for a chronic medical condition. She also references her medical condition did not justify a negative evaluation.

19.     In Plaintiff's Third Claim for Relief, she alleges *inter alia*, that Defendants unjustly and unlawfully sought to use Plaintiff's medical condition as a basis to terminate her professional employment. Plaintiff cites no statutory basis for her Third Claim for Relief.

20.     In Plaintiff's Fifth Claim for Relief, she alleges that the Defendant refused or failed to provide Plaintiff reasonable accommodation while she was under documented medical care which Defendants knew of or should have had knowledge. The basis for the Fifth Claim for Relief is the Americans with Disabilities Act and the Rehabilitation Act of 1973; however, Plaintiff cites no specific disability or sufficiently pleads within the body of the Complaint how her rights under the statutes were violated.

E.  **MOTION TO DISMISS FOR FAILURE TO PLEAD A PRIMA FACIE CASE FOR THIRD CLAIM FOR RELIEF.**

21.     In Plaintiff's Complaint, her Third Claim for Relief alleged that the Defendants and the administration of the high school, acting as agents of the School District, created and maintained a hostile working environment due to Plaintiff's gender, race, national origin, and disabilities.

22.     Plaintiff does not cite any specific statute or regulation that was violated. Additionally, under the Third Claim for Relief, Plaintiff does not outline

with any specificity how she was held to a double standard with regard to her performance evaluation. (Exhibit A, Averment 23(a)).

23. Plaintiff also has failed to identify how Plaintiff was reduced to an inferior position to the one held prior to taking a medical sabbatical. (Exhibit A, Averment 23(d)).

24. Plaintiff has averred no facts as to how she suffered intentional discrimination due to her gender other than mere general conclusionary statements. (Exhibit A, Averment 23).

25. Plaintiff's Complaint is incomplete. Also in her Complaint (See Exhibit A), the Statement of Facts begins with paragraph 7 and continues on through paragraph 12, then goes to paragraph 14 through 19. If there is a paragraph 13, it is incomplete.

### F.    MOTION TO DISMISS FOURTH CLAIM FOR RELIEF UNDER THE FAMILY MEDICAL LEAVE ACT AS UNTIMELY.

26. Plaintiff has alleged that the Defendants violated the Family Medical Leave Act when it did not take certain actions to return the Plaintiff to her original teaching position or equivalent with equal pay, benefits and other employment terms and conditions when she returned to work from a medical sabbatical leave in September 1999 and that the Defendants also violated the Family Medical Leave Act when it suspended the Plaintiff on March 18, 2002 for over two months while she was under medical care. (See Exhibit A, Fourth Claim for Relief, averments 24 and 25).

27.  As will be discussed in greater detail in the accompanying Brief, these allegations need to be timely pled in order to withstand judicial scrutiny. Family Medical Leave Act, U.S.C.S. §2617(c)(1) provides: "Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." Family Medical Leave Act at U.S.C.S. §2617(c)(2) provides in pertinent part as follows: "In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." See also 29 C.F.R. 800(b).

28.  Nowhere within the Plaintiff's claim for relief does the Plaintiff allege anything that would excuse the time lines for filing a cause of action.

29.  Thus, because the Fourth Claim for Relief is untimely plead pursuant to the statute and its implementing regulations, this claim should be dismissed in its entirety because it was not brought within the appropriate statute of limitations.

G. **MOTION TO DISMISS FOR FAILURE TO PLEAD A PRIMA FACIE CASE FOR THE SIXTH CLAIM FOR RELIEF.**

30.  Other than a broad conclusionary statement that Plaintiff's professional and contractual relationship was unfairly, unlawfully, and arbitrarily terminated by Defendants for pretextual and non-meritorious and discriminatory reasons, nothing is plead with any specificity to provide a basis for pretextual and non-meritorious and discriminatory reasons.

31. There are also no facts or averments plead within the Sixth Claim for Relief as to how Plaintiff's rights to enjoy the benefits, privileges, terms and conditions of contracts on the basis of equality per Section 1981 of the Civil Rights Act of 1866 were violated.

32. This claim should be dismissed in its entirety or in the alternative, the Plaintiff be required to provide clarification and/or specificity as it relates to this particular claim for relief.

WHEREFORE, Defendants request this Honorable Court to dismiss and/or strike the indicated claims in the Plaintiff's Complaint and move for the adoption and entry of the Proposed Order.

Respectfully submitted,

**ANDREWS & BEARD**

*/s/ Carl P. Beard*

Carl P. Beard, Esquire
Pa.Id. No. 33479
[cbeard@andrewsbeard.com]
Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603

Phone: 814-943-3304
Fax: 814-943-3430

Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing Motion to Dismiss of Defendants has been served as follows on this the 1st day of July 2005.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

*/s/ Carl P. Beard*
_____
Carl P. Beard, Esquire
Pa.Id. No. 33479
[cbeard@andrewsbeard.com]
Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
Altoona, PA 16602

Phone 814-943-3304
Fax: 814-943-3430

Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants