IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON<br>        Plaintiff<br><br>Vs.<br><br>CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD<br>        Defendants<br><br>MICHAEL E. DOLECKI, SUPERINTENDENT<br>        Defendant<br><br>CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT<br>        Defendant | (NO. 05-126E)<br><br>Document:<br>DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>Filed on behalf of Defendants by:<br>**ANDREWS & BEARD**<br>Carl P. Beard, Esquire<br>Pa.Id. No. 33479<br>cbeard@andrewsbeard.com<br>Roberta Binder Heath, Esquire<br>Pa.Id. No. 50798<br>rbheath@andrewsbeard.com<br>3366 Lynnwood Drive<br>Altoona, PA 16602<br>phone: 814-943-3304<br>fax: 814-943-3430 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON | ) |
|         Plaintiff | ) |
| Vs. | ) (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | ) |
|         Defendants | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) |
|         Defendant | ) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT | ) |
|         Defendant | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

AND NOW comes Defendants, Crawford Central School District and Crawford Central School Board ("the District"), Michael E. Dolecki, Superintendent ("Dolecki") and Charles E. Heller, III, Assistant Superintendent ("Heller"), by and through their counsel of record, Carl P. Beard Esquire and Roberta Binder Heath, Esquire, of Andrews & Beard, and hereby move for the dismissal of Plaintiff's Complaint, in its entirety, or in the alternative, in part, and particularly any claims relating to the individual liability of Dolecki and Heller, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and in support thereof, aver as follows:

1

I.  **GENERAL AND FACTUAL BACKGROUND**

Plaintiff was hired and began employment with the School District in September 1989 as a Spanish Teacher. (See Averment 7 of Plaintiff's Complaint, Exhibit A). On November 20, 2002, Plaintiff was suspended three (3) days without pay and again on March 18, 2003, suspended five (5) days without pay. (See Averment 14 of Plaintiff's Complaint, Exhibit A).

Plaintiff received an unsatisfactory rating for the 2002-2003 school year. Grievances were filed by the Plaintiff's Association Representatives. Grievances were filed protesting these actions. The Arbitrator denied the Plaintiff's grievances including that which related to the unsatisfactory rating; however, he left the issue regarding the termination unresolved. (Presumably Averment 13 from Plaintiff's Complaint, page 5, Exhibit A). Plaintiff alleges she was wrongfully fired in April 2003 and not paid appropriately per the collective bargaining agreement (See Averment 22(f) of Plaintiff's Complaint. Plaintiff further alleges Defendants have evaded their contractual and legal obligations owed to her by virtue of the collective bargaining agreement. (See Averment 27 of Plaintiff's Complaint, Exhibit A).

On April 28, 2005, Plaintiff filed a Complaint in the United States District Court for the Western District of Pennsylvania.

II.  **STANDARD OF REVIEW**

For the purpose of a Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Rules of Civil Procedure

specify that the Court must accept as true all well-pleaded factual allegations in the Complaint and shall construe the Complaint in a light most favorable to the Plaintiff. In this regard, the Court must determine whether, "under any reasonable reading of the pleadings, the Plaintiff may be entitled to relief". Colver v. Upper Darby, 838 F.2d 663, 665-666 (3rd Cir. 1988), cert. denied, 49 U.S. 1065 (1989) (citations omitted). Although the threshold is fairly low for stating a claim, the pleading requirements are "not entirely a toothless tiger". Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). Specifically, in conducting its analysis, the Court need not accept as true legal conclusions or unwarranted factual inferences. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, the appropriate inquiry is "whether relief could be granted . . . 'under any set of facts that could be proven consistent with the allegations'". Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3rd Cir. 1994), quoting National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994). If no cause of action can be identified, dismissal is just and proper.

     Essentially, this Complaint fails to establish a viable cause of action . The Complaint, on its face, fails to delineate a substantive claim for disability discrimination or a violation of the Family Medical Leave Act. Also, the dismissal issue before the Labor Arbitrator has not been rendered, hence any claims pertaining to the dismissal action are premature and yet ripe to be addressed in this Court. Finally, any individual claims against the Superintendent and Assistant Superintendent cannot withstand judicial scrutiny.

### III. LEGAL ARGUMENTS

**A. MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY DUE TO LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

As was raised in the Motion to Dismiss, Plaintiff was a member of the professional staff entitled to certain protections under the collective bargaining agreement between the Crawford Central School District and the Crawford Central Education Association, the exclusive bargaining agent for teachers in the District.

A grievance was filed on Plaintiff's behalf not only protesting issuance of an unsatisfactory rating and two suspensions but also protesting a dismissal action against her. At the present time, the District, Association (Plaintiff's union representative) and Plaintiff are awaiting a decision from the Arbitrator on the outstanding issue of the Plaintiff's recommended dismissal from employment. Until such time that that decision is received, the claims on the outstanding dismissal issue are premature and not ripe for disposition. Given the fact that adequate relief could be granted by an arbitrator that the Plaintiff was unjustly and/or unlawfully dismissed, this action should be held in abeyance pending the outcome of that decision. (See Exhibit D, Plaintiff's Counsel filing regarding pending arbitration decision).

B. **MOTION TO STRIKE CLAIMS AGAINST MICHAEL E. DOLECKI SUPERINTENDENT AND CHARLES E. HELLER III, ASSISTANT SUPERINTENDENT UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AGE DISCRIMINATION EMPLOYMENT ACT AS REDUNDANT PARTIES.**

C. **MOTION TO DISMISS INDIVIDUAL SCHOOL DISTRICT DEFENDANTS UNDER THE FIRST CLAIM FOR RELIEF ALLEGING VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991); THE FIFTH CLAIM FOR RELIEF ALLEGING VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT OF 1973 AS WELL AS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT, SECTION 1983, AS REDUNDANT PARTIES.**

The School District does not dispute that, if a viable claim is proven, a political subdivision may be liable under the Americans With Disabilities Act ("ADA") and the Age Discrimination Employment Act ("ADEA"). However, neither of these statutes provide a remedy against individual defendants who are employed by the public entity. While plaintiffs are not barred from suing a local agency directly, no justification exists for bringing a claim against individuals acting in an official capacity. See B.D. et al v. Kaplan, 130 F.Supp.2d 461 (SDNY 2000); Haltak v. Village of Park Forest, 864 F.Supp. 802 (ND Ill. 1984).

Specifically, Pennsylvania District Courts have uniformly determined there is no individual liability under the ADA, e.g., Saylor v. Ridge, 989 F.Supp. 680 (E.D.PA. 1998); Clarke v. Whitney, 907 F.Supp. 893 (E.D. PA. 1995).

Although the Third Circuit to date has not directly addressed this issue, District Courts have continued to embrace the theory that no individual liability is proper under either the ADA or the ADEA. In this regard, Pennsylvania District Courts have consistently held that the same logic underlying individual liability

5

under the ADA applies to the ADEA. The touchstone of this argument is based on the fact that an individual is not an "employer" as defined by either the statute, and thus, cannot engage in discriminatory employment practices. Obviously, it is the entity itself that is the "employer" and not the individual. See, Verdecchia v. Douglas A. Prozan, Inc., 274 F.Supp.2d 712 (W.D.PA. 2003); Cohen v. Temple Physicians, Inc., 11 F.Supp.2d 733 (E.D.PA. 1998); Perepchuk v. Friendly's Ice Cream Corp., 2000 WL 1372876 (M.D.PA. March 28, 2000); Schumacher v. Sounderton Area School District, 2000 WL 72047 (E.D.PA. Jan. 21, 2000).[1]

The Third Circuit has, however, specifically addressed that no individual liability exists under Title VII. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F3d 1061, 1077-78 (3rd Cir. 1996). The most recent case on the subject of utilizing a Title VII analysis concerning individual liability under other statutes is Verdecchia v. Douglas A. Prozan, Inc., supra. In that case, the employee, a bookkeeper, sued a corporation doing business as a realty firm and its individual owner, alleging unlawful discharge, demotion, and disparate treatment in violation of the ADA, the ADEA and the PHRA. Defendants moved for summary judgment. The District Court held in pertinent part that:

---

[1] Other pertinent caselaw holding that there is no individual liability under the ADEA or the ADA include: Marian v. City of Philadelphia/Water Department, 161 F.Supp.2d 381 (E.D.Pa. 2001); Fitzpatrick v. Pennsylvania Department of Transportation, 40 F.Supp.2d 631 (E.D.Pa 1999); Volanti v. Emery Worldwide A-CX Company, 847 F.Supp. 1251 (M.D.Pa. 1994); Daliessio v. Depuy, Inc., 1998 WL 24330 (E.D.Pa. Jan. 23, 1998); Santarelli v. National Book Company, Inc., 1999 WL 1212992, 41 Pa. D&C 4th 43 (Pa. C.C.P. Feb. 18, 1999); Moore v. Acme Corrugated Box, Inc., 1997 WL 535906 (E.D.PA. Aug. 4, 1997); Lantz v. Hospital of University of Pennsylvania, 1996 WL 442795 (E.D.PA. July 30, 1996); Waring v. City of Philadelphia, 1996 WL 208348 (E.D.PA. April 26, 1996); Smith v. Lower Bucks Hospital, 1995 WL 12137 (E.D.PA. Jan. 12, 1995); Hrosik v. Latrobe Steam Co., 1995 WL 456212 (W.D.PA. April 25, 1995); Hines v. Belcan Engineering Corp., 1995 WL 6066789 (W.D.Pa. Aug. 16, 1995); Pierce v. Philadelphia Housing Authority, 1995 WL 4476140 (E.D.PA. July 26, 1995).

> "1.   Under common law agency tests, real estate agents were independent contractors rather than employees and the corporation was thus not an 'employer' within the meaning of the ADA or ADEA;
> 2.   Owner of company that employed plaintiff could not be held individually liable under those statutes [ADA/ADEA];
> 3.   Employee failed to exhaust her administrative remedies with respect to the age discrimination claims based on her demotion and denial of paid leave, and failure to pay employee while she was on leave was a discreet, discriminatory act rather than an ongoing violation."

The District Court in Verdecchia relied on the reasoning of the Third Circuit in the Sheridan case, which did not impose individual liability under Title VII. Verdecchia, 274 F.Supp.2d at 723. In its analysis, the Court cited, Diep v. Southwark Metal Mfg. Co., 2001 WL 283146 *2 (E.D.Pa. March 19, 2001)[Nieman v. GHS Osteopathic, Inc., 60 F.3d 153, 157 (3d Cir. 1995], which enunciated the proposition that the ADA and the ADEA defined eligible defendants identical to, and as interpreted consistently with, Title VII. Thus, no individual liability should exist under either the ADA or ADEA utilizing the same analytical paradigm as the Third Circuit applied in Sheridan.

Further discussion of this issue can be found in a 1998 reported Eastern District Court decision. In Cohen v. Temple Physicians, Inc., supra, the District Court indicated that the caselaw is "legion" when analyzing the issue of individual liability under the ADA and ADEA. Cohen, 11 F.Supp.2d at 736 (internal citations omitted). In this decision, the Cohen Court stressed that the ADEA and ADA and Title VII define "employer" in a virtually identical manner. (Id). In relying on the Third Circuit decision in Sheridan, the District Court noted that the Court in rejecting the imposition of individual liability under Title VII involved the

7

Third Circuit's analysis of the statute itself and the 1991 amendments implementing "a sliding scale of damages based on number of employees", which the Third Circuit interprets as to "strongly suggest that Congress was concerned about the impact of Title VII litigation on small business and that it did not contemplate the assessment of such damages against individuals", who are not themselves the target of that anti-discrimination legislation. <u>Cohen</u>, 736-37 citing <u>Sheridan</u> at 1077-78. In this regard, the <u>Cohen</u> Court determined the imposition of individual liability was not intended by Congress, and that imposing such liability would be also superfluous because there is a direct action that can be taken against the employer as an entity. Thus, this Honorable Court should dismiss Michael E. Dolecki and Charles E. Heller III as Defendants under the claims for discrimination under both Title VII and the ADA.

As to the Pennsylvania Human Relations Act (PHRA) claims, the same arguments that are outlined above as it relates to the ADA and Title VII claims are equally applicable to the individual defendants Dolecki and Heller. In <u>Barb v. Miles, Incorporated</u>, 861 F.Supp. 356 (W.D.1994), the Honorable Justice Lancaster in the Western District Court was faced with the issue of individual liability against a supervisor under the Pennsylvania Human Relations Act. After reviewing divergent opinions from various other courts and District, Justice Lancaster determined the claims against the individual defendants on both the Title VII claim and PHRA claim would be dismissed. Prior to the ruling in <u>Barb</u>, the Middle District Court in <u>Violanti v. Emory World Wide,</u> 847 F.Supp. 1251

(M.D.Pa.1994) similarly ruled that there is no individual liability under the PHRA. In that case, they likewise dismissed the individual defendants.

As it relates to the Section 1983 action, it is the position of the Defendants that suing Defendants Dolecki and Heller is redundant since they are being sued in their official capacities. For example, in <u>Satterfield v. Borough of Schuylkill Haven</u>, 12 F.Supp. 2d 423, 432 (E.D. Pa.1998), the United States Court for the Eastern District of Pennsylvania stated as follows:

> In <u>Monell v. Dept. of Social Services of New York</u>, 436 U.S. 658, 694 (1978), the Supreme Court held that municipalities and other local governmental bodies may be sued pursuant to Section 1983. In a subsequent decision, the Supreme Court wrote, 'there is no longer a need to bring official-capacity actions against local government officials, for under <u>Monell</u>, local government units can be sued directly for damages in injunctive or declaratory relief.'

<u>Kentucky v. Graham</u>, 473 U.S. 159, 169 N.14 (1985) (internal citations omitted).

In the <u>Satterfield</u> case, the Plaintiff had sued both the Borough of Schuylkill Haven along with several of the Borough council members in both their official and individual capacities. The Defendants, in a Motion to Dismiss, argued that the claims against the individual Defendants in their official capacities should be dismissed because they were redundant. The Court held that the official capacity suits against the individual Defendant were unnecessary, "because they were essentially suits against the Township which is already a named Defendant". <u>Id</u>. at 432 (quoting <u>Williams v. Lower Marion Township</u>, No. 94-CV-6863, 1995 WL461246 at p. 3 (E.D. Pa. Aug. 2, 1995). According to the District Court, the Plaintiff by bringing official capacity suits against the three individual

9

Defendants and against the Borough itself that essentially named the Borough as a Defendant four times. The Court therefore granted the Defendant's Motion to Dismiss the official capacity claims against those individual Defendants.

In the instant case, although the Plaintiff's Complaint does not state in the caption of the Complaint they are being sued individual, as argued previously. Averment 5 clearly encompasses Defendants Dolecki and Heller as being employed and carrying out activities in their official capacities. Thus, Defendants Dolecki and Heller should be dismissed as being redundant parties specifically "in order to avoid confusion and to identify accurately the potentially responsible parties". <u>Williams</u>, 1995 WL461246 at p. 3 N.2.

### D. PLAINTIFF FAILS TO PLEAD LEGALLY VIABLE LEVEL OF DISABILITY TO COMPORT WITH THE THRESHOLD STANDARDS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 ET SEQ. RELATIVE TO HER THIRD AND FIFTH CLAIMS FOR RELIEF.

In her Complaint, Plaintiff references a medical condition twice without any further detail. See Complaint Exhibit A, Statement of Facts, paragraphs 11 and 12.

A Plaintiff has a "disability" for purposes of the ADA if she: (1) has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment". 42 U.S.C. §12102(2); 29 C.F.R. §1630.2(g). In order to successfully sustain a claim under the ADA, it is the Plaintiff's burden to prove that her condition falls within the appropriate

referenced definition. In this case, Plaintiff fails to meet her threshold burden as to alleging a disability or being regarded as being disabled.

Initially, Defendants point out that the alleged "disability", as described in the Complaint, does not meet the threshold requirement for Americans With Disabilities Act protection under the current standard as avowed by the Supreme Court of the United States. A Plaintiff has a "disability" for purposes of the ADA if he: (1) has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment". 42 U.S.C. §12102(2); 29 C.F.R. §1630.2(g). In order to successfully sustain a claim under the ADA, it is the Plaintiff's burden to prove that her condition falls within the appropriate referenced definition.

Plaintiff does not provide any definitive information as to any specific disability or how that affected a major life activity. From the Complaint itself, mere reference to a medical condition does not constitute a "disability." Further, medical condition has not been pled as being of such a nature as to significantly affect any major life activity. Kelly v. Drexel University, 94 F.3d 102, 105 (3rd. Cir. 1996). See also, Mondzelewski v. Pathmark Stores, Inc., 162 F.2d 778, 783 (3rd Cir. 1998).

Recently, the Supreme Court clarified and narrowed its definition of a disability even further in Toyota v. Williams, 534 U.S. 184 (2002). In that case, the Court held that plaintiff's fairly severe carpal tunnel syndrome, although it prevented her from performing certain normal labor work, was not severe enough

11

to be considered a "disability" under the ADA because she could still perform various activities essential to most peoples lives, such as gardening and cooking breakfast. (Id). In this case, after a sabbatical, Plaintiff returned to teach. The Supreme Court reasoned that the ADA draws its definition of disability from the Rehabilitation Act and those attendant regulations. As the EEOC's regulations are not authorized, the Supreme Court declined to specify whether any deference would even be afforded to those guidelines concerning the ADA. In this regard, the Supreme Court reasoned that an employee seeking to establish a disability by proving a substantial limitation of a major life activity of performing manual tasks must use daily life activity manual tasks as a bench mark, not job-related manual tasks. Williams could not prove her disability as a matter of law because she was still able to brush her teeth, cook breakfast and tend to her flower garden. See, Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3rd Cir. 2002) (employee with pneumonia did not have a disability for purposes of the ADA, and employee extreme sensitivity to dust fumes is not a disability under the ADA).

Although, arguably, this holding primarily applies to alleged disabilities concerning manual tasks, the underlying reasoning of the Supreme Court is clear. If, in this case, Plaintiff were arguing that she were unable to successfully perform being a teacher because of a medical condition, then such condition is not a "disability" that would be recognized as one substantially limiting any major life activity in the work arena.

District Courts in Pennsylvania, and the Third Circuit as well, after the Toyota decision have continued to limit their definition of a "disability" under the

ADA. In this regard, the Courts have continued to assert and emphasize that merely having an impairment does not render a person "disabled" for purposes of the ADA. See, Rinehimer, supra; VanHouten v. Gober, 2003 WL21488670 (ED Pa. June 6, 2003) (court held that intensity, veracity and frequency of plaintiff's carpal tunnel symptoms does not rise to the threshold level demanded by the first statutory definition of disability); Little v. Southern Pennsylvania Transportation Authority, 2003 WL1793528 (ED Pa. April 3, 2003) (plaintiff must prove that they are unable to work in a broad class of jobs rather than any one specific job in order to show a substantial impairment of a major life activity of working); Gallagher v. Sunrise Assisted Living of Haverford, 268 F.Supp.2d 438 (ED Pa. 2003) (a person whose physical or mental impairment is corrected by medication or other mitigating measures cannot be considered to have an impairment that substantially limits a major life activity under the ADA); Dorn v. Potter, 191 F.Supp. 2d 612 (W.D. Pa. 2002) (court relied on Williams when holding that it was insufficient for individuals attempting to prove disability status to merely submit evidence of a medical diagnosis of an impairment. In this case, postal worker provided information on three potentially disabling conditions: (1) a speech impediment; (2) a learning disability; and (3) a back injury. The Court held none of the three conditions constituted a "disability"). Cade v. Consolidated Rail Corporation, 2002 WL922150 (ED Pa. May 7, 2002) (to establish a disability plaintiff cannot merely submit evidence of a medical diagnosis of an impairment but must prove a disability by offering evidence of the extent of the limitation

caused by their impairment in terms of their own experiences [internal citations omitted]).

Thus, Plaintiff's having or suffering from a medical condition does not meet the threshold requirement of being a "disability" for purposes of an ADA analysis. Therefore, Plaintiff has failed to demonstrate by any evidence that she has an impairment which substantially limits a major life activity, such as her ability to work full-time as a teacher. As such, Motion to Dismiss/Summary Judgment is proper against the Plaintiff on this Claim for Relief.

Nonetheless, if this Court believes Plaintiff met the threshold requirement for pleading enough to survive a Motion to Dismiss, the Complaint still fails to set forth a cause of action that would pass judicial muster. In this regard, the Plaintiff simply fails to denote how the alleged medical condition, affected Plaintiff's ability to perform her job, or how she was discriminated against in violation of the ADA.

This Motion to Dismiss would avoid unnecessary litigation as any attempt to amend the pleading would be futile. Hence, the purposes of a 12(b)(6) Motion to Dismiss would be met and Defendant could avoid unnecessary forays into immaterial matters. Garlanger v. Beobeke, 223 F.Supp.2nd 596, 609(d)(j) (2002).

### E.   MOTION TO DISMISS FOR FAILURE TO PLEAD A PRIMA FACIE CASE FOR THE THIRD CLAIM FOR RELIEF.

Although Plaintiff pleads she is in a protected class, she fails to plead she was discriminated against with any specificity in any of the averments of her Third Claim for Relief. In this regard, Plaintiff fails to set forth a prima facie case, which must eluadate allegations to establish the presumption that discrimination

motivated an adverse employment action that was predicated upon any of the items put forth in Plaintiff's Third Claim for Relief.

Accordingly, this Third Claim for Relief should be dismissed, or in the alternative, Plaintiff be directed to provide a more specific pleading to include among other things, the specific statute(s) violated and/or encompassed under this claim for relief. Failure on the part of the Plaintiff to provide more specificity will unduly and irreparably prejudice the Defendant and preclude it from preparing an adequate defense.

### F.   MOTION TO DISMISS FOURTH CLAIM UNDER THE FAMILY MEDICAL LEAVE ACT FOR RELIEF AS UNTIMELY.

Plaintiff has not timely plead any violations of the Family Medical Leave Act in her Fourth Claim for Relief. Averment 24 claim alleges, *inter alia*, that she was not returned to her original teaching position or to an equivalent position with equivalent pay, benefits and other employment terms and conditions when she returned to work from a medical sabbatical leave in September 1999. Averment 25 outlines that the Defendants violated the Family Medical Leave Act when it suspended the Plaintiff on March 18, 2002, for over two months while she was under medical care and in violation of two (2) professional medical directives that they were aware of or should have had knowledge.

The Family Medical Leave Act, U.S.C.S. §2617(c)(1) provides in pertinent part: "Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." Family Medical Leave Act at

U.S.C.S. §2617(c)(2) provides in pertinent part as follows: "In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." See also 29 C.F.R. 825.4(b).

Defendants believe it is clear that nothing is contained within the Averments themselves or plead that would demonstrate that the alleged violations were brought in a timely manner. The Statutes and implementing regulations are clear on their face as to the time period. Simply put, these claims are stale and should not survive judicial scrutiny.

Although there are no cases directly on point within the Third Circuit or the Pennsylvania District Courts on this issue, other jurisdictions have had occasion to address these issues. <u>Porter v. New York University School of Law,</u> C.A.2 (N.Y.) 2004, 392 F.3d 530; see also <u>Ungerleider v. Fleet Mortg. Group of Fleet Bank,</u> D. Conn. 2004. 329 F.Supp.2d 343.

A review of the Plaintiff's Complaint (Exhibit A) shows that the Plaintiff on April 28, 2005, signed a verification and her Complaint was filed on April 28, 2005, in the United States District Court for the Western District of Pennsylvania. It is clear that the time period for filing any claim based on this statute is stale.

      **G.**    **MOTION TO DISMISS FOR FAILURE TO PLEAD A PRIMA FACIE CASE FOR THE SIXTH CLAIM FOR RELIEF.**

While it is true a legal basis can exist under the law for violations of these particular sections of the Civil Rights Act of 1866, here, although Plaintiff pleads in general terms violations under this claim for relief, she fails to plead how her

enjoyment or equality was diminished or how the Defendants actions were pretextual or based on a discriminatory basis without any specificity detailing how there was disparate treatment or how she was denied enjoyment or equality in the benefits, privileged, terms and conditions of contracts.

In this regard, Plaintiff fails to set forth a prima facie case, which must eluadate allegations to establish the presumption that discrimination motivated an adverse employment action that was based upon race, national origin, gender, or alleged disability.

Accordingly, this Sixth Claim for Relief should be dismissed, or in the alternative, Plaintiff be directed to provide a more specific pleading to include among other things, the specific statute(s) violated and/or encompassed under this claim for relief. Failure on the part of the Plaintiff to provide more specificity will unduly and irreparably prejudice the Defendant and preclude it from preparing an adequate defense.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's claims should be dismissed as outlined herein, or in the alternative, Plaintiff be directed to file an Amended Complaint to clearly articulate her claims.

         Respectfully submitted,

         ANDREWS & BEARD

         */s/ Carl P. Beard*
         Carl P. Beard, Esquire
         Pa.Id. No. 33479
         [cbeard@andrewsbeard.com]
         Roberta Binder Heath, Esquire
         Pa.Id. No. 50798
         [rbheath@andrewsbeard.com]

         3366 Lynnwood Drive
         P.O. Box 1311
         Altoona, PA  16603

         Phone: 814-943-3304
         Fax: 814-943-3430

         Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the Defendants' Brief in Support of its Motion to Dismiss has been served as follows on this the 1st day of July 2005.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

ANDREWS & BEARD

*/s/ Carl P. Beard*
Carl P. Beard, Esquire
Pa.Id. No. 33479
[cbeard@andrewsbeard.com]
Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
Altoona, PA 16602

Phone 814-943-3304
Fax: 814-943-3430

Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

19