IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE deLEON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | (NO. 1:05-cv-126) |
| vs. | ) | |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MICHAEL E DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |

**BRIEF IN RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS**

_____
Caleb L. Nichols
Counsel to Plaintiff
Claudette deLeon

I. <u>It is Premature For The Court To Entertain Defendants' Motion To Dismiss Individual School District Defendants Michael Dolecki, Superintendent and Charles Heller III, Assistant Superintendent.</u>

The Motion To Dismiss Messrs. Dolecki and Heller is found in section (B) on pages 3 and 4 of the Defendants' Motion To Dismiss Pursuant To Rule 12 (b)(6).

Only after some discovery has been conducted will Plaintiff be in a position to determine the extent of Messrs. Dolecki's and Heller's culpability and possible complicity in the discriminatory acts committed against Plaintiff.

First, while holding that an individual employee cannot be held liable under Title VII, the Third Circuit has recognized that individuals may be named as Defendants under Section 955 (e) of the Pennsylvania Human Relations Act. <u>Dici (vs) Commonwealth of Pennsylvania</u> 91 F. 3d 542 (3rd Cir. 1996).

Second, in Pennsylvania, an individual supervisor can be sued as an individual under FMLA. (See: <u>Norris (v) North American Publishing Co.</u> 1997 WL 10220, 3 Wage & Hour Cas. 2d (BNA) 1479 (E.D. Pa. 1997). Believing that a viable FMLA Claim is lodged under the Fourth Claim For Relief and that this alleged violation of Plaintiff's rights is attributable to Messrs. Dolecki and Heller, there exist grounds for possible individual suability and liability.

Third, Plaintiff has alleged violations of sections 1981 and 1983 in the Sixth and Seventh Claims For Relief. Messrs. Dolecki and Heller are capable of being individually sued and held liable under these federal laws upon a showing that they violated Plaintiff's clearly established constitutional rights while acting under color of state law. <u>Hafer (v) Melo</u> 502 U.S. 21, 112 S. Ct. 350 (1991). Any qualified immunity that they enjoy by virtue of operating as a local government official is divested upon a showing of misconduct or wrongdoing.

Fourth, as a practical pleading device, it is necessary to name Messrs. Dolecki and Heller as Defendants regarding the Third Claim For Relief since it is believed that they participated in creating and maintaining a hostile work environment for Plaintiff and that wrongdoing is attributable to the Defendants. A specification of what they did is vital in determining the scope of the Defendants' possible liability. The Supreme Court has created guidelines for establishing employer liability in this instance.

If the person who has created the hostile environment is the Plaintiff's supervisor or in the line of supervisory authority, then the employer is automatically liable for he conduct if the harassment results in some tangible employment action against the employee. In short, an employer is strictly liable for tangible employment actions made by its supervisors. Burlington Industries, Inc. (v) Ellerth 524 U.S. 72 (1998); Faragher (v) City of Boca Raton 524 U.S. 775 (1998).

2

II. <u>Plaintiff's Pleadings Satisfy The Subject Matter Jurisdiction And The Exhaustion of Administrative Remedies Requirements.</u>

(A) In response to the Defendant's Motion set forth on page 2 of section (A) To Dismiss Pursuant to Rule 12 (b)(6), it is Plaintiff's position that this Court has jurisdiction over the subject matter asserted in the Complaint as stated in the jurisdictional statement contained therein.

The Defendant is mistaken in asserting that the Plaintiff's Constitutional claims involving her unlawful dismissal in 2003 are premature and not ripe for disposition. Conversely, Plaintiff's view is that it is proper for the Court to assert jurisdiction over the matters contained in the Complaint <u>now</u>, rather than <u>later</u>, because even if Arbitrator Amis should rule and restore Plaintiff to her teaching position with the Crawford Central School District, such ruling would not make Plaintiff whole. At most, a favorable arbitration decision for Plaintiff would only restore her professional positions with back pay and possibly moot only those issues that are addressed. It, unfortunately, would not vindicate her federal and constitutional claims asserted in the Complaint and award her the broad remedial damages to which she is entitled under Title VII and the 1991 Civil Rights Amendment, as well as, those damages provided under sections 1981 and 1983 and the Family Medical Leave Act and the American With Disabilities Act. Arbitrator Amis' findings are limited to the terms of the collective bargaining agreement and accordingly his authority to render an award is so limited. Likewise, any ruling and redress rendered by the Commonwealth Court on appeal would be also limited to the terms of the collective bargaining agreement, which is the subject of the appeal. Plaintiff's letter of March 24, 2005 directed to the Prothonotary, Crawford Courthouse, Meadville, PA, (together with Plaintiff's Response To Rule To Show Cause) was written to the Court in an effort to facilitate a ruling by Arbitrator Amis. While such a ruling as stated in Paragraph 2 of Plaintiff's Response To Rule To Show Cause would have restored Plaintiff under the Collective Bargaining Agreement, it would be deficient, as a basis for making Plaintiff whole (see: Defendant's Exhibit D).

In his arbitration award rendered January 12, 2005, Arbitrator Amis chose not to rule on the Plaintiff's dismissal, pending the Court's ruling on appeal. On February 9, 2005, Judge Gordon Miller of the Court of Common Pleas of Crawford County sustained Arbitrator's Duff's award in favor of Plaintiff. At this time, Arbitrator Amis should have restored Plaintiff to her teaching position with benefits because now she has only one adverse finding on her record, i.e., the Arbitration Award rendered by Arbitrator Amis on January 12, 2005. The current state of Plaintiff's record does not justify her current status of unemployment and Dismissal because the Pennsylvania School Code 24 P.S. 11-1122(a) requires at least two (2) unfavorable evaluations or ratings for incompetence or unsatisfactory teaching performance as a condition to being dismissed. To date, Arbitrator Amis has failed to apply the legal requirements of the School Code and reinstate Plaintiff, but instead has allowed the Crawford Central School District to further appeal Judge Miller's decision to the Pennsylvania Commonwealth Court and, leave Plaintiff in a state of limbo, unemployed or underemployed more than two years after she was unlawfully fired in 2003, and approximately six (6) months after a determination by Judge Miller by which she should have been reinstated.

It is incorrect to assert that Plaintiff's constitutional and federal claims are not ripe for adjudication and disposition because her claims brought to this Court are separate and independent of those which is the subject matter of the state appellate proceedings. Her damages are real and determinable. Should the state appellate court reinstate her with benefits, to the extent that her federal claims are left unredressed, she should be allowed to pursue those claims <u>now</u> in this Court. There is no other venue available for her to seek full justice and it works a grievous injustice to require her to wait indefinitely while the School District engage in appellate machinations, calculated to further delay her day in this Court and thwart her professional advancement.

The Supreme Court in <u>Alexander (vs) Gardner-Denver Co.</u> 415 U.S. 36 (1974) made clear that Plaintiff is not foreclosed from pursuing her federal claims of

discrimination in this Court after having pursued a grievance involving the anti-discrimination provision in a collective bargaining agreement to a final and binding arbitration award. Importantly, the subject collective bargaining agreement does not contain any provision, which waives Plaintiff's rights to a judicial forum for federal claims of employment discrimination. <u>Wright (vs) Universal Maritime Service Corp.</u> 525 U.S. 70 (1998).

III. <u>Defendants Failed To Do Responsive Pleadings</u>.

Contrary to the Defendants' assertion in Section (A) of its Rule 12(b)(6) Motion To Dismiss on page 2, Plaintiff maintains that the Defendant's contention is meritless. Consequently, the Defendants' purported general denial under the asserted Motion To Dismiss On Jurisdictional and Exhaustion Of Remedies grounds is not acceptable under Rule 8 of the Fed. R.C.P. Here, the Defendants were required to do responsive pleading per Rule 8 (d) of the Fed. R.C.P. Defendants provided no responsive pleadings to the First, Second, Seventh and Ninth Claims For Relief contained in the Complaint. Therefore Fed. R.C.P. requires that Plaintiff's averments be admitted as true.

While Defendants have chosen not to contest the Plaintiff's averments set forth in her First Claim For Relief, Plaintiff makes out a prima facie case that she was subjected to disparate treatment and discriminated against because of her race, national origin, sex and documented disabilities. Plaintiff can demonstrate that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) despite her qualifications, she suffered adverse employment action, and (4) non-members of her protected class were treated more favorably. (See: <u>McDonnell Douglas</u> 411 U.S. 792 (1973); <u>Pivirotto (v) Innovative Systems, Inc.</u> 191 F.3d 344, 352-356 (3rd Civ. 1999). <u>Fuentes (v) Perskie</u> 32 F. 3d 759 (3rd Civ. 1994). Further, Defendants do not dispute Plaintiff's qualifications in any of its submissions to the Court.

IV. Regarding the Plaintiff's Second Claim For Relief alleging retaliation, Plaintiff also made out a prima facie case. She has shown that:

  (1)  she engaged in protected activity,

  (2)  that Defendant took adverse employment actions against her; and

  (3)  that there is a causal connection between the protected activity and the adverse employment actions. <u>Western (v) Pennsylvania</u> 251 F. 3d 420 (3d. Cir. 2001); <u>Farrell (v) Planters Lifesavers Co.</u> 206 F. 3d 271, 279 (3rd Cir. 2000; <u>Robinson (v) City of Pittsburgh</u> 120 F. 3d 1286, 1299 (3d Cir. 1997). <u>Woodson (v) Scott Paper</u> Co. 109 F. 3d 913, 920 (3d Cir. 1997). Furthermore, the <u>McDonnell Douglas</u> burden shifting approach also applies to retaliation claims. (<u>Wrenn (vs) Gould</u> 808 F. 2d 493, 500 (6th Cir. 1987), <u>Corley (vs) Jackson Police Dept.</u> 566 F. 2d 994, 999 (5th Cir. 1978); <u>Novotny (v) Great American Fed. Sav. & Loan Association</u> 539 F. Supp 437, 499 (W.D. Pa. 1982) ("In considering a claim of retaliation by an employer against an employee the Courts generally follow the order of proof and factors set forth in <u>McDonnell Douglas Corp (vs) Green</u>"). To establish a retaliation claim, Plaintiff is not required to prove the underlying discrimination claims.

V. <u>Plaintiff's Third Claim For Relief Passes Legal Muster For Pleading Purposes Under Rule 12 (b)(6)</u>

On page 10 of Section III (D) of the Defendant's Brief, it is asserted that Plaintiff failed to plead a legally viable level of disability to comport with the standards of the Americans With Disabilities Act relative to Plaintiff's <u>Third and Fifth</u> Claims for Relief.

First, Plaintiff directs the Court's attention to Plaintiff's Third Claim For Relief. As constituted, the Third Claim plainly states that the Defendants created and maintained a hostile working environment due to her gender, race, national origin and disabilities. Mistakenly, the Defendants have chosen to analyze Plaintiff's Third Claim solely on the grounds that the Pleading fails to satisfy the ADA standards. Second, Plaintiff's position is that the allegations set forth on pages 8 and 9 of the Complaint satisfy the pleading requirements of Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Third, Plaintiff can establish that she was subjected to a double standard in regards to her performance evaluation. Three of four arbitrator's award were rendered in her favor, which established that she was unfairly, and discriminatorily evaluated when she was professionally rated annually. Additionally, at least one Pennsylvania Court has sustained one of the Arbitrator's awards on appeal. The Supreme Court determined in Gardener-Denver, supra, that the arbitration awards are admissible to establish a double standard of evaluation.

Fourth, Plaintiff has a long documentary history that will establish the quality and quantum of workplace harassment to which she has been subjected including the record of her chronic medical condition referred to in Paragraphs 10 and 12 of the Complaint, all of which is probative of Paragraph 23 (e), (f) and (g) of the Complaint.

Fifth, Paragraphs 1 through 22 of the Complaint are incorporated by reference in the Third Claim for Relief. When viewed in their totality, the allegations asserted in Plaintiff's Third Claim For Relief raise at least triable issues of fact sufficient to defeat a Motion To Dismiss Under Rule 12 (b)(6). The Third Circuit has ruled that in order to establish a Claim for employment discrimination due to intimidating or offensive work environment "a Plaintiff must establish by the totality of the circumstances, the existence of a hostile or abusive environment which is severe enough to affect the psychological stability of employee." Andrew (vs) City of Philadelphia 845 F. 2d 1469, 1482 (3rd Cir. 1990). (See: Aman (vs) Cort Furniture Rental Corp 85 F. 2d 1074, 1081 (3rd 1996) (describing the requirements for racial harassment) (Kunin (vs) Sears Roebuck and Co. 175 F. 3d 289, 293 (3rd Cir. 1999) (describing the requirements for sexual harassment) Ogden (vs) Keystone Residence 226 F. Supp 2d 588 (M.D. Pa. 2002).

Sixth, because the Plaintiff has established or can establish a prima facie case with respect to her Third Claim For Relief, the Defendants' Motion To Dismiss For Failure To Plead A Prima Facie Case For the Third Claim as stated on page 14 of Defendant's Brief (Section (E) should be denied. The Defendants well know that the creation and maintenance of a hostile work

environment is violative of Title VII[1]. A prima facie case has been made regarding this claim because Plaintiff can demonstrate that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) despite her qualifications, she suffered an adverse employment action; and (4) non-members of her protected class were treated more favorably. (See: McDonnell Douglas 411 U.S. 792 (1973); Pivirotto (vs) Innovative Systems, Inc. 191 F. 3d 344, 352-356 (3d 1999); Fuentes 32 F. 3d 759, 764 (3d Cir. 1994). (In this case, the Plaintiff was fired and replaced by a younger white male teacher, an act suggesting sexual discrimination. 32 F.3d 759, 764 (3rd Cir. 1994).

VI.  Plaintiff's Fourth Claim For Relief Is Not Time-Barred

It is Plaintiff's position that the Defendants violated the Family Medical Leave Act when it suspended the Plaintiff on March 18, 2002, for over two months while she was under medical care and in violation of at least one (1) and possibly two (2) medical directives or medical excuses. When Plaintiff was sanctioned or suspended, the Administration was fully aware of her longstanding condition and the medical excuse by which she was excused for the three (3) days. In evaluating a Motion To Dismiss Under Rule 12(b)(6), all allegations in the complaint must be accepted as true and viewed in the light most favorable to Plaintiff as the non-moving party. Dismissal under Rule 12 (b)(6) is permissible only where there is no set of facts upon which Plaintiff could be granted relief (Abuhouran (v) Acker 2005 WL 1532496 (E.D. Pa.). In penalizing Plaintiff, and making such conscious and deliberate decision, Defendants showed a reckless disregard for Plaintiff's rights under the Family Medical Leave Act such that these are viewed as willful violations of the Act. (FMLA { 2617 (c)(2)). The suspension of Plaintiff constitutes an interference with "an" employee's exercise of basic FMLA

---

[1] Section 703 of Title VII forbids an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin" and encompasses claims of disparate treatment and hostile work environment. (42 U.S.C.{2000e-2(a)(1). Section 704 of Title VII prohibits an employer from retaliating against an employee for engaging in protected activity. (42 U.S.C. { 2000e-3(a)).

rights in violation of section 2615." Because Defendants committed a willful violation of FMLA, the three (3) year statute of limitations applies in this instance, (29 U.S.C.A. { 2617 (c)(2)). A general averment as to the willfulness of Defendants should be sufficient to trigger the three year limitations period.

The three-year FMLA statute of limitation would have begun to run when Plaintiff returned to work from the suspension on May 24, 2002. (FMLA { 107 (C) (1)), 29 U.S.C.A. { 2617. Settle (v) S.W. Rodgers, Co. Inc. 998 F. Supp. 657, (E.D. Va. 1998). Plaintiff's Complaint was filed (date stamped) April 28, 2005. Thus, it was timely filed and is not time-barred. Alternatively, the statute of limitations is not time-barred because arguably the FMLA statute of limitations did not begin to run until she was terminated on April 30, 2003 and that her cause of action against the Defendant accrued at that time because the basis for the suspension culminated into a basis for termination. Seen in this light, the two (2) year statute of limitations is satisfied. The termination of Plaintiff is viewed as the date of the last event that constitutes the basis for Plaintiff's lawsuit. It is at this point that all Plaintiffs' medical benefits were terminated. The event of firing brought a cessation to the exercise of her rights and privileges under FMLA.

Further, as alleged in Paragraph 24 of the Fourth Claim For Relief in the Complaint, at the conclusion of FMLA leave, the employee generally has the right to return to the same position or an equivalent position (29 C.F.R. { 825, 214 and 216). Upon return from sabbatical medical leave in September 1999, Plaintiff was not return to her original Spanish teaching position with the privileges and rights pertaining thereto.

VII. The Sixth Claim For Relief Is Sufficiently Specific To Pass Legal Muster under Rule 12 (b)(6)

Plaintiff's Sixth Claim For Relief is predicated on section 1981 of the Civil Rights Act of 1866. As amended by the 1991 Civil Rights Amendments, Section 1981 has broadened the scope of the statutory mandate as it relates to the making and

enforcement of contracts on the basis of equality. <u>Spriggs (vs) Diamond Auto Glass</u> 165 F. 3rd 1015 (4th (Cir. 1999). Importantly, the Sixth Claim incorporates by reference Paragraphs 1 through 27 of the Compliant. This means that the allegations contained in the First, Second, Third, Fourth and Fifth Claims (including the Statement of Facts) are proper reference and context in construing the Sixth Claim and apprising Defendants of the nature of the claim asserted. The remedies available under section 1981 are separate, distinct and independent of those provided under Title VII. Johnson (vs) Railway Express Agency 421 U.S. 459. At a minimum, the 1991 Civil Rights Act confirms that section 1981 furnishes a right to be free of racial discrimination in contracting and may not be impaired under the color of state law.

In making a prima facie case under Title VII, Plaintiff also makes a prima facie case under section 1981. <u>Richmond (vs.) Board of Regents of the University of Minnesota</u> 957 F. 2d 595, 598 (8th Cir. 1992). Therefore, the Defendants are incorrect in asserting that Plaintiff has not set forth a prima facie case that discrimination motivated the adverse employment actions including suspensions and firing that were imposed on Plaintiff. Courts analyze section 1981 in the same manner as Title VII claims. In establishing a claim for interference with contractual right under section 1981, the Plaintiff has shown that (1) she is a member of a protected class; (2) the defendant intentionally discriminated against her based on race; and (3) the discrimination concerned the making and enforcement of a contract. <u>Pamintuan (vs) Nanticoke Mem. Hosp.</u> 192 F. 3d 378, 385 (3d Cir. 1999).

VIII. <u>Plaintiff's Fifth Claim For Relief alleging violations of the Americans With Disabilities Act and the Rehabilitation Act of 1973 passed legal muster under Rule 12 (b)(6) and the Defendants' Motion To Dismiss.</u> The Defendants' Motion To Dismiss Plaintiff's Fifth Claim is found in section (D), on page 5, of Defendants' Motions To Dismiss Pursuant To Rule 12 (b)(6).

First, for Rule 12 (b)(6) purposes, Plaintiff's allegations in all claims should be accepted as true until shown to be otherwise. Second, the Fifth Claim incorporates by reference

Paragraphs 1 through 25, which includes the Statement of Facts. The relevant parts of the Complaint properly references and discusses Plaintiff's longstanding chronic medical condition and disabilities. (See: Paragraphs 10, 12, 23(d), (f) and (g), 24 ann 25). Plaintiff's medical record are well documented by medical experts with whom she has treated during the past years. For pleading purposes, the complaint puts the Defendants on sufficient notice and provides an adequate description of Plaintiff's ADA disability.

Third, Plaintiff is covered by the ADA because she is a "qualified individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individuals hold or "desires". (42 U.S.C. { 12102). A person can claim to be disabled in three ways, one of which is having a record of impairment.

Fourth, in a fairly recent Supreme Court <u>Desert Palace, Inc. (vs) Costa</u> – U.S. -- , 156 L.Ed. 2d 84, 123 S. Ct. 2148 (2003), the Plaintiff's burden of proof under the ADA has become easier. (Further, see <u>Skomsky (vs) Speedway Super America L.L.C.</u> 267 F. Supp. 2d 995 D. Minn. 2003) denying employer's motion for summary judgment in a "regarded as" case where the employer discharged employee without giving him any opportunity to attempt to perform job after suffering a stroke). Although <u>Desert Palace</u> was a Title VII case, the same analysis has been applied to ADA cases including <u>Skomsky</u> supra.

Fifth, Plaintiff's case is an example of particular egregiousness on the part of the School District and its manager and officials. Rather than trying to accommodate Plaintiff's disabilities, they instead chose to commit injustice by suspending her in violation of the FMLA and then firing a loyal and committed employee in violation of ADA, with the termination of all benefits.

Sixth, Plaintiff has established a prima facie case of discrimination for failure to accommodate under the ADA to the extent that: (1) she is a disabled person within the

meaning of ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination. <u>Gaul (vs) Lucent Technologies, Inc.</u> 134 F. 3d 576, 580 (3rd Cir. 1998).

Seventh, because the Crawford Central School District receives federal funding, for program support, it has also violated the Rehabilitation Act of 1973 (29 U.S.C. { 793, 794 (1985 and Supp. 1994) as a result of discriminating against Plaintiff on the basis of her disability.

<u>Conclusions:</u>

Based upon the foregoing, Plaintiff respectfully urges the Court to rule as follows:

(1) deny Defendants' Motions To Dismiss Plaintiff's Complaint Pursuant To Rule 12 (b)(6) in their entirety;

(2) declare that the case is ripe for disposition and assert Jurisdiction over the subject matter contained in Plaintiff's Complaint (Exhibit (1));

(3) allow Plaintiff to proceed to discovery;

(4) rule that First, Second, Seventh and Ninth Claims for Relief are admitted as true, and enter findings accordingly, and grant Plaintiff's Motion for Summary Judgment with respect to these claims;

(5) order the Defendants' to provide the Court and the Plaintiff with a status report of the pending Arbitration Award to be rendered by Arbitrator Armis regarding his ruling on the termination of Plaintiff and the appellate proceeding in the Pennsylvania Commonwealth Court.

Caleb L. Nichols
Counsel for
Plaintiff
7/24/05-

12

## CERTIFICATE OF SERVICE

The undersigned attorney does certify that the enclosed Brief has been served on this 26th day of July by postage prepaid, first class U.S. mail.

        Carl P. Beard, Esq.
        Andrews & Beard
        3366 Lynwood Drive
        Altoona, PA  16602

        *Caleb L. Nichols*
        Caleb L. Nichols, Esq.
        P.O. Box 1585
        Erie, PA  16507