EXHIBIT (1)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | (NO. ⬡⬡⬡⬡⬡ ) |
| | ) | |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| MICHAEL E DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT | ) | |
| SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

I.    **Preliminary Statement**

(1) Claudette de Leon brings this action as a result of being wrongfully fired from her

position as a tenured foreign language teacher (Spanish) at the Meadville Senior

High School which is a part of the Defendant, Crawford Central School District.

The Plaintiff was unlawfully dismissed by the Defendant due to her race

(Hispanic), and her national origin (Mexican), and her gender, and documented

1

disabilities and denied employment opportunities to which she was entitled

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A.,

section 2000e, et seq. and section 1981 of the Civil Rights Act of 1866, as

amended, 42 U.S.C.A. section 1981, and the American with Disabilities Act, 42

U.S.C. } 12102 (as amended by the Civil Rights Act of 1991, 42 U.S.C.} 12101

et seq.), and the Family Medical Leave Act, 29 USCS  2601 et seq.

(2) Plaintiff seeks relief also under relevant state law including the Pennsylvania

Human Relations Act, 43 P.S. Section 951 et seq.

II.    **Jurisdiction**

(3) The Court is vested with jurisdiction over the matter contained in this Complaint

by virtue of 28 US.C.A. sections 1331, 1337 and 1343 (4) in that this action arises

under the laws of the United States, specifically Title VII of the Civil Rights Act

of 1964, as amended, and section 1981 of the Civil Rights Act of 1866, as

amended, 42 U.S.C.A. sections 1981 and 1983, the American with Disabilities

Act and the Family Medical Leave Act as cited herein. This Court also has

supplemental jurisdiction over all related claims by virtue of 28 U.S.C.A. section

1367 and state law claims by virtue of pendent jurisdiction.

III.    **Parties**

(4) The Plaintiff, Claudette de Leon, graduated from Edinboro University of

Pennsylvania and holds a Bachelor's Degree and a Master's Equivalency received

in May 1999.  In May 2004, she graduated from Mercyhurst College with a

Master of Science Degree in Bilingual and Special Education.

2

After she was wrongfully fired from her teaching position in April 2003, Plaintiff filed with the Pennsylvania Human Relations Commission (dual filing with the United States Equal Employment Commission), a Complaint against Crawford Central School District. On July 2, 2004, Plaintiff received a Right-To-Sue Letter from the Pennsylvania Human Relations Commission, which stated that the Commission had not completed processing the Complaint. A copy of the Right-To-Sue Letter is enclosed, identified as Exhibit "A", and incorporated herein by reference. Plaintiff also received a Right-To-Sue Letter from the United States Department of Justice dated April 17, 2005, a copy of which is attached as Exhibit "B" and incorporated herein.

(5) The Defendants, Crawford Central School District and the Crawford Central School Board, consist of a Board of nine members, elected at-large, who govern the District, and implements Board policy and state regulations through its principal administrators, the Superintendent of Schools, the Assistant Superintendent of Schools, and other professional and supervisory staff. The Board is the Supervisor of the Crawford Central School District. The Defendants' principal address is at 11280 Mercer Pike, Meadville, Pennsylvania 16335-9504.

(6) In implementing Board policy and state regulations, the Superintendent of Schools functions as the Chief Administrative Officer and is hired by the Board.

## IV.  **Statement of Facts**

(7) The Plaintiff began employment with the Defendant School District in September 1989 at the Cochranton High School as a Spanish teacher. In January 1991, she

3

transferred to the Meadville Area Senior High School where she acquired tenure in 1993 as a professional employee.

(8) From 1989 through 1993, the Plaintiff received satisfactory performance ratings. However, the school administration rated her unsatisfactory for the 1993/94 school year. Plaintiff filed a grievance, which was sustained by an arbitrator on January 11, 1995. The unsatisfactory rating was removed and changed to a satisfactory rating. For the 1993/94 school year, the Plaintiff received a satisfactory rating.

(9) The Plaintiff was again rated unsatisfactory for the 1995/96 school year. On this occasion, the arbitrator also sustained her grievance and found the rating of unsatisfactory invalid, and ordered that all prejudicial data be removed from her personnel file.

(10) From October 1997 to September 1999, Plaintiff was on medical sabbatical undergoing treatment for a chronic medical condition.

(11) Plaintiff received a satisfactory performance rating for 1999/2000 school year and another for the 2000/2001 school year.

(12) In the 2001/2002 school year, the administration again rated Plaintiff unsatisfactory and, again, an arbitrator found in Plaintiff's favor, finding that the unsatisfactory performance rating was invalid and that her medical condition did not justify the negative evaluation that she received for the 2001/2002 school year. On February 9, 2005, the Court of Common Pleas of Crawford County, Pennsylvania sustained the arbitrator's award on appeal that was rendered in favor of the Plaintiff.

rating for the 2002/2003 school year. The arbitrator denied the Plaintiff's grievances including that which related to the unsatisfactory rating, however, he left the issue regarding Plaintiff's termination unresolved, pending receipt of the recent ruling handed down by the Court of Common Pleas of Crawford County in February 2005.

(14)  During her tenure with the School District, the Plaintiff has been suspended on October 15, 1997, three and one half (3 ½) days; and suspended on March 18, 2002 until May 24, 2002 because of the three(3) medical excuses that she had provided the school administrators; and on November 20, 2002, suspended three (3) days without pay; on March 18, 2003, suspended five (5) days without pay.

(15)  In April 2003, Plaintiff was wrongfully fired by the Defendant School District and the Board.

(16)  In October 1983, the Defendant Crawford Central School District was successfully sued for sexual and racial discrimination involving the employment of its administrative and managerial staff.

(17)  It is reported that as of May 2004 that the Crawford Central School District services more than 4300 students, at least 300 of whom are minorities, but there are few, if any, teachers, counselors or administrators of color. During the past ten (10) years the School District has employed approximately two (2) or three (3) minority teachers, and not more than five (5) during the past twenty-five (25) years.

(18)  From 1995 to 1999, a member of the Defendant Board brought to the attention of members of the Board on at least thirty (30) occasions the persistent discrimination problems in failing or refusing to hire minority teaching staff.

(19)  The collective bargaining agreement does not waive the Plaintiff's rights to access this Court to adjudicate Plaintiff's federal employment discrimination claims.

V.    **Causes of Action**

Paragraphs 1 through 19 are incorporated in each of the following causes of action as though fully set forth.

## FIRST CLAIM FOR RELIEF

(20)  The named Defendants wrongfully and unlawfully abused, harassed, suspended, fired, and discriminated against the Plaintiff through their agents during her tenure as a teacher in the Crawford Central School District because of her race, national origin, sex and documented disabilities in violation of Title VII of the Civil Rights Act of 1964, (as amended, by the Civil Rights Act of 1991).

(21)  The Defendants, Crawford Central School District and the Board, unlawfully discriminated against the Plaintiff in that she was treated less favorably or more harshly than her professional teaching cohort and teaching staff, more specifically stated:

(a) Plaintiff's Spanish IV and V classes and permanent classroom were unfairly

assigned to a non-minority teacher having less seniority and Plaintiff was

reduced to having to perform as a "traveling teacher", moving to and from

seven different classrooms and study hall.

**(b)** Plaintiff was denied the right to have a union representative at a parent-

teacher conference on or about March 1996, although she requested it.

The District refused to  attend a scheduled hearing on the charges.  As a

result of filing charges of denial of union representation, the administration

unjustifiably imposed on the Plaintiff several tardies of dubious validity.

**(c)** On or about April 1996, Plaintiff was publicly humiliated, abused,

belittled, and disrespected in the presence of a colleague by the management

and administration of the Meadville Area Senior High School.  The

administration of the school sought to muzzle and forbade plaintiff from

conversing with her professional colleagues in the workplace.

**Paagraphs 1 through 21 are incorporated in the following causes of action.**


## SECOND CLAIM FOR RELIEF

(22)  The Defendants unlawfully retaliated against Plaintiff through their agents

because she participated in Pennsylvania Human Relations Commission

proceedings and was successful in obtaining from an arbitrator a reversal of three

negative performance evaluations given to her by the school administration.

Plaintiff filed her first Complaint with the Pennsylvania Human Relations

Commission in March 1994 and received her first negative performance

evaluation in June 1994.  She filed a second complaint with the Commission in

March 1996 and received a second negative evaluation in June 1996, which was overturned in August 1997. Then written reprimands followed on October 1, 3, 7, and 10, 1997. On October 15, 1997, and March 18, 2002, Plaintiff was suspended for more than two (2) months, and again suspended on November 15, 2002 for three (3) days without pay, and again suspended for 10 days (five days without pay) on March 6, 2003).

(d) Plaintiff was inequitably and unfairly evaluated as evidenced, by the invalidation by the arbitrator of three (3) performance ratings rendered by the school administrator.

(e) Although a tenured teacher, plaintiff was more stringently micro-managed, scrutinized and subjected to a Professional Improvement Action Plan and sanctioned for tardiness more frequently than her co-workers.

(f) Plaintiff was wrongfully fired in April 2003 and not paid per the collective bargaining agreement for 185 days but rather for only 160 days.

**Paragraphs 1 through 22 are incorporated in the following causes of action.**


## THIRD CLAIM FOR RELIEF

(23) The Defendants through the administration of the Meadville Senior High School acting as agents of the School District and the Board created and maintained a hostile working environment due to Plaintiff's gender, race, national origin and disabilities, specifically in the following manner:

(a)    Plaintiff was subjected to a double standard in regards to her performance evaluation.

8

(b)    The administration sought to undermine her authority to properly manage the classroom and discipline students.

(c)    Students were allowed to disrespect, verbally assault Plaintiff with impunity.

(d)    Upon return from medical sabbatical leave in 1999/2000 school year, Plaintiff was reduced to a position inferior to the teaching position that she held prior to taking the medical sabbatical leave.

(e)    The Plaintiff suffered intentional discrimination due to her gender. The discrimination was pervasive and regular as documented by her medical record. The discrimination detrimentally affected the Plaintiff. The discrimination would have detrimentally affected a reasonable person. The named defendants are responsible for creating and maintaining the hostile working environment that cause damage to the Plaintiff.

(f)    For the school year 2001/2002, the Defendants unjustifiably and unlawfully sought to use the Plaintiff's medical condition as a basis to terminate her professional employment.

(g)    On March 18, 2002, the school administration as agents of the Defendants, again subjected Plaintiff to the requirement of a medical examination and unlawfully requested her resignation as a teacher in connection with a proposed paid leave for the remainder of the school year of 2001/2002.

**Paragraphs 1 through 23 are incorporated in the following causes of action.**

## FOURTH CLAIM FOR RELIEF

(24)  The Defendants violated the Family Medical Leave Act in refusing or failing to return Plaintiff to her original teaching position or to an equivalent position with equivalent pay, benefits, and other employment terms and conditions when she returned to work from a medical sabbatical leave September 1999.

(25)  The Defendants violated the Family Medical Leave Act when it suspended the Plaintiff on March 18, 2002, for over two months while she was under medical care and in violation of two (2) professional medical directives that they were aware of or should have had knowledge.

**Paragraphs 1 through 25 are incorporated in the following causes of action.**

## FIFTH CLAIM FOR RELIEF

(26)  The Defendants violated the American with Disabilities Act and the Rehabilitation Act of 1973 when they suspended Plaintiff on March 18, 2002, for more than two (2) months, and refused or failed to provide Plaintiff reasonable accommodation, while she was under documented medical care which Defendants knew of or should have had knowledge.

(27)  Since April 2003 when Plaintiff was fired from her teaching position with a documented medical condition, the Defendants have evaded their contractual and legal obligations owed to her by virtue of the Collective Bargaining Agreement and the American with Disabilities Act and the Rehabilitation Act of 1973.

**Paragraphs 1 through 27 are incorporated in each of the following causes of action as though fully set forth.**

## SIXTH CLAIM FOR RELIEF

(28)   The Defendants violated Plaintiff's legal, and Constitutional rights to enjoy the benefits, privileges, terms and conditions of contracts on the basis of equality per section 1981 of the Civil Rights Act of 1866.

(29)   In April 2003, Plaintiff's professional and contractual relationship was unfairly, unlawfully, and arbitrarily terminated by Defendants, Crawford Central School District and the Board for pretextural and non-meritorious and discriminatory reasons.

**Paragraphs 1 through 29 are hereby incorporated by reference as though fully set forth herein.**

## SEVENTH CLAIM FOR RELIEF

(30)   The Defendant, Crawford Central School District and the Board are organized and operated under the laws of the Commonwealth of Pennsylvania.  It is believed that the Defendants are funded by state and federal public monies.

(31)   The unlawful and discriminatory employment practices in which the Defendants have engaged and the abusive acts of authority that the Defendants have perpetrated on the Plaintiff were committed under the authority of state law and by and through their agents.

(32)   Through their agents, the Defendants violated Plaintiff's constitutional rights under Title 42 sections 1981, 1983 and the Fourteenth Amendment, and Title VII

(as amended by the 1991 Civil Rights Amendments), the American with Disabilities Act, and the Family Medical Leave Act.

(33)   The Defendants approved of, acquiesced in a longstanding custom, policy or tradition of denying Plaintiff and minorities equal employment opportunities and engaged in unlawful employment practices that exclude minority group members.

(34)   Because the constitutional wrongs and deprivations inflicted on the Plaintiff are continuing in nature the Plaintiff seeks injunctive relief since there is no adequate remedy at law to appropriately address her pain and suffering, irreparable loss, damages and injuries.

**Paragraphs 1 through 34 are hereby incorporated by reference in each of the following claims.**

## EIGHTH CLAIM FOR RELIEF

(35)   The Defendants, Crawford Central School District and the Board unlawfully discriminated against Plaintiff regarding the terms, and conditions of her employment because of her race and national origin, sex, and disabilities and, therefore, violated the Pennsylvania Human Relations Act.

## NINTH CLAIM FOR RELIEF

(36)   The employment discrimination practiced on the Plaintiff by the Defendants, Crawford Central School District and the Board and their agents damaged the Plaintiff economically, professionally, and inflicted severe emotional,

psychological distress as well as, humiliation, degredation, and pain and suffering recoverable as a tortious claim under relevant state law.

(VI)  **Relief Sought**

(1) Declare that the employment practices stated in the Complaint are unlawful and unconstitutional, and that they violate the Civil Rights Act of 1964, as amended, sections 1981 and 1983 of the Civil Rights Act of 1866, The Family Medical Leave Act, the American with Disabilities Act, and the Pennsylvania Human Relations Act.

(2) Order the Defendants to reinstate the Plaintiff in a tenured teaching position with the District suitable with her professional background.

(3) Order the Defendants to make Plaintiff whole by providing appropriate back pay together with payment for loss of pension, retirement and other benefits, including medical benefits.

(4) Order the Defendants Crawford Central School District and the Board to make Plaintiff whole by providing appropriate compensatory, consequential and punitive damages in a maximum amount allowable under applicable state and federal law.

(5) Grant Plaintiff reasonable costs, and attorney fees;

(6) Grant other relief as this Court deems just, appropriate, and proper.

13

Respectfully submitted,


Caleb L. Nichols

Caleb Nichols
Pa. Atty. No. (18773)
P.O. Box 1585
Erie, PA 16507
(814) 838-1877

July 25, 2005


P.O. Box 1585
Erie, PA  16507



Clerk of Court
United States District Court
Western District of Pennsylvania – Erie
17 South Park Row
Erie, PA  16501

Re:  <u>Claudette deLeon (v) Crawford Central School District et al (Civ. No. 1:05-cv-126)</u>

To the Clerk of Court:

In accordance with the Order issued by Judge Sean J. McLaughlin on July 6, 2005, Plaintiff hereby files a Brief in response to the Defendants' Motion To Dismiss as responsive pleading to Plaintiff's Complaint in the captioned matter.

Please make a copy of this Brief available to Judge McLaughlin.  Thank you for your cooperation.

Respectfully submitted,

Caleb L. Nichols
Caleb L. Nichols

Enc.

Cc:  Carl P. Beard, Esq.