IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Defendant | ) |
| | ) Document: |
| | ) MOTION TO DISMISS/OR |
| | ) IN THE ALTERNATIVE, |
| | ) MOTION FOR SUMMARY |
| | ) JUDGMENT TO DISMISS |
| | ) ASPECTS OF |
| | ) FIRST AMENDED |
| | ) COMPLAINT RELATIVE |
| | ) TO INDIVIDUAL |
| | ) LIABILITY CLAIMS AND |
| | ) FAILURE TO EXHAUST |
| | ) ADMINISTRATIVE REMEDIES |
| | ) |
| | ) Filed on behalf of |
| | ) Defendants by: |
| | ) **ANDREWS & BEARD** |
| | ) |
| | ) Roberta Binder Heath, Esquire |
| | ) Pa.Id. No. 50798 |
| | ) rbheath@andrewsbeard.com |
| | ) 3366 Lynnwood Drive |
| | ) Altoona, PA 16602 |
| | ) 814-940-8670 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT, | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT, | ) | |
| | ) | |
| Defendant | ) | |

## **ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure12(b)(6), or in the alternative, Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed on August 29, 2005 and any response thereto, it is hereby ORDERED, ADJUDICATED, AND DECREED, that this Motion is ***GRANTED*** in its entirety.

                                                                                             _____
                                                                                                                                          J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| Plaintiff, | ) |
| Vs. | ) (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT, CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| Defendants, | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| Defendant, | ) |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT, | ) |
| Defendant | ) |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56**

AND NOW, comes Defendants, Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent, and Charles E. Heller, III, Assistant Superintendent, by and through their counsel of record, Roberta Binder Heath, Esquire of ANDREWS & BEARD, and hereby move for the partial dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion for Partial Summary Judgment Pursuant to Rule 56, and in support thereof, aver as follows:

1.   The gravamen of Plaintiff's First Amended Complaint, a copy of which is attached as Exhibit "A", is that the School District Defendants unlawfully

dismissed Plaintiff due to her race, national origin, gender, documented disabilities, and denied her employment opportunities to which she was entitled under the law.

2. Not only does the Complaint name the School District and School Board, but also individual defendants Michael E. Dolecki, Superintendent, and Charles E. Heller, III, the Assistant Superintendent, who are School District employees (See caption of Exhibit A). However, pursuant to this Honorable Court's Order of August 9, 2005, the individual Defendants were dismissed concerning claims filed under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, and under 42 U.S.C.A. Sections 1981 and 1983, wherein the Plaintiff sued these individuals in their official capacity.

3. At the hearing on August 9, 2005, before the Honorable Sean J. McLaughlin, Plaintiff was granted until August 23, 2005 to re-file a Complaint and address a lack of specificity with regard to the Americans with Disabilities Claim, provide additional information showing that there had been an exhaustion of administrative remedies with the Pennsylvania Human Relations Commission ("PHRC") and/or the Equal Opportunity Commission ("EEOC") documenting Plaintiff's filing an administrative Complaint concerning her dismissal, and address issues of personal liability under the Pennsylvania Human Relations Act ("PHRA") and Sections 1981 and 1983. The Defendants were hereby ordered to either respond to the Complaint by way of an Answer and Affirmative Defenses, or by filing an additional Motion to Dismiss if Plaintiff failed to properly comport with this Court's Order.

4. Plaintiff has failed to properly comport with this Court's Order in all respects, and consequently, Defendants are filing this Motion to Dismiss certain aspects

3

of the First Amended Complaint concerning issues raised relative to individual liability under Sections 1981 and 1983, and also concerning any reference to an improper dismissal under either the PHRA or Title VII, as Plaintiff has failed to exhaust her administrative remedies.

     5.     On August 9, 2005, this Honorable Court directed the Plaintiff to provide the Defendants with any information concerning an amended PHRC Complaint concerning the dismissal of the Plaintiff by <u>August 19, 2005</u>.  Not only did the Plaintiff fail to comply with her portion of the Court's Order, but also relative to the filing of the First Amended Complaint on August 23, 2005, Plaintiff failed to attach any documentation showing that, in fact, the PHRC Complaint had been properly amended to incorporate the termination.  Consequently, Defendants' only documentation is an amended PHRC Complaint concerning a suspension.  This suspension Complaint has the same case number as appears on Plaintiff's attached letters from the two administrative agencies relative to Plaintiff's Notice of Rights.   The Plaintiff's PHRC Complaint relative to her suspension and the Defendants' response are attached hereto and marked respectively as Exhibits "B" and "C".  The EEOC Case No.  is 17FA361991 and the PHRC Docket No. references that same number and is Case No. 2002-04-267.  After a review of the Docket Number of Plaintiff's Complaint filed with the PHRC, it is evident that this is the same Complaint which has never been amended.  Certainly, Defendants were <u>never</u> served with an Amended Complaint referencing the termination.  Plaintiff has provided no information to the contrary**.**  (See Exhibits "A" and "B" to Plaintiff's First Amended Complaint and compare with Defendants' Exhibits "B" and "C" attached to this Motion.)

A. **MOTION TO DISMISS PLAINTIFF'S COMPLAINT RELATIVE TO ANY REFERENCES CONCERNING TERMINATION DUE TO FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES**

6.  The First Amended Complaint, *inter alia*, alleges that the Plaintiff was unlawfully dismissed for the reasons outlined in her Complaint. However, as stated above, she has failed to comply with the statutory requirements pursuant to Title VII and the Pennsylvania Human Relations Act that mandate the exhaustion of administrative remedies prior to filing in State or Federal Court.

7.  Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(3) et seq., a complaint of discrimination must be filed within 300 days of the alleged discriminatory act. 42 U.S.C. §2000(E-5)(e)(1). A Plaintiff is required to file a timely charge with the EEOC before initiating suit in Court. Love v. Pullman, 404 U.S. 522, 523 (1972).

8.  According to the PHRA, in order to timely file a charge of discrimination, an administrative complaint concerning the particular discriminatory act must be filed within 180 days. 43 P.S. Section 959(g).

9.  Plaintiff has failed to comport with the requirements outlined above. Consequently, she is foreclosed from referencing her termination under the causes of action brought pursuant to Title VII or the PHRA because she failed to exhaust her administrative remedies.

10. Under National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), no continuing violation theory exists for pure discrimination claims under Title VII. This termination would be considered a discrete act of discrimination. Thus, from the date of the termination, the statute began to run. At Paragraph 15 of the First

5

Amended Complaint, Plaintiff alleges she was wrongfully terminated in April 2003. The PHRC Complaint in question was filed the preceding month, March 2003, and was never amended. (See Exhibit "B").

11. On August 25, 2003, after the Court-imposed deadline of providing information pertinent to Plaintiff's purported PHRC Complaint to include dismissal, Plaintiff forwarded Defendant several documents as follows:

a) Three (3) letters from the Pennsylvania State Education Association relative to Plaintiff's union grievance and arbitration. None of the three (3) letters is pertinent to whether Plaintiff properly amended her PHRC Complaint to include termination. (The three (3) letters dated February 3, 2005, February 9, 2005, and February 23, 2005 are attached hereto collectively as Exhibit "D");

b) A January 31, 2005 letter from the PHRC to Ms. DeLeon relative to informal settlement negotiations. Although reinstatement is referenced, no amended Complaint exists which includes dismissal; (A true and correct copy of said correspondence is attached hereto as Exhibit "E");

c) A "statement" from Robert Flipping dated August 18, 2005, the PHRC investigating officer, noting that settlement discussions occurred relative to reinstatement. However, by omission of any reference to an Amended Complaint being duly filed and served, Mr. Flipping tacitly admits that no such document exists. (A true and correct copy is attached hererto as Exhibit "F").

Consequently, the fact remains that Plaintiff ailed to timely file an amended administrative complaint, and as such, has failed to exhaust her administrative remedies pertaining to the dismissal.

6

12. Accordingly, not only has Plaintiff failed to exhaust her administrative remedies, but also has failed to file an action with an administrative agency concerning her termination within the statutory time frame. Thus, any reference to discrimination relative to her termination is improper.

    **B.** **MOTION TO DISMISS THE INDIVIDUAL DEFENDANTS FOR FAILURE TO PLEAD A CAUSE OF ACTION SUFFICIENT TO SUSTAIN A CLAIM AGAINST THE DEFENDANTS IN THEIR INDIVIDUAL CAPACITY UNDER SECTION 1983 AND SECTION 1981.**

13. Plaintiff has now indicated in the First Amended Complaint that she is suing the individual Defendants in their personal capacity under 42 U.S.C.A. Sections 1981 and 1983 and the PHRA.

14. Although, Defendants deny liability under PHRA, Plaintiff has set forth the threshold pleading necessary under Section 955(e) of the PHRA, as discussed in Dici v. Commonwealth of PA, 91 F.3d 542 (3rd. Cir. 1993). (See First Amended Complaint at ¶ 42). However, Plaintiff fails to reach the benchmark for pleading individual liability under Sections 1981 and 1983.

15. Personal involvement is essential in a cure rights action and thus allegations under Sections 1981 and 1983 must include those of personal direction or of actual knowledge and acquiescence and must be made with appropriate particularity. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988).

16. Here, Plaintiff has not pled the individual Defendants' personal involvement with the requisite amount of particularity. Plaintiff merely makes broad generalizations about the involvement of the individual defendants and does not meet

7

the standard for pleading with particularity by simply stating that individual Defendants "perpetrated unlawful employment practices and actions" and not only "refused to stop discriminatory employment actions against Plaintiff, but participated in the wrongdoings." (See Exhibit "A", ¶¶ 34, 40, 42).

WHEREFORE, Defendants request this Honorable Court to dismiss and/or strike the indicated claims in the Plaintiff's Complaint and move for the adoption and entry of the Proposed Order.

Respectfully submitted,

**ANDREWS & BEARD**

/s/Roberta Binder Heath
Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603

Phone: 814-940-8670
Fax: 814-943-0856

Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that the foregoing Motion to Dismiss Amended Complaint has been served as follows on this the 29th day of August 2005.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

<u>/s/Roberta Binder Heath</u>
Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
Altoona, PA 16602

Phone 814-940-8670
Fax: 814-943-0856

Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

9