# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON                              )
                                               )
                    Plaintiff                  )
                                               )
        vs.        )
                                               )
                                               )
CRAWFORD CENTRAL SCHOOL DISTRICT               )
CRAWFORD CENTRAL SCHOOL BOARD                  )
                                               )        Judge Sean J. McLaughlin
                    Defendants,                )
                                               )
                                               )
MICHAEL E DOLECKI, SUPERINTENDENT              )
    (Suable and Liable in Personal Capacity)   )
                    Defendant                   )
                                               )
CHARLES E. HELLER, III, ASSISTANT              )
SUPERINTENDENT                                  )
    (Suable and Liable Personal Capacity)      )
                    Defendant                   )


## FIRST AMENDED COMPLAINT




Caleb Nichols
Attorney for Plaintiff
8/22/05

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON                )
                                 )
                    Plaintiff    )
                                 )
    vs.                          )
                                 )
                                 )
CRAWFORD CENTRAL SCHOOL DISTRICT )
CRAWFORD CENTRAL SCHOOL BOARD    )
                                 )    Judge Sean J. McLaughlin
                    Defendants,  )
                                 )
                                 )
MICHAEL E DOLECKI, SUPERINTENDENT )
(Suable and Liable in Personal Capacity) )
                    Defendant    )
                                 )
CHARLES E. HELLER, III, ASSISTANT )
SUPERINTENDENT                   )
(Suable and Liable Personal Capacity) )
                    Defendant    )

## FIRST AMENDED COMPLAINT

### I.    Preliminary Statement

(1) Claudette de Leon brings this action as a result of being wrongfully fired from her

position as a tenured foreign language teacher (Spanish) at the Meadville Senior

High School which is a part of the Defendant, Crawford Central School District.

The Plaintiff was unlawfully dismissed by the Defendant due to her race

(Hispanic), and her national origin (Mexican), and her gender, and documented

1

disabilities and denied employment opportunities to which she was entitled

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A.,

section 2000e, et seq. and section 1981 of the Civil Rights Act of 1866, as

amended, 42 U.S.C.A. section 1981, and the American with Disabilities Act, 42

U.S.C. } 12102 (as amended by the Civil Rights Act of 1991, 42 U.S.C.) 12101

et seq.).

(2) Plaintiff seeks relief also under relevant state law including the Pennsylvania

Human Relations Act, 43 P.S. Section 951 et seq.

## II.     **Jurisdiction**

(3) The Court is vested with jurisdiction over the matter contained in this Complaint

by virtue of 28 US.C.A. sections 1331, 1337 and 1343 (4) in that this action arises

under the laws of the United States, specifically Title VII of the Civil Rights Act

of 1964, as amended, and section 1981 of the Civil Rights Act of 1866, as

amended, 42 U.S.C.A. sections 1981 and 1983, the American with Disabilities

Act. This Court also has supplemental jurisdiction over all related claims by

virtue of 28 U.S.C.A. section 1367 and state law claims by virtue of pendent

jurisdiction.

## III.    **Parties**

(4) The Plaintiff, Claudette de Leon, graduated from Edinboro University of

Pennsylvania and holds a Bachelor's Degree and a Master's Equivalency received

in May 1999. In May 2004, she graduated from Mercyhurst College with a

Master of Science Degree in Bilingual and Special Education.

After she was wrongfully fired from her teaching position in April 2003, Plaintiff

filed with the Pennsylvania Human Relations Commission (dual filing with the

United States Equal Employment Commission), a Complaint against Crawford

Central School District. On July 2, 2004, Plaintiff received a Right-To-Sue Letter

from the Pennsylvania Human Relations Commission, which stated that the

Commission had not completed processing the Complaint. A copy of the Right-

To-Sue Letter is enclosed, identified as Exhibit "A", and incorporated herein by

reference. Plaintiff also received a Right-To-Sue Letter from the United States

Department of Justice dated April 17, 2005, a copy of which is attached as Exhibit

"B" and incorporated herein.

(5) The Defendants, Crawford Central School District and the Crawford Central

School Board, consist of a Board of nine members, elected at-large, who govern

the District, and implements Board policy and state regulations through its

principal administrators, the Superintendent of Schools, the Assistant

Superintendent of Schools, and other professional and supervisory staff. The

Board is the Supervisor of the Crawford Central School District. The Defendants'

principal address is at 11280 Mercer Pike, Meadville, Pennsylvania 16335-9504.

(6) In implementing Board policy and state regulations, the Superintendent of

Schools functions as the Chief Administrative Officer and is hired by the Board.

## IV.    Statement of Facts

(7) The Plaintiff began employment with the Defendant School District in September

1989 at the Cochranton High School as a Spanish teacher. In January 1991, she

3

transferred to the Meadville Area Senior High School where she acquired tenure in 1993 as a professional employee.

(8) From 1989 through 1993, the Plaintiff received satisfactory performance ratings. However, the school administration rated her unsatisfactory for the 1993/94 school year. Plaintiff filed a grievance, which was sustained by an arbitrator on January 11, 1995. The unsatisfactory rating was removed and changed to a satisfactory rating. For the 1993/94 school year, the Plaintiff received a satisfactory rating.

(9) The Plaintiff was again rated unsatisfactory for the 1995/96 school year. On this occasion, the arbitrator also sustained her grievance and found the rating of unsatisfactory invalid, and ordered that all prejudicial data be removed from her personnel file.

(10) Plaintiff has a long history of depression and anxiety having had two previous psychiatric hospitalizations a St. Vincent Health Center. In 2001, her physician stated that she has classic panic attacks, gets anxious, experiences shortness of breath. During 2003 and 2004, her condition was diagnosed as severe, recurrent depression and panic disorder. From October 1997 to September 1999, Plaintiff was on medical sabbatical undergoing treatment for this chronic medical condition. In 1998, her condition was diagnosed as major depression with Psychotic features, and Post-Traumatic Stress Disorder at the St. Vincent Health Center, Erie, PA.

(11) Plaintiff received a satisfactory performance rating for 1999/2000 school year and another for the 2000/2001 school year.

4

(12) In the 2001/2002 school year, the administration again rated Plaintiff

unsatisfactory and, again, an arbitrator found in Plaintiff's favor, finding that the

unsatisfactory performance rating was invalid and that her medical condition

did not justify the negative evaluation that she received for the 2001/2002 school

year. On February 9, 2005, the Court of Common Pleas of Crawford County,

Pennsylvania sustained the arbitrator's award on appeal that was rendered in favor

of the Plaintiff.

(13) On April 11, 2003, the Plaintiff, again received an unsatisfactory performance

regarding the unsatisfactory rating that Plaintiff received for the 2000/2003 school

year. The arbitrator denied the Plaintiff's grievances including that which related

to the unsatisfactory rating, however, he left the issue regarding Plaintiff's

termination unresolved, pending receipt of the recent ruling handed down by the

Court of Common Pleas of Crawford County in February 2005.

(14) During her tenure with the School District, the Plaintiff has been suspended on

October 15, 1997, three and one half (3 ½) days; and suspended on March 18,

2002 until May 24, 2002 because of the three(3) medical excuses that she had

provided the school administrators; and on November 20, 2002, suspended three

(3) days without pay; on March 18, 2003, suspended five (5) days without pay.

(15) In April 2003, Plaintiff was wrongfully fired by the Defendant School District and

the Board.

(16) In October 1983, the Defendant Crawford Central School District was

successfully sued for sexual and racial discrimination involving the employment

of its administrative and managerial staff.

5

(17) It is reported that as of May 2004 that the Crawford Central School District services more than 4300 students, at least 300 of whom are minorities, but there are few, if any, teachers, counselors or administrators of color. During the past ten (10) years the School District has employed approximately two (2) or three (3) minority teachers, and not more than five (5) during the past twenty-five (25) years.

(18) From 1995 to 1999, a member of the Defendant Board brought to the attention of members of the Board on at least thirty (30) occasions the persistent discrimination problems in failing or refusing to hire minority teaching staff.

(19) The collective bargaining agreement does not waive the Plaintiff's rights to access this Court to adjudicate Plaintiff's federal employment discrimination claims.

## V.    Causes of Action

Paragraphs 1 through 19 are incorporated in each of the following causes of action as though fully set forth.

### FIRST CLAIM FOR RELIEF

(20) The named Defendants wrongfully and unlawfully abused, harassed, suspended, fired, and discriminated against the Plaintiff through their agents during her tenure as a teacher in the Crawford Central School District because of her race, national origin, sex and documented disabilities in violation of Title VII of the Civil Rights Act of 1964, (as amended, by the Civil Rights Act of 1991).

6

(21) The Defendants, Crawford Central School District and the Board, unlawfully
discriminated against the Plaintiff in that she was treated less favorably or more
harshly than her professional teaching cohort and teaching staff, more specifically
stated:

    (a) Plaintiff's Spanish IV and V classes and permanent classroom were unfairly
assigned to a non-minority teacher having less seniority and Plaintiff was
reduced to having to perform as a "traveling teacher", moving to and from
seven different classrooms and study hall.

    (b) Plaintiff was denied the right to have a union representative at a parent-
teacher conference on or about March 1996, although she requested it.
The District refused to attend a scheduled hearing on the charges. As a
result of filing charges of denial of union representation, the administration
unjustifiably imposed on the Plaintiff several tardies of dubious validity.

    (c) On or about April 1996, Plaintiff was publicly humiliated, abused,
belittled, and disrespected in the presence of a colleague by the management
and administration of the Meadville Area Senior High School. The
administration of the school sought to muzzle and forbade plaintiff from
conversing with her professional colleagues in the workplace.

    (d) By ruling on August 9, 2005, the Court determined that Messrs. Dolecki and
Heller are not personally suable or liable on the First Claim.

**Paagraphs 1 through 21 are incorporated in the following causes of action.**

7

## SECOND CLAIM FOR RELIEF

(e) The Defendants unlawfully retaliated against Plaintiff through their agents

because she participated in Pennsylvania Human Relations Commission

proceedings and was successful in obtaining from an arbitrator a reversal of

three negative performance evaluations given to her by the school

administration. Plaintiff filed her first Complaint with the Pennsylvania

Human Relations Commission in March 1994 and received her first negative

performance evaluation in June 1994. She filed a second complaint with the

Commission in March 1996 and received a second negative evaluation in

June 1996, which was overturned in August 1997. Then written reprimands

followed on October 1, 3, 7, and 10, 1997. On October 15, 1997, and March

18, 2002, Plaintiff was suspended for more than two (2) months, and again

suspended on November 15, 2002 for three (3) days without pay, and again

suspended for 10 days (five days without pay) on March 6, 2003).

(d) Plaintiff was inequitably and unfairly evaluated as evidenced, by the

invalidation by the arbitrator of three (3) performance ratings rendered by the

school administrator.

(e) Although a tenured teacher, plaintiff was more stringently micro-managed,

scrutinized and subjected to a Professional Improvement Action Plan and

sanctioned for tardiness more frequently than her co-workers.

(f) Plaintiff was wrongfully fired in April 2003 and not paid per the collective

bargaining agreement for 185 days but rather for only 160 days.

8

(g) By ruling of August 2005, the Court determined that Messrs. Dolecki and

Heller are not personally suable and liable under the Second Claim.

**Paragraphs 1 through 21 are incorporated in the following causes of action.**

**THIRD CLAIM FOR RELIEF**

(22) The Defendants through the administration of the Meadville Senior High School

acting as agents of the School District and the Board created and maintained a

hostile working environment due to Plaintiff's gender, race, national origin and

disabilities, specifically in the following manner:

(a) Plaintiff was subjected to a double standard in regards to her performance
evaluation.

(b) The administration sought to undermine her authority to properly manage
the classroom and discipline students.

(c) Students were allowed to disrespect, verbally assault Plaintiff with
impunity.

(d) Upon return from medical sabbatical leave in 1999/2000 school year,
Plaintiff was reduced to a position inferior to the teaching position that she
held prior to taking the medical sabbatical leave.

(e) The Plaintiff suffered intentional discrimination due to her gender. The
discrimination was pervasive and regular as documented by her medical
record. The discrimination detrimentally affected the Plaintiff. The
discrimination would have detrimentally affected a reasonable person.

9

The named defendants are responsible for creating and maintaining the hostile working environment that cause damage to the Plaintiff.

(f)     For the school year 2001/2002, the Defendants unjustifiably and unlawfully sought to use the Plaintiff's medical condition as a basis to

terminate her professional employment.

(g)     On March 18, 2002, the school administration as agents of the Defendants, again subjected Plaintiff to the requirement of a medical examination and unlawfully requested her resignation as a teacher in connection with a proposed paid leave for the remainder of the school year of 2001/2002.

(h)     Plaintiff was fired and replaced by a younger white male, an act of sexual discrimination.

(i)     By ruling on August 9, 2005, the Court determined that Messrs. Dolecki and Heller are not personally suable and liable under the Third Claim.

**Paragraphs 1 through 22 are incorporated in the following causes of action.**

## FOURTH CLAIM FOR RELIEF

(23)   The Defendants violated the American With Disabilities Act (ADA) when they fired her from her teaching position in April 2003 and have since evaded the legal obligations owed to her by virtue of the ADA.

(24)   Since 1997, if not before, Plaintiff, has been diagnosed and documented as having a medical condition characterized as severe recurrent depression with psychotic features, high levels of anxiety, post-traumatic stress due to working conditions.

10

(25) Plaintiff can perform the essential functions of her teaching position, with or without reasonable accommodation. Therefore, Plaintiff is a qualified individual with a disability recognized within the meaning of the ADA.

(26) Because the Plaintiff has a record of mental, emotional and psychological impairment that substantially limits her major life activities, and has been so regarded as having such impairment by the Defendants, she was discriminated against by the Defendant through its employees and agents, with respect to professional advancement as a teacher, termination of her professional employment, and all benefits, in April 2003, and denied the attendant privileges of employment, constitutionally assured, on the basis of equality.

(27) The Defendants violated the ADA when they suspended Plaintiff on March 18, 2002 for more than two (2) months, and requested her resignation on the basis of a medical excuse, and refused or failed to provide Plaintiff with reasonable accommodation while she was under documented medical care which Defendants knew of or should have had knowledge.

(28) Plaintiff was unlawfully terminated from her employment because of a ADA documented disability that she received treatment and care for, psychotherapy.

(29) Upon return from medical sabbatical leave in 1999/2000 school year, Plaintiff was denied reasonable accommodation, reduced to a "traveling teacher", moving to and from seven different classrooms and study hall, stripped of her professional privileges of a permanent classroom and to teach higher level Spanish classes, and subjected to a continuing hostile work environment during school year 2001, 2002, and 2003.

11

(30) In 2002, the Defendants unjustifiably sought to use the Plaintiff's medical condition as a basis to terminate her professional employment with the School District.

(31) The Defendants retaliated against Plaintiff in violation of the ADA because she was successful in securing an Arbitration Awards, which invalidated three (3) negative annual performance ratings rendered by agents and employees of the School District and School Board.

(32) By ruling on August 9, 2005, the Court determined that Messrs. Dolecki and Heller are not personally suable and liable under the Fourth Claim.

**Paragraphs 1 through 32 are incorporated in each of the following causes of action as fully set forth.**

## FIFTH CLAIM FOR RELIEF

(33) The Defendants violated Plaintiff's legal, and Constitutional rights to enjoy the benefits, privileges, terms and conditions of contracting on the basis of equality per section 1981 of the Civil Rights Act of 1866.

(34) In April 2003, Plaintiff's professional and contractual relationship was unfairly, unlawfully, and arbitrarily terminated by Defendants, Crawford Central School District and the Board including Michael Dolecki and Charles Heller III for pretextural and non-meritorious and discriminatory reasons.

(35) For purposes of the Fifth Claim, Messrs. Dolecki and Heller are suable and possibly liable in their personal capacity; however, not suable or liable in their official capacity.

12

Paragraphs 1 through 35 are hereby incorporated by reference as though fully set forth herein.

## SIXTH CLAIM FOR RELIEF

(36) The Defendant, Crawford Central School District and the Board are organized and
operated under the laws of the Commonwealth of Pennsylvania. It is believed
that the Defendants are funded by state and federal public monies.

(37) The unlawful and discriminatory employment practices in which the Defendants
have engaged and the abusive acts of authority that the Defendants have
perpetrated on the Plaintiff were committed under the authority of state law and
by and through their agents.

(38) Through their agents, the Defendants violated Plaintiff's constitutional rights
under Title 42 sections 1981, 1983 and the Fourteenth Amendment. The
Defendants approved of, acquiesced in a longstanding custom, policy or tradition
of denying Plaintiff and minorities equal employment opportunities and engaged
in unlawful employment practices that exclude minority group members.

(39) Because the constitutional wrongs and deprivations inflicted on the Plaintiff are
continuing in nature the Plaintiff seeks injunctive relief since there is no adequate
remedy at law to appropriately redress her pain and suffering, irreparable loss,
damages and injuries.

(40) Michael Dolecki and Charles Heller, III acted in their personal capacities in
perpetrating unlawful employment practices and actions against Plaintiff as
outlined in the Sixth Claim.

Paragraphs 1 through 40 are hereby incorporated by reference in each of the following claims.

## SEVENTH CLAIM FOR RELIEF

(41)   The Defendants, Crawford Central School District and the Board unlawfully discriminated against Plaintiff regarding the terms, and conditions of her employment because of her race and national origin, sex, and disabilities and, therefore, violated the Pennsylvania Human Relations Act.

(42)   Michael Dolecki and Charles Heller acted in their personal capacities in aiding and abetting discrimination against the Plaintiff in violation of state anti-discrimination laws. Although they knew or should have known that Plaintiff was being discriminated against in her efforts to obtain a teaching position with the School District, they not only refused to stop discriminatory employment actions against Plaintiff, but participated in the wrongdoings.

## EIGHTH CLAIM FOR RELIEF

(43)   The employment discrimination practiced on the Plaintiff by the Defendants, Crawford Central School District and its employees the Board and their agents damaged the Plaintiff economically, professionally, and inflicted severe emotional, psychological distress as well as, humiliation, degredation, and pain and suffering recoverable as a tortious claim under relevant state law.

14

**Relief Sought**

(1) Declare that the employment practices stated in the Complaint are unlawful and
unconstitutional, and that they violate the Civil Rights Act of 1964, as amended,
sections 1981 and 1983 of the Civil Rights Act of 1866, the American with
Disabilities Act, and the Pennsylvania Human Relations Act.

(2) Order the Defendants to reinstate the Plaintiff in a tenured teaching position with the
School District suitable with her professional background.

(3) Order the Defendants to make Plaintiff whole by providing appropriate back pay
together with payment for loss of pension, retirement and other benefits, including
medical benefits.

(4) Order the Defendants Crawford Central School District and the Board to make
Plaintiff whole by providing appropriate compensatory, consequential and punitive
damages in a maximum amount allowable under applicable state and federal law.

(5) Grant Plaintiff reasonable costs, and attorney fees;

(6) Grant other relief as this Court deems just, appropriate, and proper.

(7) Determine that Michael Dolecki, Superintendent and Charles Heller, III, Assistant
Superintendent acted in their personal capacities in discriminating against Plaintiff as
outlined in the Fifth Sixth and Seventh Claims For Relief and assess appropriate
punitive damages against them, individually.

Respectfully submitted,

Caleb L. Nichols

Caleb Nichols
Pa. Atty. No. (18773)
P.O. Box 1585
Erie, PA 16507
(814) 838-1877

## **EXHIBIT A**

Chairperson
STEPHEN A. GLASSMAN
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
SYLVIA A. WATERS
Executive Director
HOMER C. FLOYD

COMMISSIONERS
DAVID A. ALEXANDER
M. JOEL BOLSTEIN
THEOTIS W. BRADDY
TIMOTHY CUEVAS
REV. DR. JAMES EARL GARMON, SR.
TONI M. GILHOOLEY
J. WHYATT MONDESIRE
DANIEL D. YUN

COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TT)

www.phrc.state.pa.us



July 2, 2004

Claudette De Leon
11983 Eureka Road
Edinboro, PA 16412

RE:    Claudette De Leon v Crawford Central School District
       Case No. 200204267
       EEOC No. 17FA361991

Dear Claudette de Leon:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

       Elisabeth S. Shuster, Chief Counsel – Pennsylvania Human Relations Commission
       301 Chestnut Street – Suite 300  P.O. Box 3145
       Harrisburg, PA 17105-3145

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very truly yours,

Peggy J. Raynock
Director of Compliance
PJR: cmw
cc: John Paul Jones, PSEA

1 Yr Letter



RECEIVED
JUL - 6 2004

## EXHIBIT B



CERTIFIED MAIL
5061 0630

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

April 7, 2005

Ms. Claudette G. de Leon
c/o Caleb Nichols, Esquire
Attorney at Law
P.O. Box 1585
Erie, PA 16507-0585

Re:  EEOC Charge Against Crawford Central School Dist.
     No. 17F200361991

Dear Ms. de Leon:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action against the above-named respondent under:
     Title I of the Americans with Disabilities Act of 1990,
     42 U.S.C. 12111, et seq., and,
     Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil/Rights Division

by

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     Crawford Central School Dist.

# COMMONWEALTH OF PENNSYLVANIA

## GOVERNOR'S OFFICE

## PENNSYLVANIA HUMAN RELATIONS COMMISSION

Claudette de Leon,
Complainant

     v.

: PHRC Case No. 200204267

: EEOC No. 17FA361991

Crawford Central School District,
Respondent

### AMENDED
### COMPLAINT

### JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§951-963.

### PARTIES

2. The Complainant herein is:

   Claudette de Leon
   11983 Eureka Road
   Edinboro, PA  16412

3. The Respondent herein is:

   Crawford Central School District
   11280 Mercer Pike
   Meadville, PA  16335-9504



Exhibit B

## UNDERLYING FACTS

4.   I began my employment with the Respondent in September, 1989, and
     currently work for them as a Spanish Teacher.

### Count 1

**Harassment (different treatment)**                **Retaliation - Discrimination**

5.   Paragraphs 1 through 4 are incorporated herein by reference as though set
     forth in full.

6.   I filed three discrimination complaints with the PHRC against the
     Respondent of which two were in about 1997, PHRC Docket Nos.
     E74378D and E77717D, and one was in September of 2002, Case No.
     200202691.

7.   The persons who harmed me, Respondent School Administrators, knew of
     my complaints because they were in the position to access that information
     from my file and/or from Respondent Staff.

8.   On an ongoing basis prior to and on June 7, 2002 and continuing through
     the present, the Respondent has harassed me by but not limited to:

     a.  issuing only me a written warning on June 7, 2002 for tardiness when I
         entered school with Debbie Lemansky;
     b.  issuing only me a written warning on September 20, 2002 for tardiness
         when I was delayed by Meg Daniels;
     c.  documenting my arrival times daily;
     d.  Mr. Higgins accusing only me of picking on certain students when my
         long term substitute teacher, Ms. Lynn, also cited the same students for
         misconduct;
     e.  Principal George Deshner requiring me to turn in typed lesson plans
         every Friday during the 2002-2003 school year whereas other teachers
         submitted lesson plans less frequently and incomplete;
     f.  testing my Spanish class for proficiency without my knowledge in
         October, 2002;
     g.  observing my classes more frequently than other teachers and criticizing

2

me for practices that other teachers allow or engage in without being
criticized as recently as January 9, 2003; and

h.  issuing a student who assaulted me on January 16, 2003 a suspension
rather than expulsion and returning her to my class rather than
transferring her to another teacher.

9.  I believe the Respondent's actions were retaliatory because other similarly
situated teachers who had not filed discrimination complaints against the
Respondent have not been subjected to these terms of employment.

Case 1:05-cv-00126-SJM   Document 35-2   Filed 02/09/2005   Page 24 of 3

10.  Based upon the foregoing, I allege that the respondent violated Section 5(d)
of the Pennsylvania Human Relations Act 43 P.S. 951-963.

11.  The Complainant prays that the respondent be required to provide all
appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

## Count 2

**Harassment (different treatment)**                **Ancestry - Discrimination**

12.  Paragraphs 1 through 11 are incorporated herein by reference as though set
forth in full.

13.  My protected class is my Ancestry, Hispanic.

14.  The Respondent has not disciplined Non-Hispanic employees for tardiness
such as but not limited to Debbie Lemansky on June 7, 2002, Meg Daniels
on September 20, 2002, and Mrs. Ferguson for almost daily tardiness to
study hall duty throughout 2002-2003 school year.  The Respondent has not
documented the arrival times daily of Non-Hispanic Teachers Mehok,
Froelick and Morfewski. The Respondent has not criticized Non-Hispanic
teacher, Ms. Lynn, for disciplining students while she acted as my
substitute teacher. The Respondent has not reprimanded Non-Hispanic
Teacher, Cindy Rabba, for permitting students to leave class early. The
Respondent has not placed the same requirements on other Non-Hispanic
Teachers regarding their lesson plans. The Respondent does not conduct
proficiency tests in the classes of Non-Hispanic Teachers without their
knowledge. The Respondent does not observe other Non-Hispanic
Teachers as frequently and as critically.

3

15. The harassment was pervasive and regular because it involved every aspect of my position; it required more reporting; it occurred frequently; and it undermined my effectiveness in managing my classroom.

16. I was detrimentally affected because it made me feel victimized and increased my anxiety and stress for which I had been medically treated in the past.

17. The Respondent Administrators who harassed me included but were not limited to John Higgins, George Deshner, and Charles Heller.

18. Based upon the foregoing, I allege that the respondent violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

19. The Complainant prays that the respondent be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

## Count 3

**Discipline (suspension w/o pay 3day)**          **Retaliation - Discrimination**

20. Paragraphs 1 through 19 are incorporated herein by reference as though set forth in full.

21. I filed three cases with the PHRC of which two were in about 1997, PHRC Docket Nos. E-71573 and E-77717D, and one was in September of 2002, PHRC Case No. 200202691.

22. The persons who harmed me, Principal George Deshner, Assistant Superintendent Charles Heller, and Superintendent Michael Dolecki, knew of my filings because they were in a position to access that information from my file and/or from Respondent Staff.

23. On November 20, 2002, Respondent Superintendent, Michael Dolecki, suspended me without pay for three days for persistent negligence in performing duties; willful neglect of duties; and persistent and willful violation of or failure to comply with the school laws of the Commonwealth; and failure to follow official directives from the administration.

4

24.  I believe the Respondent's actions were retaliatory because my most recent case had been served on Superintendent Dolecki in about October, 2002; my conduct did not warrant the charges brought; the disciplinary action was recommended by the same administrators that were harassing me; and the Respondent did not discipline teachers, Nina Girganelli and Luanne Masychak, for calling the homes of students.

25.  Based upon the foregoing, I allege that the respondent violated Section 5(d) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

Case 1:05-cv-00176-SJM   Document 43   Filed 08/29/2005   Page 26 of 39

26.  The Complainant prays that the respondent be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

### Count 4

**Suspension**                                    **Ancestry - Discrimination**

27.  Paragraphs 1 through 26 are incorporated herein by reference as though set forth in full.

28.  My protected class is Ancestry, Hispanic.

29.  I was qualified for employment as a Teacher because I had demonstrated knowledge of my subject matter and of teaching techniques.

30.  The Respondent did not suspend Non-Hispanic Teachers, Nina Girganelli and Luanne Masychak, when they called the homes of students.

31.  I believe the Respondent's actions were due to my Ancestry because the Respondent has been treating me differently than the Non-Hispanic employees for years.

32.  Based upon the foregoing, I allege that the respondent violated Section Relations 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

33.  The Complainant prays that the respondent be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

5

## RELATED COMPLAINTS BASED ON THESE ALLEGATIONS

34.  Claudette de Leon filed the following three cases with the PHRC against the Respondent regarding her employment: Docket No. E71573D under the name Claudette Mitchell, Docket No. E77717D under the name Claudette de Leon-McCracken, and Case No. 200202691 in September, 2002.

Case 1:05-cv-00126-SJM   Document 16-2   Filed 08/29/2005   Page 27 of 3

**DUAL FILING**

35.  This charge has been filed with the U.S. Equal Employment Opportunity Commission.

6

# VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4904, relating to unsworn falsification to authorities.

03-18-03 SJM                    Claudette de Leon

(Date Signed)                              Claudette de Leon

Case 1:05-cv-00126-SJM    Document 16-2    Filed 08/29/2006    Page 28 of 3

# COMMONWEALTH OF PENNSYLVANIA

## GOVERNOR'S OFFICE

## PENNSYLVANIA HUMAN RELATIONS COMMISSION

Claudette de Leon,
Complainant

v.                                                    : PHRC Case No. 200204267

                                                      : EEOC No. 17FA361991

Crawford Central School District,
Respondent

## COMPLAINT

## JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S.
   §§951-963.

## PARTIES

2. The Complainant herein is:

   Claudette de Leon
   11983 Eureka Road
   Edinboro, PA 16412

3. The Respondent herein is:

   Crawford Central School District
   11280 Mercer Pike
   Meadville, PA 16335-9504

PA Human Relations Commission Use Only

```
Docket No. ___200204261___
EEOC No. ___17FA361991___
Social Security No. ___|___
```

PHRC can investigate complaints of discrimination based upon race, color, religion, ancestry, age (40 and above), sex, national origin, non-job related handicap or disability, known association with a handicapped or disabled individual, possession of a diploma based on passing a general education development test, or willingness or refusal to participate in abortion or sterilization.

# IN-14 FORM    RETALIATION QUESTIONNAIRE
### Questionnaire on the incident you are complaining about.

Rev. 03/99

To avoid rewriting your answers, please read this short questionnaire from beginning to end before filling out your answers to individual questions. Please answer every applicable question as fully as possible, and to the best of your present knowledge, information and belief. If you are unsure of your answer, please say so. It is your responsibility to notify this Agency of a change of address or times of unavailability. Failure to notify this Agency may result in dismissal of the matter.

Name __Claudette de Leon__

Address __11983 Eureka Rd__

City __Edinboro__  State __PA__  ZIP Code __16412__

County __Erie__  Telephone No. H (814) 234-2587 W (814) 336-112/ ext 286
Cell 882-4353

May we call you at work?  Yes __✓__  No _____

Caution:    Failure to correctly identify the name of the legal entity you are complaining about will hinder the processing of your complaint. Bring pay stubs, W-2 forms, contracts, etc. to aid in verification of the name and address.

Name of Organization your complaint is against:

Name __Crawford Central School District__

Address __930 North St / 11280 Mercer Pike S__ High School

City __Meadville__  State __PA__  ZIP Code __16335__

Type of Business __Education__

County __Crawford__  Telephone No. __814-724-3960.__

Number of employees who work at the organization named above. Please check one

Less than 4 _____  15 to 100 _____  201 to 500 _____  Unknown _____

4 to 14 _____  101 to 200 _____  501 plus __?  I think__

## IN-14 FORM                    Retaliation Questionnaire          (page 2)

Name and address of person who will know how to contact you and who does not reside in your home.

Name ___John + Sally Stanford___

Address ___487 Jackson Park Drive___

City ___Meadville.___     State ___PA___  ZIP Code ___16335___

In this Questionnaire, you will see the word "class" mentioned. Class means the person's race, sex, age, ancestry, religion and so on. Depending on the issues in the complaint, you may belong to two or more classes. For example, a Black female could belong to two classes: race/Black and sex/female. A White male could belong to race/White and sex/male. All persons named in the complaint or questionnaire should be identified by their class as follows: John Doe (White male), John Doe (under age 40), Jane Doe (Black female). For example, if your complaint is based on race, include the race of all persons mentioned. If it is a sex complaint, mention the sex of all persons mentioned.

1.  Discrimination means difference of treatment. Please explain what happened to you and why you feel you were treated differently. In other words, what happened to persons of a __different class__ that makes you feel they received more favorable treatment than you.

6/7/02  Last Day of school — I was given
a tardy I did walk inside the
9/20/02 I was given another school at the same time with
Tardy during 4th Hs. 
I was talking to Debby Lemansky (WF) Mr. Deshner
Mrs. Meg Danielso (WF) The principal secretary
Ed Teacher, she gave me
a tardy

If you believe the organization treated you this way because of one or more of the reasons listed below, please check those reasons. If you believe the employer treated you this way for a reason which is not listed, explain what you believe to be the reason.

| | | |
|---|---|---|
| ___ Sex | ___ Ancestry | ___ Age (40+) Date of Birth ___ |
| ✓ Race | ✓ National Origin | ___ Use of guide dog or support animal |
| ___ Color | ___ GED | ___ Participation in/or refusal to participate in |
| ___ Religious Creed | ✓ Retaliation | Abortion/Sterilization |
| | | ___ Non-job related handicap/disability |
| | | Identify your disability ___ |

3.  Do you charge that you were discriminated against because of your previous complaint with the Commission?

    Yes ___✓___     No ___

3a.  What was the docket number of your original complaint, if known?

    Docket # _____
    It is written my other complaint

**IN-14 FORM**                 Retaliation Questionnaire        (page 3)

3b.  Do you charge you were discriminated against because you cooperated in a complaint filed by another employee?

Yes _____    No _____

4.   What is the name of the person who filed a complaint in that investigation?

_____

4a.  What was the docket number of this person's complaint, if known?

Docket # <span>Case 1:05-cv-00126-SJM    Document 16-2    Filed 08/29/2005    Page 32 of 3</span>

5.   Do you charge you were discriminated against because you opposed a discriminatory practice, but you did not file a complaint with the Commission?

Yes _____    No _____

6a.  What was the practice you opposed? _____

_____

5b.  When did you engage in opposition to a discriminatory practice?

_____

Describe exactly what you did to demonstrate opposition to this discrimination

_____

_____

_____

_____

6.   What was the dates of retaliation?  09/97  6/00  01/02  6/02  9/20

7.   Describe in detail what action was taken against you. (Give name, CLASS of person(s) taking the action, each date the action was taken and what the action was.)

01/02 "Action Plan" (to be observed by administra
02/03 re write Classroom Rules, Discipline Plan, I had
      to observe other teachers, write Classro
      Management strategies, Reflections others on Mondays
6/07/0 "Tardies" Given only Time " 6/2/02
9/20/02 accused of allowing my students to leave
       early, another teacher did
6/05/02 "Picking on kids" while I was
        suspended the other teacher
        had problems with same studen
3/18/02 Suspension for being sick
        sent for a psychiatric evaluat
5/24/02 Came back to work a days before
        end of school year

**IN-14 FORM**  ●          **Retaliation Questionn**         (page 4)

8. Why do you believe the action taken against you was not justified?

_Action Plan ( To put pressure because_
_Mr. Deehner knew I was suffering_
_depression) Teachers were eating donuts_
_There was - + coffee_
_The other teacher asked me._
9. What reason was given to you by the employer for such actions? Ed..s ...ent.

_Suspended because of the_

Case 1:05-cv-00126-SJM   Document 16-2    Filed 08/23/2005   Page 33 of 3

10. Give reasons why you feel your employer knew about your original charge with the Commission, your cooperation with an investigation or your opposition to a practice you felt was unlawful. IT IS IMPORTANT THAT THIS KNOWLEDGE CAME BEFORE THE ACTION TAKEN AGAINST YOU, SO BE SPECIFIC AS TO DATES.

Use the Continuation Page if more space is needed.

_I already filed a complained_
_Twice._

11. Did you do any of the things your employer has accused you of doing?

Yes _____   No ___✓___

If yes, please explain. _____

12. Give the name and job titles of all other persons you can think of who did the same or similar thing you were accused of doing, but who were **not** subjected to action/s, or who were subjected to less severe action/s than you were. (Use the Continuation Page, if needed.)

Name _Debby Lemnsky_ (Walked with me inside school the day of school)

Job Title _Principals Secretary_ CLASS _W?_

**IN-14 FORM**          **Retaliation Questionnaire**    — (page 5)

When and What did this person do? _She walked with me inside the school, last day of school_

What action was taken? _I received a tardy_

Did those who were treated more favorably, refrain from opposing discriminatory practice?

Yes _____    No _____

Name _____

Job Title _____ **CLASS** _____

When and What did this person do? _____

_____

What action was taken? _____

_____

Did those who were treated more favorably, refrain from opposing discriminatory practice?

Yes _____    No _____

Name _Meg Daniels_

Job Title _Special Education_ CLASS _WF_

When and What did this person do? _She asked me about a special ed student before I went to my study hall_

What action was taken? _I received a tardy she didn't receive anything_

Did those who were treated more favorably, refrain from opposing discriminatory practice?

Yes _____    No _____

13. Did anyone who was treated similarly to you file a discrimination complaint in oppose an unlawful discriminatory practice?

Yes _____      No _____

If yas, please list.

Name _____ CLASS _____   _____

Docket Number of Complaint, If Known _____   _____

Name _____ CLASS _____   _____

Docket Number of Complaint, If Known _____   _____

Name _____ CLASS _____   _____

Docket Number of Complaint, If Known _____   _____

14. If you have filed an earlier discrimination complaint, has the employer's behavior toward you changed in any way, or do you continue to experience more of the same behavior as before you filed your complaint?

*M97 It worsen 3 bad memos in one week*
*03/02 Put in an action plan*
*08/03 Put in an action plan again to b*
*observed every two weeks*

15. Give the names of any employees who your employer knew had testified, or assisted you in any way during the investigation of your original complaint and explain what they did to help you in your complaint.

Name _____   _____

_____

Name _____   _____

_____

Name _____   _____

_____

16. To your knowledge, have any actions been taken against any of these employees?

Yes _____      No _____

If yes, what kind of action has been taken and against which employees?

Employee _____

Action Taken _____

_____

_____

Employee _____

Action Taken _____

_____

17. Are you a union member?

    Yes __✓__    No _____

    If yes, what is the name of your union?

    $P S E A$

    Address _____

    _____

    Telephone Number ( __ )_____    Business Agent _____

18. Did you file a grievance regarding the above problem?

    Yes __✓__    No _____

    If so, attach a copy of the grievance. Explain what step your grievance in now in. Give both
    step number and letter, and the name and title of the union official dealing with your grievance.

    I already gave 1 copy of
    each grievance, (Total
    2 grievances)

19. Are you a civil service employee?

    Yes _____    No __✓__

**IN-14 FORM**          Retaliation Questionnaire      (page 8)

20. Did you file a civil service complaint regarding the above problem?

    Yes _____    No ___✓___

21. What is/was the status of your civil service complaint, if applicable?

    _____

22. Have you filed a complaint about this matter with any other commission or agency?

    Yes _____ No ✓

    If so, please specify the commission or agency and the date you filed, to the best of your

    recollection.

    Commission or Agency _____

    Date Complaint Filed _____

    Docket Number, If Known _____

23. Have you taken any court action regarding this matter?

    Yes _____    No ___✓___

    If so, please specify in what court and the date you filed, to the best of your recollection.

    Name of Court _____

    Date Action Filed _____

    City _____ County _____

    If there are other facts you feel should be considered, record these on the last page of the
    questionnaire (Continuation Page).

I hereby verify that the statements contained in this complaint are true and correct to the best of my
knowledge, information and belief. I understand that false statements herein are made subject to the
penalties of 18 PA.C.S. Section 4904, relating to unsworn falsification to authorities.

_Claudette M Lem_     10/24/0₂
_____    _____
Signature                      Date

_11983 Eureka Rd_
_____
Address

_Edinboro, PA 16412_ , _814_ , _734-2587_
_____
City, State and ZIP Code          Telephone Number

                              _882-4353_

# CONTINUATION PAGE

For use if additional pages are needed to answer any question(s).  Indicate the question number that is being answered before each response below.

Case 1:05-cv-00120-SJM    Document 16-2    Filed 08/29/2005    Page 38 of 39

Claudette de Leon   vs   Crawford Central School District

PHRC Case No.200204267

EEOC No. 17FA361991

Certificate of Service

Pursuant to the requirements of 1 Pa. Code § 33.31, I hereby certify that I have this day served the foregoing Complaint by first class mail, postage prepaid, as follows:

Claudette de Leon
11983 Eureka Road
Edinboro PA  16412

John Paul Jones, PSEA
Legal Division, 4250 Route 6N East
Edinboro PA  16412-1735

SUPERINTENDENT
Crawford Central School District
11280 Mercer Pike
Meadville PA  16335-9504

M. Boxley, March/8, 2003

Notice App - R