COMMONWEALTH OF PENNSYLVANIA
EXECUTIVE OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

CLAUDETTE dE LEON,
    Complainant,

v.

CRAWFORD CENTRAL SCHOOL DISTRICT,
    Respondent

PHRC Docket No. 200204267
EEOC Charge No. 17FA361991

## ANSWER TO AMENDED COMPLAINT

And now comes Respondent, Crawford Central School District, by and through its counsel and responds to the Complainant's Amended Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part. It is denied Respondent has employed Complainant since 1989. It is admitted Respondent has employed Complainant since July 1990.

### COUNT 1

### Harassment (different treatment) – Retaliation – Discrimination

5. The averments of paragraph 5 are simply an incorporation of prior paragraphs for pleading purposes to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any

Exhibit C

1

violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

6. Admitted in part and denied in part. It is admitted that the Complainant has filed previous charges against the Respondent at Docket No. E71573D and Docket No. E77717D respectively and Case No. 200202691 in 2002. By way of further answer, the Respondent would note that the case at Docket No. E71573D was dismissed by correspondence from Homer Floyd to the respective parties under cover dated July 24, 1996 and that the charge of discrimination against Respondent at Docket No. E77717D was likewise dismissed by notice from the Executive Director to the respective parties dated May 8, 1998. In regard to the case at 200202691, Respondent filed an Answer to the Complaint in November 2002. The remainder of the averment not addressed above is denied.

7. It is denied that any person has harmed Complainant. It is further denied that Respondent School Administrators did and/or would not retaliate against Complainant because of prior complaints. The remainder of the averment is denied as stated.

8. It is denied that either prior to or after June 7, 2002 and continuing through the present the Respondent has harassed Complainant.

   a. Denied. It is denied that the Complainant was issued a written warning or disciplined in any manner for being tardy for a preestablished meeting on the morning of June 7, 2002. By way of further answer,

Respondent would note that any comparison between Debbie Lemansky and the complainant being tardy was without merit. Unbeknownst to the Complainant, Debbie Lemansky had prior arrangements to arrive after 8 a.m. on June 7, 2002.

b. Denied. It is denied that the Complainant was issued a written warning or disciplined on September 20, 2002 for being tardy to class.

c. Denied as stated.

d. Denied as stated.

e. Denied. To the contrary, the Complainant, pursuant to a Corrective Action Plan, was required to submit lesson plans. It is specifically denied that this was because of any harassing or discriminating conduct toward the Complainant but, rather, was predicated upon her work performance that prompted this remedial measure.

f. Denied as stated.

g. Denied. Pursuant to the requirements of both Complainant's original Corrective Action Plan for 2002-2003 and Revised Action Plan, the Administration had outlined the frequency with which Complainant's classes would be observed. As it relates to any allegation by the Complainant that she has been criticized for practices that other teachers allow or engage in without being criticized as recently as January 9, 2003, this averment is denied.

h. Denied as stated.

3

9. It is denied that any actions by Respondent toward Complainant have been retaliatory. To the contrary, the Action Plan and Revised Action Plan issued to the Complainant for the 2002-2003 school year was intended to provide suggestions for improving her performance.

10. The averments of paragraph 10 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws.

11. The averments of paragraph 11 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

## COUNT 2

### Harassment (different treatment) - Ancestry – Discrimination

12. The averments of paragraph 12 are simply an incorporation of prior paragraphs for pleading purposes to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair

employment practices laws that would require any type of relief or remedy.

13. Admitted.

14. Denied.

15. It is denied that any harassment was undertaken against Complainant. To the contrary, Complainant was issued a Corrective Action Plan for the 2002-2003 school year that outlined work expectations. Any claim by the Complainant that an Action Plan to improve performance undermined her effectiveness in managing her classroom is without merit.

16. Denied.

17. Denied. It is specifically denied that any of Respondent's Administrators harassed the Complainant as alleged.

18. Denied. The averments of paragraph 18 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws.

19. The averments of paragraph 19 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

## COUNT 3

### Discipline (suspension without pay 3 day) – Retaliation – Discrimination

20. The averments of paragraph 20 are simply an incorporation of prior paragraphs for pleading purposes to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

21. Admitted in part and denied in part. It is admitted that the Complainant has filed previous charges against the Respondent at Docket No. E71573D and Docket No. E77717D respectively, and Case No. 200202691 in 2002. By way of further answer, the Respondent would note that the case at Docket No. E71573D was dismissed by correspondence from Homer Floyd to the respective parties under cover dated July 24, 1996 and that the charge of discrimination against Respondent at Docket No. E77717D was likewise dismissed by notice from the Executive Director to the respective parties dated May 8, 1998. In regard to the case at Case No. 200202691, Respondent filed an Answer to the Complaint in November 2002. It is denied Complainant has been discriminated/retaliated against as a result of these filings.

22. Denied. It is denied that any person has harmed Complainant. It is further denied that Respondent School Administrators would harass and/or

retaliate because of prior complaints. The remainder of the averment is denied as stated.

23. Admitted in part and denied in part. By way of further answer, Respondent would note that he actions of Respondent in suspending for Complainant for three (3) days was proper and in conformance with the relevant provisions of the Public School Code and were related to Complainant's actions in regard to her work performance in the school setting.

24. Denied. By way of further answer the facts and circumstances surrounding the three (3) day disciplinary suspension without pay issued to Complainant was warranted. By way of further answer in regard to the allegation that Respondent did not discipline other teachers as named in the Amended Complaint for calling the homes of students, there have been no reports or other indication that those professional educators breached District policies, prior directives or acted in the same manner as did the Complainant. It is denied Complainant has been discriminated against in any manner as a result of being issued a three (3) day suspension without pay.

25. Denied. The averments of paragraph 25 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws.

26. Denied. The averments of paragraph 26 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

## COUNT 4

### Suspension – Ancestry – Discrimination

27. Denied. The averments of paragraph 27 are simply an incorporation of prior paragraphs for pleading purposes to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

28. Admitted.

29. It is admitted only that the Complainant was certified by the Pennsylvania Department of Education as being a teacher with the credentials to teach in the subject area for which she was certified.

30. Admitted in part and denied in part. It is admitted that Respondent did not suspend non-Hispanic teachers who called the homes of students inasmuch as to the best of the Respondent's knowledge the named teachers followed proper protocols. In the situation of the Complainant,

8

however, she did not. In addition, it needs to be noted that Complainant did not call the home of a student but rather contacted the parent of the student at her place of employment and discussed confidential information during the class period.

31. Denied.

32. The averments of paragraph 32 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws.

33. Denied. The averments of paragraph 33 are a conclusion of law to which no response is necessary. However, to the extent it is deemed a response is required, it is specifically denied. It is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act or any other fair employment practices laws that would require any type of relief or remedy.

34. Admitted in part and denied in part. It is admitted that the Complainant has filed previous charges against the Respondent filed at the Docket and Case Numbers listed. However, it is denied that any prior filings has resulted in any mistreatment of the Complainant as alleged throughout her most recent complaint.

35. The averments of paragraph 35 are a statement of dual filing to which no response is necessary. However, to the extent it is deemed a response is

9

required, it is specifically denied that the Respondent has engaged in any violation of the Pennsylvania Human Relations Act, the Equal Employment Opportunity Act, or any other fair employment practices laws that would require any type of relief or remedy.

Respectfully submitted:

ANDREWS WAGNER & BEARD

Carl P. Beard, Esquire
Pa.I.D. NO. 33479
3366 Lynnwood Drive
Altoona, PA 16602
Phone: 814-943-3304
Fax: 814-943-3430

Date:   April 17, 2003

COMMONWEALTH OF PENNSYLVANIA
EXECUTIVE OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

CLAUDETTE dE LEON,
    Complainant,

v.

CRAWFORD CENTRAL SCHOOL DISTRICT,
    Respondent

PHRC Docket No. 200204267
EEOC Charge No. 17FA361991

## CERTIFICATE OF SERVICE

I, Carl P. Beard, Esquire, 3366 Lynnwood Drive, P. O. Box 1311, Altoona, Pennsylvania 16603-1311, do hereby certify that a true and correct copy of the attached Answer of Respondent has been served on the following persons on this 17th day of April 2003:

### Regular U.S. Mail

Robert Flipping, Human Relations Representative
PA Human Relations Commission
Pittsburgh Regional Office
11th Floor State Office Building
Pittsburgh, PA 15222-1210

John Paul Jones, PSEA
Legal Division, 4250 Route 6N East
Edinboro, PA 16412-1735

Claudette G. deLeon
11983 Eureka Road
Edinboro, PA 16412

Andrews Wagner & Beard

*Carl P. Beard*

Carl P. Beard, Esquire
Pa. I.D. No. 33479
Attorney for Respondent
3366 Lynnwood Drive
P. O. Box 1311
Altoona, PA 16603-1311
(814) 943-3304

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

CLAUDETTE deLEON
   Complainant,

v.                                     PHRC Docket No. 200204267

CRAWFORD CENTRAL SCHOOL      EEOC Charge No. 17FA361991
DISTRICT,
   Respondent

## CERTIFICATION

I, Michael Dolecki, Superintendent of Crawford Central School District, am authorized by the Respondent to make this certification.

By this statement, I hereby certify that all documents and data herein submitted are to the best of my knowledge and information true and correct copy of the only such documents in existence in response to the questions asked. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

                                                        _____
                                                        Michael Dolecki, Superintendent
                                                        Crawford Central School District

Date: _April 17, 2003_



February 3, 2005

RECEIVED AUG 25 2005

Legal Division
4250 Route 6N East
Edinboro, PA 16412-1735
(814) 734-7660
(800) 668-7116
Fax: (814) 734-5206
www.psea.org

James R. Weaver, *President*
James P. Testerman, *Vice President*
Grace E. Bekaert, *Treasurer*
Carolyn C. Dumaresq, *Executive Director*

Robert Flipping
PA Human Relations Commission
State Office Building, Suite 1100
300 Liberty Avenue
Pittsburgh, PA 15222-1210

RE:  Claudette G. de Leon v. Crawford Central School District
     PHRC Docket No. 200204267
     EEOC No. 17FA361991

Dear Mr. Flipping:

Per your request, enclosed please find a copy of Arbitrator Amis' Opinion and Award regarding Claudette de Leon's arbitration hearing relative to her three-day suspension, her five-day suspension, her unsatisfactory rating, and her dismissal.

Please feel free to contact my office if you have any questions or concerns regarding this matter.

Sincerely,

John Paul Jones/db
John Paul Jones
Staff Attorney

JPJ:db

Enclosure

pc:  Claudette de Leon
     Richard S. McEwen, Esquire
     Robert Abraham, Esquire

File No. 03/0054 (14)

Exhibit D



**The PSEA Mission**
*To advance quality public education for all students while fostering the dignity and worth of members through collective action.*

Affiliated with the National Education Association



RECEIVED AUG 25 2005

Leadership for Public Education

Legal Division
4250 Route 6N East
Edinboro, PA 16412-1735
(814) 734-7660
(800) 668-7116
Fax: (814) 734-5206
www.psea.org

James R. Weaver, *President*
James P. Testerman, *Vice President*
Linda A. Shaffer, *Treasurer*
Carolyn C. Dumaresq, *Executive Director*

February 9, 2005

Robert Flipping
PA Human Relations Commission
State Office Building, Suite 1100
300 Liberty Avenue
Pittsburgh, PA 15222-1210

RE: Claudette G. de Leon v. Crawford Central School District
PHRC Docket No. 200204267
EEOC No. 17FA361991

Dear Mr. Flipping:

I have discussed your request that I put in writing the offer made by the District to Ms. de Leon in May of 2004. She has stated to me that the District should be the ones to put that offer in writing to you, and does not wish that I do so.

Sincerely,

John Paul Jones
Staff Attorney

JPJ:db

Enclosure

pc: Claudette de Leon
Caleb Nichols, Esquire
Dan Hootman
Jeffrey D. Lewis
Robert Abraham, Esquire

File No. 03/0054 (14)

---

The PSEA Mission
*To advance quality public education for all students while fostering the dignity and worth of members through collective action.*

Affiliated with the National Education Association





*Leadership for Public Education*

Legal Division
4250 Route 6N East
Edinboro, PA 16412-1735
(814) 734-7660
(800) 668-7116
Fax: (814) 734-5206
www.psea.org

James R. Weaver, *President*
James P. Testerman, *Vice President*
Grace F. Bekaert, *Treasurer*
Carolyn C. Dumaresq, *Executive Director*

RECEIVED AUG 25 2005

February 23, 2004

Robert Flipping
PA Human Relations Commission
State Office Building, Suite 1100
300 Liberty Avenue
Pittsburgh, PA 15222-1210

RE: Claudette G. de Leon v. Crawford Central School District
PHRC Docket No. 200204267
EEOC No. 17FA361991

Dear Mr. Flipping:

My purpose in writing you is twofold.

First, we have not heard from you in some time regarding the status of your investigation into this matter. Therefore, I am asking that you contact me as soon as possible to provide us an update on the status.

Second, I am enclosing the decision of Arbitrator James Clair Duff regarding an unsatisfactory rating that Claudette received for the 2001-02 school year. It is the first of many issues that we are arbitrating for Claudette, and we believe that it supports her case in the matter before you.

I look forward to hearing from you soon.

Sincerely,

John Paul Jones

John Paul Jones
Staff Attorney

JPJ:db

Enclosure

pc: ✓Claudette de Leon
    Richard S. McEwen, Esquire
    Robert Abraham, Esquire

File No. 03/0054 (14)

**The PSEA Mission**
*To advance quality public education for all students while fostering the dignity and worth of members through collective action.*

Affiliated with the National Education Association

Chairperson
STEPHEN A. GLASSMAN
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
DANIEL D. YUN
Executive Director
HOMER C. FLOYD



COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TT)

COMMISSIONERS
DAVID A. ALEXANDER
M. JOEL BOLSTEIN
THEOTIS W. BRADDY
TIMOTHY CUEVAS
REV. DR. JAMES EARL GARMON, SR.
TONI M. GILHOOLEY
J. WHYATT MONDESIRE

www.phrc.state.pa.us

January 31, 2005

RECEIVED AUG 25 2005

Ms. Claudette G. deLeon
P.O. Box 185
Edinboro PA 16412

RE:   Claudette G. deLeon v Crawford Central School District
      PHRC Case No. 200202691 and PHRC Case 200204267

Dear Ms. deLeon:

First of all I want to express my condolences to you over the October 2003 death of your son who was standing up for everyone's right to be free from tyranny.

With respect to your cases that are still open and referenced above, I spoke with the investigator Mr. Robert Flipping and with his Supervisor Ms. Kathleen Wilkes. Mr. Flipping related that you had come to our Pittsburgh Regional Office on a number of occasions, but on the one occasion you mention you were very distraught. Mr. Flipping said that he requested Ms. Wilkes to sit in on a meeting with you precisely because you were very upset, and because he wanted to be able to determine how we can expedite the resolution of your complaint due to the financial strain you were experiencing.

That is the context for the statements made regarding the willingness to try to see if the Respondent would agree to pay you $75,000 and give you a letter of reference.

He related that approximately a year before you rejected the Respondent's offer of a teaching position and $32,000. The teaching position was declined by you, because it was not the position you had previously. Also one discipline would remain on your record.

Section 9b. 4 of our law mandates that we explore settlement opportunities. Prior to a Finding, all possibilities are on the table. Mr. Flipping was just trying to explore what would be agreeable with you that would expedite your case, since you were in such urgent financial straits. He knew we were faced with a reluctant Respondent, and that it is very likely that we are going to have to go through a subpoena process to secure records needed in one of your cases.

Mr. Flipping, by the way, did not observe any rudeness on the part of his supervisor, and Ms. Wilkes, herself denied she was rude. Mr. Flipping also said it was he, and not the supervisor,

Exhibit E

1

Case 1:05-cv-00126-SJM    Document 16-3    Filed 08/29/2005    Page 17 of 18

...o suggested that you may have made enemies with the school representatives by challenging ...em. He observed, that is just human nature.

Although I would be willing to meet with you if you came to Harrisburg, I see no benefit to your traveling all the way to Harrisburg, because that will do nothing to expedite your case.

Incidentally Mr. Flipping related that he is perfectly willing to keep on trying to secure what is needed in your case, even though it will likely involve more "red tape" of going through a subpoena process. He said that you requested him to delay investigating further because you are expecting word soon on your grievance requiring the respondent to remove the discipline in their offer.

Finally, we do have a new investigator in our Pittsburgh Regional Office who I am told may be fluent in Spanish, however, he is so new and has his own caseload so I am not sure he would be able to also work as a translator except where it was absolutely necessary. Our Pittsburgh Regional Office would make those determinations.

Although I do not speak Spanish, I can be reached at telephone number (717) 783-8171, if you need further assistance as the result of this letter.

Sincerely,

Donald Mackowski
Assistant to the Director of Compliance

2

Case No: 200204267
Case Name: Claudette DeLeon v. Crawford Central Area School District

## Substantial Weight Review Narrative

Case was assigned to HRR Robert G. Flipping, Jr. on 2-26-2003. Complaint was served on both the Respondent with notice to the Complainant also on March 12, 2003. These notices included EEOC service, full description of legal requirements and of the investigation, notice of appearance, and an invitation to pre-determination settlement that outlined the advantages to both parties of such settlement. Immediately after assignment, a notice of Fact-finding Conference was sent to Complainant and Respondent. The Respondent's and Complainant's notice also included a specifically tailored data and document request. The Fact-finding conference was scheduled on or around April, 2003 at the Crawford County Courthouse located in Meadville, PA. Documentation from both the Complainant and Respondent were received by the FF at the FFC. Additional documentation was acquired from both C and R throughout the duration of the investigation as well as documented in paper chronology compiled prior to automation and subsequently discarded. Most notably, per events inputted via CMS documents Data and Documents was requested from R on March 16, 2003 and subsequently received from R on May 6, 2003. Additional data and documents requested by FF were not fulfilled due to Respondent's assertion that related requests for the identification of similarly situated personnel who were alleged to have been treated more favorably were burdensome. Thus, FF attempted on several occasions to negotiate a settlement inclusive of a term and condition of reinstatement/backpay following the Complainant's discharge. However, C spurned conciliation efforts as Respondent was not willing to reinstate her to the same position of Spanish teacher, but rather to an English as a Second Language(ESL) position that required her to drive throughout the Respondent school district nor willing to appropriately address the backpay issue. Thus, appropriate remedy per Rule 42.72© was not rendered. Additional efforts to realize a settlement were reportedly discussed between the Complainant, her legal counsel and Respondent Administrators and counsel. However, C notified her counsel to inform FF that said information was to be obtained via R Atty, which he refused to document upon learning that C had requested a Right to Sue notification.

Case was submitted to Legal Division via CS on June 16, 2005 for related review upon Commission's receipt of Federal Court filing. Following its return, closure was requested on June 21, 2005.

Exhibit F