IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE deLeon | ) | |
| | ) | |
| Plaintiff | ) | (NO. 1:05-cv-126) |
| | ) | |
| vs. | ) | |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | Judge Sean J. McLaughlin |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |

**BRIEF IN RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS/OR MOTION FOR SUMMARY JUDGMENT TO DISMISS ASPECTS OF FIRST AMENDED COMPLAINT**

_Caleb L. Nichols_
Caleb L. Nichols
Counsel to Plaintiff
Claudette deLeon

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE deLeon :<br>    Plaintiff : | Case No. 05-126E |
| : | |
| VS. : | |
| : | |
| CRAWFORD CENTRAL SCHOOL :<br>DISTRICT, CRAWFORD CENTRAL :<br>SCHOOL BOARD, MICHAEL E. :<br>DOLECKI, SUPERINTENDENT :<br>AND CHARLES E. HELLER, II, :<br>ASSISTANT SUPERINTENDENT, :<br>    Defendants : | |

### CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a copy of the enclosed Brief was mailed to the Defendant on September 16, 2005.

**Regular U.S. Mail**

> Roberta Binder Heath, Esq.
> Andrews & Beard
> 3366 Lynnwood Drive
> Altoona, PA  16602
> Attorney for Defendant

Caleb L. Nichols
Counsel for Plaintiff
9/15/05

(I) <u>The Defendants' Motion To Dismiss Plaintiff's Complaint, for the Alleged Failure To Exhaust Her Administrative Remedies Should Be Denied</u>

In accordance with the Court's directive of August 9, 2005, the Plaintiff provided the Defendants documents supporting and establishing that her claim relative to termination has been exhausted with appropriate federal and/or state agencies. As can be seen from Exhibits (A) and (B) attached to the Defendants' Motion, the requirements of complying with the exhaustion of remedies doctrine have been sufficiently met and satisfied. There is no basis to treat the Defendants' objections as jurisdictional in nature. Exhibit (D) makes clear that the Pennsylvania Human Relation Commission (PHRC) was put on notice as to Plaintiff's <u>dismissal</u> or termination. (See: Letters of February 3, 2005, February 9, 2005 and February 23, 2004 by John Jones, Esq., Counsel to Plaintiff, to Mr. Robert Flipping, a representative of PHRC). Further, Defendants' Exhibits (F) and (G) indicates that the PHRC was put on notice regarding Plaintiff's termination or dismissal. If necessary, the Plaintiff is prepared to produce the testimony of Mr. Flipping to more fully establish Plaintiff's position. Mr. Flipping will attest to the fact that Plaintiff did bring to him documents indicating that she had been dismissed or terminated. If the PHRC misplaced such documents, Plaintiff cannot be held responsible for such administrative snafu. Because Plaintiff has taken all reasonable steps to exhaust her administrative remedies, the Defendants' Motion should be denied as meritless. There is no showing that the Defendants have been prejudiced or denied requisite due process. It should be noted that opposition Counsel failed to incorporate my cover letter to her by which Exhibits (D), (E) and (F) were submitted to her.

(II) <u>The Defendants' Motion To Dismiss The Individual Defendants For Failure To Plead A Cause Of Action Sufficient To Sustain A Claim Against The Defendants In Their Individual Capacity Under Section 1983 And Section 1981 Should Be Denied.</u>

Unfortunately, the Defendants seeks to resurrect issues, which the Court has already decided. In paragraph 3 of page 4 of the Court's opinion, it was determined that the claim brought pursuant to 42 U.S.C. 1981 alleging a violation of national origin and race was sufficiently alleged for pleading purposes. Thus, Defendants' Motion respecting the sufficiency of claims lodged under sections 1981 and 1983 should be denied.

Respectfully submitted,

*Caleb L. Nichols*
Caleb L. Nichols