IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   Vs. | ) (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
|        Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | ) |
|        Defendant, | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT | ) |
| SUPERINTENDENT, | ) |
| | ) |
|        Defendant | ) |
| | ) Document: |
| | ) SUPPLEMENTAL |
| | ) MEMORANDUM DISPUTING |
| | ) ANY ARGUMENT PLAINTIFF |
| | ) MAY HAVE REGARDING |
| | ) EQUITABLE TOLLING OF |
| | ) THE STATUTE |
| | ) OF LIMITATIONS |
| | ) |
| | ) Filed on behalf of |
| | ) Defendants by: |
| | ) **ANDREWS & BEARD** |
| | |
| | ) Roberta Binder Heath, Esquire |
| | ) Pa.Id. No. 50798 |
| | ) rbheath@andrewsbeard.com |
| | ) 3366 Lynnwood Drive |
| | ) Altoona, PA 16602 |
| | ) 814-940-8670 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| Plaintiff, | ) |
| Vs. | ) (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT,<br>CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| Defendants, | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| Defendant, | ) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT, | ) |
| Defendant | ) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM DISPUTING ANY ARGUMENT PLAINTIFF MAY HAVE REGARDING EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS**

I.   **INTRODUCTION**

In the Motion to Dismiss Plaintiff's Amended Complaint, Defendants assert, inter alia, that Plaintiff failed to exhaust her administrative remedies concerning claims involving her dismissal from employment by failing to properly file an amended complaint with either the PHRC or the EEOC in a timely manner so as to permit her to proceed in this lawsuit relative to such claims. It is Plaintiff's contention that she had approached the PHRC investigator handling her claim related to her suspension and provided information to him concerning her dismissal from the Defendant School District. However, no evidence has been presented by the Plaintiff that any amended complaint relative to the

1

dismissal was ever drafted, filed or served. In anticipation of Plaintiff's assertions on this point, Defendant files this Supplemental Memorandum to refuse any argument Plaintiff may raise concerning an equitable tolling of the statute of limitations.

II.  **THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED AND NO CLAIMS CONCERNING DISMISSAL ARE PROPERLY BEFORE THIS COURT**

   A.  **Continuing Violation Theory**

As referenced in the Motion to Dismiss Plaintiff's Amended Complaint previously filed on behalf of Defendants, pursuant to National Railroad Passenger Corporation vs. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002), each discrete act constituting a discriminatory act activates a "new clock" ticking for the timely filing of charges concerning that act. Such complaint must be filed within the one hundred eighty (180) or three hundred (300) day time limit after the discrete discriminatory act occurred. Civil Rights Act 1964, Section 706(d)(1), as amended, 42 U.S.C.A. Section 2000e-5 (e)(1); Morgan, 536 U.S. at 113. Although the courts have recognized limited equitable exceptions to the statute of limitations period, including a continuing violation theory, such exclusions do not apply in this case. In light of the Morgan decision, Plaintiff would not have a continuing violation theory that would be applicable to toll the statute. The discrete act of dismissal is not part of an ongoing pattern of harassment based on her national origin, alleged disability, race, or gender. Id. A hostile environment claim may be the subject of a continuing violation theory, but such theory does not vitiate the statutory requirement that a Claimant must first

properly plead a cause of action through the appropriate administrative agency. In this case, an amendment to the PHRC Complaint incorporating Plaintiff's dismissal or filing a new EEOC or PHRC Complaint relating to the dismissal <u>never happened</u>. No such document was ever drafted, filed or served so as to afford the Defendants proper notice of the claim or the opportunity to defend same. <u>See,</u> Morgan, <u>supra.</u>; <u>Ryan v. General Machine Products</u>, 277 F. Supp. 2d. 585 (E.D. Pa. 2003). Consequently, even if Plaintiff asserts an equitable argument based on a continuing violation theory and claims her dismissal was ongoing evidence of the existence of a "hostile environment", her claim still fails for failure to meet the administrative filing requirements, which are a prerequisite to asserting her claim in court.

### B.     Other Equitable Arguments

Relative to other arguments Plaintiff may make concerning the tolling of the statute, the Defendants note that the federal Courts have consistently held that any equitable tolling doctrines must be applied "sparingly". <u>Morgan</u>, 536 U.S. at pp.113-114, citing, <u>Baldwin County Welcome Center vs. Brown</u>, 466 U.S. 147, 152, 104 S. Ct. 1723 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants"). In this regard, the courts have emphasized that restrictions on tolling must be "scrupulously observed". <u>Peter v. Lincoln Technical Institute</u>, 255 F. Supp. 417, 427 (E.D. Pa. 2002), quoting <u>School District v. Marshall</u>, 657 F. 2d 16, 19 (3d Cir. 1981).

Typically, courts have held that equitable tolling is appropriately used to extend a deadline of filing employment discrimination actions in three (3) principle, although not exclusive, situations.  These situations are as follows:

1. Where Defendant has actively misled Plaintiff respecting Plaintiff's cause of action;
2. Where Plaintiff in some extraordinary way has been prevented from asserting his or her own rights; or
3. Where Plaintiff has asserted his or her own rights mistakenly in the wrong forum.

Civil Rights Act of 1964, Section 706(e), as amended, 42 U.S.C.A. Section 2000e-5 (e); Robinson v. Dalton, 107 F. 3d 1018, 1022 (3d Cir. 1997); Jordan vs. Smithkline Beecham, Inc., 958 F.Supp. 1012, 1023-1024(E.D. Pa. 1997).  In the case at hand, the Plaintiff is not arguing that Defendants in any way misled her relative to her causes of action or her rights, nor that she had mistakenly filed in the wrong forum.  Hence, the only argument in this case meriting analysis concerning her ability to take advantage of the equitable tolling of the statute of limitations would be pursuant to a theory that she in some "extraordinary way" had been prevented from asserting her rights.   However, Defendants refute the merit of that theory and assert that the discovery rule should be applicable. In this instance, Plaintiff did not utilize due diligence in discovering that an amended complaint had not been properly filed and served through the PHRC.

Because of her history of filing with the PHRC, because she is an intelligent individual, and because she had legal counsel at the time, the fact that no amended complaint was ever drafted for her to sign and no amended documents were served upon her should not have gone unnoticed.  It is a fundamental rule of equity that a party should not be permitted to profit from his

4

or her own wrongdoing, and this basic tenet underlies the equitable tolling doctrine itself. Miklavic v. USAir, Inc., 21 F.3d 551, 557 (3d Cir. 1994). Thus, to allow the Plaintiff to benefit from an equitable statute of limitation defense after she failed to utilize due diligence to determine that her claim had not been properly filed and served upon the Defendants would be manifestly unjust. c.f. Oshiver vs. Levin, Fishbein, Sedran and Berman, 38 F. 3d 1380 (3d Cir. 1994); See also, Jordan, 958 F. Supp. at 1023.

Finally, when an employment discrimination claim appears to be time-barred, the burden is on the Plaintiff to assert facts that justify the equitable tolling of the statute of limitations. Rogan vs. Giant Eagle, Inc., 113 F. Supp. 2d 777 (W.D. Pa. 2000). Plaintiff in this case has failed to meet her burden so as to have the extraordinary relief of tolling of the statute of limitations available to her. In this regard, restrictions on the tolling of the statutes of limitations for discrimination actions must be scrupulously observed and applied only sparingly in extraordinary circumstances. Kocian vs. Getty Refining & Marketing Co., 707 F. 2d, 748, 753 (3d Cir. 1983).

WHEREFORE, it is respectfully requested that this Honorable Court dismiss any portion of Plaintiff's Complaint relating to her dismissal from the Defendant School District as she failed to file appropriately within the applicable statute of limitations and has not sustained her burden of proof relative to being

5

afforded the exceptional remedy of equitable tolling of the statute of limitations.

          Respectfully submitted:

          ANDREWS & BEARD

          <u>/s/ Roberta Binder Heath</u>
          Roberta Binder Heath, Esquire
          Pa.Id. No. 50798

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT, | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT, | ) | |
| | ) | |
| Defendant | ) | |

### CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing Supplemental Memorandum has been served as follows on this the 6th day of October, 2005.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

/s/Roberta Binder Heath
Roberta Binder Heath, Esquire
Pa.Id. No. 50798

7