IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT, | ) |
| | ) |
| Defendant | ) |

Document:
ANSWER OF DEFENDANTS
TO PLAINTIFF'S FIRST
AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES

Filed on behalf of
Defendants by:
**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798
rbheath@andrewsbeard.com
3366 Lynnwood Drive
Altoona, PA 16602
814-940-8670

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT, | ) |
| | ) |
| Defendant | ) |

**ANSWER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW, come Defendants, Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent, and Charles E. Heller, III, Assistant Superintendent, by and through their counsel of record, ANDREWS & BEARD, and hereby file the following Answer to Plaintiff's First Amended Complaint with Affirmative Defenses as follows:

**I.   Preliminary Statement**

1.   Denied.  By way of further answer, and not in derogation of the foregoing, Plaintiff fails to accurately identify all of the statutory citations for the multiple causes of action raised in this lawsuit.

2. Denied as stated. Although it is admitted that Plaintiff seeks relief pursuant to the Pennsylvania Human Relations Act, it is denied that any relief is merited.

## II. <u>Jurisdiction</u>

3. Denied as stated. Although relative to the various causes of action, jurisdiction is theoretically proper in federal court, it is denied that Plaintiff properly identified the legal citations for the causes of action addressed in the Complaint in their entirety. Further, it is denied that Plaintiff is entitled to any relief under any federal or state law relative to her employment and cessation thereof with the Crawford Central School District.

## III. <u>Parties</u>

4. Admitted in part, denied in part. It is admitted upon information and belief that Ms. deLeon graduated from Edinboro University and Mercyhurst College. It is denied she was wrongfully fired from her teaching position in April of 2003. Furthermore, it is denied that the right to sue letter upon which Plaintiff is relying in any way relates to her dismissal from the Defendant School District.

5. Admitted.

6. Admitted.

## IV. <u>Statement of Facts</u>

7. Admitted.

8.      Admitted in part, denied in part.  It is admitted from 1989 through 1993 that Plaintiff received satisfactory performance ratings and these ratings are in writing, and as such, speak for themselves and must be viewed in conjunction with comments contained therein.  Relative to the unsatisfactory performance evaluation for the 1993-94 school year, despite the Arbitrator's ruling, the School District maintains that Plaintiff, in fact, deserved an unsatisfactory rating for that year.  In this regard, any information relative to a decision rendered by an Arbitrator is not admissible, and Plaintiff should be directed that such information is not proper to present before a jury.

9.      Admitted in part, denied in part.  It is admitted that Plaintiff was rated unsatisfactorily for the 1995-96 school year.  It is further admitted that the Arbitrator sustained Plaintiff's grievance.  By way of further answer, said information relative to the Arbitrator's decision is not proper in this proceeding and should not be permitted to be presented before a jury.  Furthermore, the Defendants stand by their evaluation of the Plaintiff that she deserved an unsatisfactory rating for the 1995-96 school year.

10.     Denied as stated.  Plaintiff's alleged mental condition is at issue, and consequently, it is denied as stated.  Furthermore, relative to her diagnosis of her alleged condition, these documents and opinions are subject to dispute, and thus, any synopsis of same or characterization of same is denied.

11.     Admitted in part; denied in part.  It is admitted Plaintiff received unsatisfactory ratings in 1999-2000 and 2000-2001 school year.  However, it is denied the administration was completely satisfied with Plaintiff's overall work

performance. In June 2001, the District developed an improvement plan for Plaintiff in an effort to make her a more effective teacher, particularly in the area of classroom management.

12. Admitted in part; denied in part. It is admitted that in the 2001-02 school year, the Defendant School District rated Plaintiff's performance as being unsatisfactory. The Arbitrator ruled, however, that the District was permitted to issue her an improvement plan to assist her in becoming a more effective teacher. Despite the Arbitrator's decision in this regard, the District stands by its evaluation that the Plaintiff deserved an unsatisfactory evaluation for that year. Relative to the Arbitrator's decision, this matter is improperly raised before this Court, and should not be presented in front of a jury.

13. Admitted in part; denied in part. It is admitted that on or about April 11, 2003, Plaintiff received an unsatisfactory performance rating regarding the 2002-03 school year. It is also admitted the Arbitrator found the 2002-2003 unsatisfactory rating issued to the Plaintiff to be warranted and denied two other grievances challenging the issuance of disciplinary action against her. Relative to the Arbitrator's decision, this matter is improperly before the Court, and should not be presented before a jury. It is admitted the issue of Plaintiff's termination was left pending, however, that issue has been resolved by an arbitration decision upholding the dismissal action against Plaintiff for violations of the school district policies and procedures and violation of the Public School Code of 1949, as amended. Finally, the District stands by its evaluation that the Plaintiff deserved an unsatisfactory evaluation as provided.

14. Admitted in part; denied in part. It is admitted that the dates of the suspension noted are correct. However, it is denied that Plaintiff was suspended on March 18, 2002 until May 24, 2002 "because of the three (3) medical excuses that she provided the school administrators".

15. Denied.

16. Denied as stated. By way of further answer, these allegations are irrelevant and would be improper to present before a jury.

17. Denied as stated. By way of further answer, the statistics will support that the appropriate amount of minority teachers from the available applicant pool that have been qualified to fill positions have been employed by the District. Thus, no cause for a disparate impact claim exists.

18. Denied as stated. By way of further answer, it is specifically denied that any hiring practice is or has been discriminatory in nature.

19. Admitted.

### V.     Causes of Action

Defendants hereby incorporate by reference its responses to Paragraphs 1-19 as though fully set forth herein at length.

#### First Claim for Relief

20. Denied.

21. Denied in part, admitted in part.

   (a)   Denied as stated.

   (b)   Denied as stated.

    (c)    Denied as stated.

    (d)    Admitted.

Defendants hereby incorporate by reference its responses to Paragraphs 1-21 as though fully set forth herein at length.

## Second Claim for Relief

[#]?    (e)    Denied as stated.

    (d)    Denied.

    (e)    Denied.

    (f)    Denied.

    (g)    Admitted.

Defendants hereby incorporate by reference its responses to Paragraphs 1- [#] as though fully set forth herein at length.

## Third Claim for Relief

22.    Denied, except as outlined in Answer to 22(i).

    (a)    Denied.

    (b)    Denied.

    (c)    Denied.

    (d)    Denied.

    (e)    Denied.

    (f)    Denied.

    (g)    Denied.

    (h)    Denied.

  (i) Admitted.

Defendants hereby incorporate by reference its responses to Paragraphs 1-22 as though fully set forth herein at length.

### Fourth Claim for Relief

23. Denied.

24. Denied as stated as Plaintiff's alleged mental condition is in dispute.

25. Denied.

26. Denied as stated.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied. By way of further answer, any reference to any arbitration awards is impermissible, and should not be permitted to go before a jury in this Court.

32. Admitted.

Defendants hereby incorporate by reference its responses to Paragraphs 1-32 as though fully set forth herein at length.

### Fifth Claim for Relief

33. Denied.

34. Denied.

35. Denied as stated. It is admitted that pursuant to this Court's ruling Messrs. Dolecki and Heller are permitted to be sued individually pursuant to Section 1981 of the Civil Rights Act of 1866. However, any liability either in their individual or official capacity is denied.

Defendants hereby incorporate by reference its responses to Paragraphs 1-35 as though fully set forth herein at length.

### Sixth Claim for Relief

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

Defendants hereby incorporate by reference its responses to Paragraphs 1-40 as though fully set forth herein at length.

### Seventh Claim for Relief

41. Denied.

42. Denied. By way of further answer, some of the allegations contained in Paragraph 42 appear to be unrelated to this case and are irrelevant.

Defendants hereby incorporate by reference its responses to Paragraphs 1-42 as though fully set forth herein at length.

### Eighth Claim for Relief

43. Denied.

Relief Sought

It is denied that Plaintiff is entitled to relief under any Federal or State law as the Defendants acted at all times material hereto well within the law and prudently and in a professional and appropriate fashion.

## **AFFIRMATIVE DEFENSES**

44.     Plaintiff's Complaint fails, in whole or in part, to state a claim against the Defendant upon which relief can be granted.

45.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

46.     Plaintiff's claims relative to dismissal are barred by her failure to exhaust administrative remedies and the applicable statute of limitations.  In this regard, Plaintiff cannot assert any equitable remedies in her defense.

47.     Plaintiff is unable to establish a prima facie case of age discrimination.

48.     Plaintiff is unable to establish a prima facie case of racial discrimination.

49.     Plaintiff is unable to establish a prima facie case of discrimination under the Americans with Disabilities Act.

50.     Plaintiff is unable to establish a prima facie case based on her gender.

51. Plaintiff was not subjected to discipline or discharge on the basis of her age.

52. Plaintiff was not subjected to discipline or discharge on the basis of her alleged disability.

53. Plaintiff was not subjected to discipline or discharge on the basis of her race.

54. Plaintiff was not subjected to discipline or discharge on the basis of her gender.

55. Plaintiff was not discriminated against with respect to any term or condition of her employment because of filing an administrative action with the Pennsylvania Human Relations Commission.

56. Plaintiff was not discriminated against with respect to any term, condition, or privilege of her employment because of or in relation to her age.

57. Plaintiff was not discriminated against with respect to any term, condition, or privilege of her employment because of or in relation to her alleged disability.

58. Plaintiff was not discriminated against with respect to any term, condition, or privilege of her employment because of or in relation to her race.

59. Plaintiff was not discriminated against with respect to any term, condition, or privilege of her employment because of or in relation to her gender.

60. No unlawful acts were authorized, condoned or ratified by the individual Defendants either individually or while acting in their official capacity.

61. Plaintiff has not suffered any damage from the alleged discriminatory conduct on the part of Defendant.

62. No claim for a hostile environment is viable.

63. The individual Defendants have no liability under Section 1981 of the Civil Rights Act of 1866.

64. The individual Defendants have no liability under Section 1983 of the Civil Rights Act of 1964.

65. The individual Defendants have no liability under the Pennsylvania Human Relations Act for aiding and abetting in any alleged discriminatory acts.

66. Plaintiff asserts no viable claim for retaliation.

67. Plaintiff cannot make a viable claim for relief utilizing any equitable theories.

68. Defendants reserve the right to assert any additional affirmative defenses as Plaintiff's claims are more fully disclosed through discovery.

69. The Defendants are immune from suit and/or damages under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that Judgment be entered in favor of Defendant and against Plaintiff.

Respectfully submitted:

ANDREWS & BEARD

/s/ Roberta Binder Heath
Pa. I.D. No. 50798

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| Plaintiff, | ) |
| Vs. | ) (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| Defendants, | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| Defendant, | ) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT, | ) |
| Defendant | ) |

CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that the foregoing Answer of Defendants to Plaintiff's First Amended Complaint with Affirmative Defenses has been served as follows on this the 21st day of October, 2005.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

/s/ Roberta Binder Heath, Esq.
Attorney for Defendants