IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
|        Plaintiff | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
|        Defendants | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
|        Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| | ) | |
|        Defendant | ) | |
| | ) | Document: |
| | ) | |
| | ) | Motion to Compel |
| | ) | Plaintiff's Cooperation, |
| | ) | or in the alternative, |
| | ) | Motion to Dismiss |
| | ) | Americans with Disabilities |
| | ) | Act/Emotional |
| | ) | Distress Claims |
| | ) | |
| | ) | Filed on behalf of |
| | ) | Defendants by: |
| | ) | **ANDREWS & BEARD** |
| | ) | |
| | ) | Roberta Binder Heath, Esquire |
| | ) | Pa.Id. No. 50798 |
| | ) | |
| | ) | 3366 Lynnwood Drive |
| | ) | Altoona, PA 16602 |
| | ) | phone: 814-943-3304 |
| | ) | fax: 814-943-0856 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| Vs. | )   (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD | ) |
| | ) |
| Defendants | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) |
| | ) |
| Defendant | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) |
| | ) |
| Defendant | ) |

**MOTION TO COMPEL PLAINTIFF'S COOPERATON, OR
IN THE ALTERNATIVE, MOTION TO DISMISS AMERICANS WITH
DISABILITIES ACT CLAIM AND ANY CLAIMS FOR EMOTIONAL DISTRESS**

AND NOW, comes Counsel for Defendants, Crawford Central School District and Crawford Central School Board, Michael E. Dolecki, Superintendent, and Charles E. Heller, III, Assistant Superintendent, relative to filing this Motion to Compel Plaintiff to submit to an Independent Medical Examination with a psychiatrist of Defendant's own choosing and to sign appropriate HIPAA releases to permit Defendants to have access to her medical records relative to her mental health, which is at issue in this lawsuit, and in support thereof, state the following:

1.  Plaintiff's Amended Complaint specifically puts her mental health at issue by virtue of the Americans with Disabilities claim at Count IV. (A true and

correct copy of the Plaintiff's Amended Complaint is attached hereto and marked as Exhibit "A").

2. In pertinent part, Plaintiff avers in Count IV she was terminated in April 2003 in violation of the ADA. Plaintiff subsumes a retaliation claim within the ADA claim, wherein she asserts that she suffers from "recurrent depression with psychotic features, high levels of anxiety, and post-traumatic stress. . ." She further asserts she has a record of and was regarded as being disabled due to her mental health condition. Nonetheless, the timeframe is vague and the alleged refusal to provide accommodations contains no detail as to the requested accommodation. Count IV must also be read in conjunction with the Eights Claim for relief which asserts that Plaintiff is entitled to damages for the Defendants' infliction of "sever emotional, psychological distress as well as, humiliation, degradation, and pain and suffering . . ." Again, the timeframe is unclear as to whether any resulting condition is ongoing and as to whether or not such condition allegedly affected Plaintiff's ability to mitigate her damages.
(See Exhibit "A" at Count IV, ¶¶ 23-32, Count VIII, ¶ 43).

3. In order to expedite discovery in this matter, Defendants' counsel contacted Plaintiff's counsel on October 19, 2005, relative to scheduling an independent medical examination ("IME") with a psychiatrist, Dr. Stuart Burstein, for November 30, 2005 at 1:30 p.m. at his office located in Pittsburgh, PA. Under cover of said letter, two (2) HIPAA releases were enclosed for Ms. DeLeon to sign to obtain medical records from her mental health care providers. In the same letter, defense counsel indicated that if any records were in the possession

of opposing counsel, that they should be forwarded to the Defendants' attention and copying charges would be covered. (A true and correct copy of the October 19, 2005, correspondence from Attorney Heath to Attorney Nichols is attached hereto and marked as Exhibit "B").

    4. On October 31, 2005, Plaintiff responded to Defendants' correspondence indicating it was Plaintiff's position that, because the Plaintiff was "subjected to a psychiatric evaluation on May 3, 2002, at the direction of the Crawford Central School District, and was found to be able to return to work as of May 23, 2002, it is my opinion that there is no basis upon which to request to conduct another Independent Medical Examination". Relative to the HIPAA releases and request for medical records, Plaintiff took the following position:

> "There exists no justification to allow you to have unbridled access to my client's protected health information which includes her past, present and future physical or mental health condition. In following my client's wishes, we choose not to authorize disclosure of any additional data at this time. Should Plaintiff testify at the anticipated trial proceeding, you will be allowed to cross-examine her on matters that are examined within the scope of direct examination. My view is that the Plaintiff's mental state is not an issue . . . [because] it was determined that she was able to return to work on May 23, 2002. The requested medical data is non-disclosable under the Privacy Rule (standard for Privacy of Individual Identifiable Health Information, 45 C.F.R., Points 160 and 164) and the Physician Patient Privilege, <u>Klovensky v. Moore</u>, 57 D&C 4th 370 (2002)."

(A true and correct copy of the October 31, 2005, correspondence from Attorney Nichols to Attorney Heath is attached hereto and marked as Exhibit "C".)

5. On November 4, 2005, the Defendants contacted Plaintiff, yet again, concerning the scheduled Independent Medical Examination, the HIPAA releases, and the position set forth in the October 31, 2005, letter. In this letter, Defendants reminded Plaintiff that her mental condition was at issue and was a basis for the Americans with Disabilities claim in the lawsuit. In addition, the Defendants pointed out that Plaintiff's counsel had indicated at one point that Plaintiff was unable to actively seek employment due to her mental state and the emotional distress from which she suffered. Thus, Defendant reiterated their request for Plaintiff's cooperation in pursuing expedited discovery concerning Plaintiff's mental state, which is clearly an issue in this lawsuit. (A true and correct copy of the November 4, 2005, correspondence from Attorney Heath to Attorney Nichols is attached hereto and marked as Exhibit "D").

6. Thereafter, on November 8, 2005, four (4) HIPAA releases with authorizations for specific health care providers were forwarded to Plaintiff's counsel and a request made that these be completed by the Plaintiff so that medical records could be obtained. (A true and correct copy of the November 8, 2005, correspondence from Attorney Heath to Attorney Nichols is attached hereto and marked as Exhibit "E").

7. On November 15, 2005, Plaintiff again refused the request to execute the HIPAA releases. (A true and correct copy of the November 15, 2005, correspondence from Attorney Nichols to Attorney Heath is attached hereto and marked as Exhibit "F").

8. On November 21, 2005, Defendants again contacted Plaintiff and requested clarification of Plaintiff's position due to her latest refusal to sign the HIPAA releases concerning Plaintiff's mental health condition. In said correspondence, it was requested that the Plaintiff clarify whether she intended to withdraw her Americans with Disabilities claim, or if she intended to waive any claims for emotional distress for any mental health conditions after May 23, 2002 through the present. (A true and correct copy of the November 21, 2005, correspondence from Attorney Heath to Attorney Nichols is attached hereto and marked as Exhibit "G"). Despite the May 23, 2002 clearance to return to work, Plaintiff's complaint relates to a hostile environment claim in violation of the ADA through 2003. Further, the Eighth Claim for relief is unclear as to when Plaintiff allegedly suffered from emotional distress and as to whether she still contends that she suffers from emotional distress. (See Exhibit "A" at ¶¶ 23-24, 29, 43).

9. To date, Plaintiff's counsel has not clarified the position of the Plaintiff relative to the precise nature and duration of her ADA and emotional distress claims. Nonetheless, her refusal to attend the IME was made clear and the appointment for November 30, 2005, was cancelled on November 23, 2005. Notice of the cancellation was provided to Plaintiff's counsel by virtue of a letter dated November 23, 2005, attached hereto as Exhibit "H".

10. The Federal Rules of Civil Procedure concerning discovery are very clear and afford a party ample leeway to obtain information that may be pertinent to Plaintiff's claims and to Defendants' applicable defenses concerning same.

Specifically, Federal Rule of Civil Procedure 35 governs physical and mental examinations of persons. Said Rule states as follows:

    A.    Order for Examination

"When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the Court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on Motion for a good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination in the person or persons by whom it is to be made."

Fed. R. Civ. Pro. 35(a).

    11.    In this case, good cause is shown because the Plaintiff has put her own mental condition at issue. Certainly, it would be prejudicial to the defense not to have an opportunity for both an Independent Medical Examination and to review all pertinent records concerning her mental condition prior to 2002 and through the present if, in fact, her claims allegedly continue to be viable.

    12.    If, in fact, the Plaintiff refuses to cooperate then, in the alternative, the defense is requesting that the Americans with Disabilities claim be dismissed from this lawsuit as well as any claims for emotional distress.

    WHEREFORE, for the foregoing reasons, it is respectfully requested that this Honorable Court to compel the Plaintiff's cooperation in submitting to an Independent Medical Examination with a psychiatrist of Defendants' own choosing and to sign the appropriate HIPAA releases to remit to Defendant so as to have access to her medical records relative to her mental health, or in the

alternative, dismiss the Americans with Disabilities claims from this lawsuit as well as any claim for emotional distress.

    Respectfully submitted:

    ANDREWS & BEARD

    <u>/s/Roberta Binder Heath, Esq.</u>
    Pa. I.D. No. 50798

    Counsel for Defendants

CERTIFICATE OF SERVICE

    The undersigned attorney does hereby certify that the foregoing Motion to Compel Plaintiff's Cooperation, or in the alternative, Motion to Dismiss Americans with Disabilities Act Claim and any Claims for Emotional Distress has been served as follows on this the ___ day of December, 2005.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

/s/Roberta Binder Heath, Esquire
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
(814) 940-8670