IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON

    Plaintiff

vs.

CRAWFORD CENTRAL SCHOOL DISTRICT
CRAWFORD CENTRAL SCHOOL BOARD

    Defendants,

MICHAEL F DOLECKI, SUPERINTENDENT
  (Suable and Liable in Personal Capacity)
    Defendant

CHARLES E. HELLER, III, ASSISTANT
SUPERINTENDENT
  (Suable and Liable Personal Capacity)
    Defendant

(Civ. Dkt. 05-126 Erie)

Judge Sean J. McLaughlin

FIRST AMENDED COMPLAINT

DEFENDANTS
EXHIBIT
A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON

             Plaintiff

vs.

CRAWFORD CENTRAL SCHOOL DISTRICT
CRAWFORD CENTRAL SCHOOL BOARD

             Defendants,

MICHAEL F DOLECKI, SUPERINTENDENT
(Suable and Liable in Personal Capacity)
             Defendant

CHARLES E. HELLER, III, ASSISTANT
SUPERINTENDENT
(Suable and Liable Personal Capacity)
             Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

(Civ. Dkt. 05-126 Erie)

Judge Sean J. McLaughlin

## FIRST AMENDED COMPLAINT

1. Preliminary Statement

(1) Claudette de Leon brings this action as a result of being wrongfully fired from her position as a tenured foreign language teacher (Spanish) at the Meadville Senior High School which is a part of the Defendant, Crawford Central School District. The Plaintiff was unlawfully dismissed by the Defendant due to her race (Hispanic), and her national origin (Mexican), and her gender, and documented

1

disabilities and denied employment opportunities to which she was entitled pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A., section 2000e, et seq, and section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C.A. section 1981, and the American with Disabilities Act, 42 U.S.C. } 12102 (as amended by the Civil Rights Act of 1991, 42 U.S.C.} 12101 et seq.).

(2) Plaintiff seeks relief also under relevant state law including the Pennsylvania Human Relations Act, 43 P.S. Section 951 et seq.

## II.

### Jurisdiction

(3) The Court is vested with jurisdiction over the matter contained in this Complaint by virtue of 28 U.S.C.A. sections 1331, 1337 and 1343 (4) in that this action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, and section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C.A. sections 1981 and 1983, the American with Disabilities Act. This Court also has supplemental jurisdiction over all related claims by virtue of 28 U.S.C.A. section 1367 and state law claims by virtue of pendent jurisdiction.

## III.

### Parties

(4) The Plaintiff, Claudette de Leon, graduated from Edinboro University of Pennsylvania and holds a Bachelor's Degree and a Master's Equivalency received in May 1999. In May 2004, she graduated from Mercyhurst College with a Master of Science Degree in Bilingual and Special Education.

After she was wrongfully fired from her teaching position in April 2003, Plaintiff filed with the Pennsylvania Human Relations Commission (dual filing with the United States Equal Employment Commission), a Complaint against Crawford Central School District. On July 2, 2004, Plaintiff received a Right-To-Sue Letter from the Pennsylvania Human Relations Commission, which stated that the Commission had not completed processing the Complaint. A copy of the Right-To-Sue Letter is enclosed, identified as Exhibit "A", and incorporated herein by reference. Plaintiff also received a Right-To-Sue Letter from the United States Department of Justice dated April 17, 2005, a copy of which is attached as Exhibit "B" and incorporated herein.

(5) The Defendants, Crawford Central School District and the Crawford Central School Board, consist of a Board of nine members, elected at-large, who govern the District, and implements Board policy and state regulations through its principal administrators, the Superintendent of Schools, the Assistant Superintendent of Schools, and other professional and supervisory staff. The Board is the Supervisor of the Crawford Central School District. The Defendants' principal address is at 11280 Mercer Pike, Meadville, Pennsylvania 16335-9504.

(6) In implementing Board policy and state regulations, the Superintendent of Schools functions as the Chief Administrative Officer and is hired by the Board.

## IV. Statement of Facts

(7) The Plaintiff began employment with the Defendant School District in September 1989 at the Cochranton High School as a Spanish teacher. In January 1991, she

transferred to the Meadville Area Senior High School where she acquired tenure in 1993 as a professional employee.

(8) From 1989 through 1993, the Plaintiff received satisfactory performance ratings. However, the school administration rated her unsatisfactory for the 1993/94 school year. Plaintiff filed a grievance, which was sustained by an arbitrator on January 11, 1995. The unsatisfactory rating was removed and changed to a satisfactory rating. For the 1993/94 school year, the Plaintiff received a satisfactory rating.

(9) The Plaintiff was again rated unsatisfactory for the 1995/96 school year. On this occasion, the arbitrator also sustained her grievance and found the rating of unsatisfactory invalid, and ordered that all prejudicial data be removed from her personnel file.

(10) Plaintiff has a long history of depression and anxiety having had two previous psychiatric hospitalizations a St. Vincent Health Center. In 2001, her physician stated that she has classic panic attacks, gets anxious, experiences shortness of breath. During 2003 and 2004, her condition was diagnosed as severe, recurrent depression and panic disorder. From October 1997 to September 1999, Plaintiff was on medical sabbatical undergoing treatment for this chronic medical condition. In 1998, her condition was diagnosed as major depression with Psychotic features, and Post-Traumatic Stress Disorder at the St. Vincent Health Center, Erie, PA.

(11) Plaintiff received a satisfactory performance rating for 1999/2000 school year and another for the 2000/2001 school year.

4

(12)    In the 2001/2002 school year, the administration again rated Plaintiff unsatisfactory and, again, an arbitrator found in Plaintiff's favor, finding that the unsatisfactory performance rating was invalid and that her medical condition did not justify the negative evaluation that she received for the 2001/2002 school year. On February 9, 2005, the Court of Common Pleas of Crawford County, Pennsylvania sustained the arbitrator's award on appeal that was rendered in favor of the Plaintiff.

(13)    On April 11, 2003, the Plaintiff, again received an unsatisfactory performance regarding the unsatisfactory rating that Plaintiff received for the 2000/2003 school year. The arbitrator denied the Plaintiff's grievances including that which related to the unsatisfactory rating, however, he left the issue regarding Plaintiff's termination unresolved, pending receipt of the recent ruling handed down by the Court of Common Pleas of Crawford County in February 2005.

(14)    During her tenure with the School District, the Plaintiff has been suspended on October 15, 1997, three and one half (3 ½) days; and suspended on March 18, 2002 until May 24, 2002 because of the three(3) medical excuses that she had provided the school administrators; and on November 20, 2002, suspended three (3) days without pay, on March 18, 2003, suspended five (5) days without pay.

(15)    In April 2003, Plaintiff was wrongfully fired by the Defendant School District and the Board.

(16)    In October 1983, the Defendant Crawford Central School District was successfully sued for sexual and racial discrimination involving the employment of its administrative and managerial staff.

(17) It is reported that as of May 2004 that the Crawford Central School District services more than 4300 students, at least 300 of whom are minorities, but there are few, if any, teachers, counselors or administrators of color. During the past ten (10) years the School District has employed approximately two (2) or three (3) minority teachers, and not more than five (5) during the past twenty-five (25) years.

(18) From 1995 to 1999, a member of the Defendant Board brought to the attention of members of the Board on at least thirty (30) occasions the persistent discrimination problems in failing or refusing to hire minority teaching staff.

(19) The collective bargaining agreement does not waive the Plaintiff's rights to access this Court to adjudicate Plaintiff's federal employment discrimination claims.

V.    Causes of Action

Paragraphs 1 through 19 are incorporated in each of the following causes of action as though fully set forth.

FIRST CLAIM FOR RELIEF

(20) The named Defendants wrongfully and unlawfully abused, harassed, suspended, fired, and discriminated against the Plaintiff through their agents during her tenure as a teacher in the Crawford Central School District because of her race, national origin, sex and documented disabilities in violation of Title VII of the Civil Rights Act of 1964, (as amended, by the Civil Rights Act of 1991).

6

(21)    The Defendants, Crawford Central School District and the Board, unlawfully discriminated against the Plaintiff in that she was treated less favorably or more harshly than her professional teaching cohort and teaching staff, more specifically stated:

(a) Plaintiff's Spanish IV and V classes and permanent classroom were unfairly assigned to a non-minority teacher having less seniority and Plaintiff was reduced to having to perform as a "traveling teacher", moving to and from seven different classrooms and study hall.

(b) Plaintiff was denied the right to have a union representative at a parent-teacher conference on or about March 1996, although she requested it. The District refused to attend a scheduled hearing on the charges. As a result of filing charges of denial of union representation, the administration unjustifiably imposed on the Plaintiff several tardies of dubious validity.

(c) On or about April 1996, Plaintiff was publicly humiliated, abused, belittled, and disrespected in the presence of a colleague by the management and administration of the Meadville Area Senior High School. The administration of the school sought to muzzle and forbade plaintiff from conversing with her professional colleagues in the workplace.

(d) By ruling on August 9, 2005, the Court determined that Messrs. Dolecki and Heller are not personally suable or liable on the First Claim.

Paagraphs 1 through 21 are incorporated in the following causes of action.

7

## SECOND CLAIM FOR RELIEF

(e) The Defendants unlawfully retaliated against Plaintiff through their agents because she participated in Pennsylvania Human Relations Commission proceedings and was successful in obtaining from an arbitrator a reversal of three negative performance evaluations given to her by the school administration. Plaintiff filed her first Complaint with the Pennsylvania Human Relations Commission in March 1994 and received her first negative performance evaluation in June 1994. She filed a second complaint with the Commission in March 1996 and received a second negative evaluation in June 1996, which was overturned in August 1997. Then, written reprimands followed on October 1, 3, 7, and 10, 1997. On October 15, 1997, and March 18, 2002, Plaintiff was suspended for more than two (2) months, and again suspended on November 15, 2002 for three (3) days without pay, and again suspended for 10 days (five days without pay) on March 6, 2003).

(d) Plaintiff was inequitably and unfairly evaluated as evidenced, by the invalidation by the arbitrator of three (3) performance ratings rendered by the school administrator.

(e) Although a tenured teacher, plaintiff was more stringently micro-managed, scrutinized and subjected to a Professional Improvement Action Plan and sanctioned for tardiness more frequently than her co-workers.

(f) Plaintiff was wrongfully fired in April 2003 and not paid per the collective bargaining agreement for 185 days but rather for only 160 days.

8

(g) By ruling of August 2005, the Court determined that Messrs. Dolecki and

Heller are not personally suable and liable under the Second Claim.

Paragraphs 1 through 21 are incorporated in the following causes of action.

## THIRD CLAIM FOR RELIEF

(22)   The Defendants through the administration of the Meadville Senior High School

acting as agents of the School District and the Board created and maintained a

hostile working environment due to Plaintiff's gender, race, national origin and

disabilities, specifically in the following manner:

(a)   Plaintiff was subjected to a double standard in regards to her performance

evaluation.

(b)   The administration sought to undermine her authority to properly manage

the classroom and discipline students.

(c)   Students were allowed to disrespect, verbally assault Plaintiff with

impunity.

(d)   Upon return from medical sabbatical leave in 1999/2000 school year,

Plaintiff was reduced to a position inferior to the teaching position that she

held prior to taking the medical sabbatical leave.

(e)   The Plaintiff suffered intentional discrimination due to her gender. The

discrimination was pervasive and regular as documented by her medical

record. The discrimination detrimentally affected the Plaintiff. The

discrimination would have detrimentally affected a reasonable person.

9

The named defendants are responsible for creating and maintaining the
hostile working environment that cause damage to the Plaintiff.

(f)    For the school year 2001/2002, the Defendants unjustifiably and
unlawfully sought to use the Plaintiff's medical condition as a basis to
terminate her professional employment.

(g)    On March 18, 2002, the school administration as agents of the Defendants,
again subjected Plaintiff to the requirement of a medical examination and
unlawfully requested her resignation as a teacher in connection with a
proposed paid leave for the remainder of the school year of 2001/2002.

(h)    Plaintiff was fired and replaced by a younger white male, an act of sexual
discrimination.

(i)    By ruling on August 9, 2005, the Court determined that Messrs. Dolecki
and Heller are not personally suable and liable under the Third Claim.

Paragraphs 1 through 22 are incorporated in the following causes of action.

## FOURTH CLAIM FOR RELIEF

(23)    The Defendants violated the American With Disabilities Act (ADA) when they
fired her from her teaching position in April 2003 and have since evaded the legal
obligations owed to her by virtue of the ADA.

(24)    Since 1997, if not before, Plaintiff, has been diagnosed and documented as having
a medical condition characterized as severe recurrent depression with psychotic
features, high levels of anxiety, post-traumatic stress due to working conditions.

(25) Plaintiff can perform the essential functions of her teaching position, with or without reasonable accommodation. Therefore, Plaintiff is a qualified individual with a disability recognized within the meaning of the ADA.

(26) Because the Plaintiff has a record of mental, emotional and psychological impairment that substantially limits her major life activities, and has been so regarded as having such impairment by the Defendants, she was discriminated against by the Defendant through its employees and agents, with respect to professional advancement as a teacher, termination of her professional employment, and all benefits, in April 2003, and denied the attendant privileges of employment, constitutionally assured, on the basis of equality.

(27) The Defendants violated the ADA when they suspended Plaintiff on March 18, 2002 for more than two (2) months, and requested her resignation on the basis of a medical excuse, and refused or failed to provide Plaintiff with reasonable accommodation while she was under documented medical care which Defendants knew of or should have had knowledge.

(28) Plaintiff was unlawfully terminated from her employment because of a ADA documented disability that she received treatment and care for, psychotherapy.

(29) Upon return from medical sabbatical leave in 1999/2000 school year, Plaintiff was denied reasonable accommodation, reduced to a "traveling teacher", moving to and from seven different classrooms and study hall, stripped of her professional privileges of a permanent classroom and to teach higher level Spanish classes, and subjected to a continuing hostile work environment during school year 2001, 2002, and 2003.

(30)   In 2002, the Defendants unjustifiably sought to use the Plaintiff's medical
       condition as a basis to terminate her professional employment with the School
       District.

(31)   The Defendants retaliated against Plaintiff in violation of the ADA because she
       was successful in securing an Arbitration Awards, which invalidated three (3)
       negative annual performance ratings rendered by agents and employees of the
       School District and School Board.

(32)   By ruling on August 9, 2005, the Court determined that Messrs. Dolecki and
       Heller are not personally suable and liable under the Fourth Claim.

Paragraphs 1 through 32 are incorporated in each of the following causes of action as fully
set forth.

### FIFTH CLAIM FOR RELIEF

(33)   The Defendants violated Plaintiff's legal and Constitutional rights to enjoy the
       benefits, privileges, terms and conditions of contracting on the basis of equality
       per section 1981 of the Civil Rights Act of 1866.

(34)   In April 2003, Plaintiff's professional and contractual relationship was unfairly,
       unlawfully, and arbitrarily terminated by Defendants, Crawford Central School
       District and the Board including Michael Dolecki and Charles Heller III for
       pretextural and non-meritorious and discriminatory reasons.

(35)   For purposes of the Fifth Claim, Messrs. Dolecki and Heller are suable and
       possibly liable in their personal capacity; however, not suable or liable in their
       official capacity.

Paragraphs 1 through 35 are hereby incorporated by reference as though fully set forth herein.

## SIXTH CLAIM FOR RELIEF

(36)  The Defendant, Crawford Central School District and the Board are organized and operated under the laws of the Commonwealth of Pennsylvania.  It is believed that the Defendants are funded by state and federal public monies.

(37)  The unlawful and discriminatory employment practices in which the Defendants have engaged and the abusive acts of authority that the Defendants perpetrated on the Plaintiff were committed under the authority of state law and by and through their agents.

(38)  Through their agents, the Defendants violated Plaintiff's constitutional rights under Title 42 sections 1981, 1983 and the Fourteenth Amendment. The Defendants approved of, acquiesced in a longstanding custom, policy or tradition of denying Plaintiff and minorities equal employment opportunities and engaged in unlawful employment practices that exclude minority group members.

(39)  Because the constitutional wrongs and deprivations inflicted on the Plaintiff are continuing in nature the Plaintiff seeks injunctive relief since there is no adequate remedy at law to appropriately redress her pain and suffering, irreparable loss, damages and injuries.

(40)  Michael Dolecki and Charles Heller, III acted in  their personal capacities in perpetrating unlawful employment practices and actions against Plaintiff as outlined in the Sixth Claim.

13

Paragraphs 1 through 40 are hereby incorporated by reference in each of the following claims.

## SEVENTH CLAIM FOR RELIEF

(41)   The Defendants, Crawford Central School District and the Board unlawfully discriminated against Plaintiff regarding the terms, and conditions of her employment because of her race and national origin, sex, and disabilities and, therefore, violated the Pennsylvania Human Relations Act.

(42)   Michael Dolecki and Charles Heller acted in their personal capacities in aiding and abetting discrimination against the Plaintiff in violation of state anti-discrimination laws.  Although they knew or should have known that Plaintiff was being discriminated against in her efforts to obtain a teaching position with the School District, they not only refused to stop discriminatory employment actions against Plaintiff, but participated in the wrongdoings.

## EIGHTH CLAIM FOR RELIEF

(43)   The employment discrimination practiced on the Plaintiff by the Defendants, Crawford Central School District and its employees the Board and their agents damaged the Plaintiff economically, professionally, and inflicted severe emotional, psychological distress as well as, humiliation, degredation, and pain and suffering recoverable as a tortious claim under relevant state law.

14

Relief Sought

(1) Declare that the employment practices stated in the Complaint are unlawful and
    unconstitutional, and that they violate the Civil Rights Act of 1964, as amended,
    sections 1981 and 1983 of the Civil Rights Act of 1866, the American with
    Disabilities Act, and the Pennsylvania Human Relations Act.

(2) Order the Defendants to reinstate the Plaintiff in a tenured teaching position with the
    School District suitable with her professional background.

(3) Order the Defendants to make Plaintiff whole by providing appropriate back pay
    together with payment for loss of pension, retirement and other benefits, including
    medical benefits.

(4) Order the Defendants Crawford Central School District and the Board to make
    Plaintiff whole by providing appropriate compensatory, consequential and punitive
    damages in a maximum amount allowable under applicable state and federal law.

(5) Grant Plaintiff reasonable costs, and attorney fees;

(6) Grant other relief as this Court deems just, appropriate, and proper.

(7) Determine that Michael Dolecki, Superintendent and Charles Heller, III, Assistant
    Superintendent acted in their personal capacities in discriminating against Plaintiff as
    outlined in the Fifth Sixth and Seventh Claims For Relief and assess appropriate
    punitive damages against them, individually.

Respectfully submitted,

Caleb Nichols
Pa. Atty. No. (18773)
P.O. Box 1585
Erie, PA 16507
(814) 838-1877

16

**EXHIBIT A**

17

COMMISSIONERS
DAVID A. ALEXANDER
M. JOEL BOLSTEIN
TERESITA W. BRADDY
TIMOTHY CUEVAS
REV. DR. JAMES EARL GARMON, SR.
TONI M. GILHOOLEY
J. WHYATT MONDESIRE
DANIEL D. YUN

COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TT)
www.phrc.state.pa.us

Chairperson
STEPHEN A. GLASSMAN
Vice Chairperson
RAQUEL OTERO de YIENGST
Secretary
SYLVIA A. WATERS
Executive Director
HOMER C. FLOYD

July 2, 2004

Claudette De Leon
11983 Eureka Road
Edinboro, PA 16412

RE:    Claudette De Leon v Crawford Central School District
       Case No. 200204267
       EEOC No. 17FA361991

Dear Claudette de Leon:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43 P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assure that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

Elizabeth S. Shuster, Chief Counsel - Pennsylvania Human Relations Commission
301 Chestnut Street - Suite 300  P.O. Box 3145
Harrisburg, PA 17105-3145

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very truly yours,

Peggy J. Raynock

Peggy J. Raynock
Director of Compliance
PJR: cmw
cc: John Paul Jones, PSEA

1 Yr Letter

RECEIVED
JUL - 6 2004

EXHIBIT B

16



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

*950 Pennsylvania Avenue, N.W.*
*Karen, Ferguson, EMP, PEB, Room 4239*
*Washington, DC 20530*

April 7, 2005

CERTIFIED MAIL
5061 0630

Ms. Claudette G. de Leon
c/o Caleb Nichols, Esquire
Attorney at Law
P.O. Box 1585
Erie, PA 16507-0585

Re: EEOC Charge Against Crawford Central School Dist.
    No. 17F200361991

Dear Ms. de Leon:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action against the above-named respondent under:

Title I of the Americans with Disabilities Act of 1990,
42 U.S.C. 12111, et seq.; and,
Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Crawford Central School Dist.

# ANDREWS & BEARD
## LAW OFFICES

ROBERTA BINDER HEATH

DIRECT DIAL: 814.940.8670
FAX: 814.943.0856
rbheath@andrewsbeard.com

DAVID P. ANDREWS
CARL P. BEARD
ROBERTA BINDER HEATH

PATRICK J. FANELLI
AIMEE L. WILLETT
NICOLE J. WINGARD

October 19, 2005

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

Re:  de Leon v. Crawford Central School District, et al.
     United States District Court for the Western District of Pennsylvania
     No. 05-126E

Dear Mr. Nichols:

Please be advised I have been in touch with Dr. Burstein, a psychiatrist, relative to scheduling the Independent Medical Examination of Ms. deLeon. Dr. Burstein's schedule is very tight and the one (1) day that he is available for the IME is November 30, 2005, at 1:30 p.m. at his office located at St. Clair Professional Office Building, 1050 Bower Hill Road, Pittsburgh, PA 15243. As Ms. deLeon is not working, I trust that this appointment is one she will be able to keep.

Enclosed please find two (2) HIPAA releases for Ms. deLeon to sign so we may obtain medical records from her mental health care provider. I will need the names and addresses verified and I will attempt to get these records as soon as possible. If you have records concerning Ms. deLeon's mental condition, kindly forward them to my attention and I will pay for the copying charges.

Thank you for your attention.

Very truly yours,

Roberta Binder Heath

RBH/pk
Enclosures
xc: Lori Metka, SCS
    Michael Dolecki, Supt.


EXHIBIT B

www.andrewsbeard.com
3366 LYNNWOOD DRIVE  PO BOX 1311  ALTOONA, PENNSYLVANIA 16603-1311
OFFICES ALSO LOCATED IN JOHNSTOWN, PA

October 31, 2005

Caleb L. Nichols
P.O. Box 1585
Erie, PA 16507

Roberta B. Heath, Esq.
Andrews & Beard Law Offices
3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA 16603-1311

Re:    DeLeon (vs) Crawford Central School District, et al, United States District Court for the
       Western District Court of Pennsylvania (No. 05-126-E).

Dear Ms. Heath:

I am in receipt of your letter of October 19, 2005 concerning your desire to schedule an appointment with Dr. Burstein to have my client, Claudette deLeon, undergo another Independent Medical Examination. Since my client was subjected to a psychiatric evaluation on May 3, 2002, at the direction of the Crawford Central School District, and was found able to return to work as of May 23, 2002, it is my opinion that there is no basis upon which your request to conduct another Independent Medical Examination should be allowed, (see Exhibits (1), (2), and (3)). There exists no justification to allow you to have unbridled access to my client's protected health information which includes her past, present and future physical or mental health condition. In following my client's wishes, we choose not to authorize disclosure of any additional data at this time. Should plaintiff testify at the anticipated trial proceeding, you will be allowed to cross-examine her on matters that are examined within the scope of direct examination. My view is that the plaintiff's mental state is not now an issue because Exhibit (3) makes clear that it was determined that she was able to return to work in May 23, 2002. The requested medical data is non-disclosable under the Privacy Rule ("standard for Privacy of Individually Identifiable Health Information, 45 C.F.R., Points 160 and 164") and the Physician Patient Privilege, Klovensky (v) Moore 57 D&C 4th 370 (2002).

For the foregone reasons and because Judge McLaughlin has not yet authorize discovery, I must decline your request for records concerning Ms. DeLeon's mental condition.



EXHIBIT
C

RECEIVED NOV 0 4 2005

If you have questions, please feel free to call.

Very truly yours,

Caleb L. Nichols, Esq.

Enc.

# ANDREWS & BEARD

L A W   O F F I C E S

DAVID P. ANDREWS
CARL P. BEARD
ROBERTA BINDER HEATH

PATRICK J. FANELLI
AIMEE L. WILLETT
NICOLE J. WINGARD

ROBERTA BINDER HEATH

DIRECT DIAL: 814.940.8670
Fax: 814.943.0856
rbheath@andrewsbeard.com

November 4, 2005

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

Re:  de Leon v. Crawford Central School District, et al.
United States District Court for the Western District Court of Pennsylvania
No. 05-126E

Dear Mr. Nichols:

I am in receipt of your letter dated October 31, 2005, relative to the Independent Medical Examination ("IME") scheduled for November 30, 2005, with Dr. Stuart Burstein. As your client's mental condition is at issue as a basis for her Americans with Disabilities claim in this lawsuit, and continues to be an issue as you indicated to me that Plaintiff is unable to actively seek employment due to her mental state, I believe that I am very clearly permitted to demand she undergo an Independent Medical Examination at this time. Certainly, her ability to work currently is of particular importance relative to any claim for front pay, and also in assessing past claims for damages.

Although I understand that discovery will not proceed until December 9, 2005, I was attempting to facilitate the discovery process moving along in an expedited manner. However, should you choose not to cooperate at this juncture, I will have no choice but to bring up your position with Judge McLaughlin at the scheduling conference December 9, 2005. At that time, I anticipate Judge McLaughlin will order your client to be cooperative both in providing all past medical records and in undergoing an IME. Unfortunately, because of Dr. Burstein's busy schedule, I have no idea when another appointment will be suitable. I am asking you to change your mind in this regard and keep the November 30th appointment, as I do not believe you have solid ground upon which to object.

Very truly yours,

Roberta Binder Heath

RBH/pb
xc:  Lori Metka, School Claim Services
Michael Dolecki, Superintendent


EXHIBIT
D

www.andrewsbeard.com
3366 LYNNWOOD DRIVE   PO BOX 1311   ALTOONA, PENNSYLVANIA 16603-13
OFFICES ALSO LOCATED IN JOHNSTOWN,       43.3430

# ANDREWS & BEARD

L A W   O F F I C E S

DAVID P. ANDREWS
CARL P. BEARD
ROBERTA BINDER HEATH
———
PATRICK J. FANELLI
AIMEE L. WILLETT
NICOLE J. WINGARD

ROBERTA BINDER HEATH

DIRECT DIAL: 814.940.8670
Fax: 814.943.0856
rbheath@andrewsbeard.com

November 8, 2005

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

Re:    de Leon v. Crawford Central School District, et al.
       United States District Court for the Western District Court of Pennsylvania
       No. 05-126E

Dear Mr. Nichols:

Enclosed please find HIPAA Authorizations for the following providers relative
to the above-referenced matter:

1.    M. Mercatoris, PhD & Associates, P.C.
2.    Saint Vincent Institute
3.    Edinboro Medical Center
4.    Lake Erie Women's Center

I would ask that you kindly have your client execute the Releases so that I may
obtain her medical records from the above providers. I thank you in advance for your
courtesy and cooperation in this regard.

Very truly yours,

Roberta Binder Heath

RBH/pk
Enclosure
xc: Lori Metka, SCS (w/o encs.)
    Michael Dolecki, Supt. (w/o encs.)



3366 LINNWOOD DRIVE   PO BOX 1311   Al    311   814.943.3304   Fax 814.943.3430
                                OFFICES                              PA

## AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

Name: <u>Claudette deLeon</u>
Birth Date: ___/___/___
Address: _____

Home Telephone Number: _____
Work Telephone Number: _____
Email Address: _____
Patient Identification Number and/or Social Security Number: _____

By signing this Authorization I authorize the person(s) and/or organization(s) described below to use and/or disclose my health information (information that constitutes protected health information as defined in the Privacy Rule of the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996) in the manner described below.

I have signed this form voluntarily to document my wishes regarding the use and/or disclosure of the health information described below in Section 1. of this form.

1.    **Description of Health Information I Authorize to be Used or Disclosed.** The following is a specific description of the health information I authorize to be used and/or disclosed (specific and meaningful description):

<u>Any and all medical records and reports including, but not limited to, office notes, x-ray reports, diagnostic studies.</u>

2.    **Persons/Organizations Authorized to Use and/or Disclose My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to use and or disclose the health information described above in Section 1. of this form.

M. Mercatoris, PHD & Associates, P.C.
462 Chestnut
Meadville, PA  16335

3.    **Persons/Organizations Authorized to Receive and/or Use My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to receive my health information from the person(s) and/or organization(s) described in Section 2 above. I understand that if the person(s) and/or organization(s) listed below are not health care providers, health plans or health care clearinghouses subject to federal privacy standards, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization. _____

4.   **Right to Revoke.**   I understand that I have the right to revoke this authorization at any time. I also understand that any revocation of this authorization must be in writing and directed to the persons/organizations identified in Sections 2. and 3. of this form. I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified in Sections 2. and 3. of this form have already made in reliance upon this authorization.

5.   **Expiration of Authorization.** This authorization will expire (choose and complete one):

    On _____ / _____ / _____
           MM     DD     YR

    Upon occurrence of the following event(s) related to my health care or to the purpose(s) for which I have authorized the use and/or disclosure of my health information:

_____

_____

I, _____ (please print name), have had an opportunity to review and understand the contents of this form. By signing this form, I am confirming that it accurately reflects my wishes.

_____     _____ / _____ / _____
Participant Signature                 MM    DD    YR

If signed by a personal representative, complete the following :

Name of personal representative _____
Relationship to participant or nature of authority (e.g. health care power of attorney, guardian or other statutory authorization): _____

Address: _____

                (Attach documents granting authority)

Email: _____
Work Telephone Number: _____
Home Telephone Number: _____

_____    _____ / _____ / _____
Signature of Personal Representative      MM   DD   YR

# AUTHORIZATION FOR USE AND DISCLOSURE
## OF PROTECTED HEALTH INFORMATION

Name: <u>Claudette deLeon</u>
Birth Date: _____ / _____ / _____
Address:

Home Telephone Number:
Work Telephone Number:
Email Address:
Patient Identification Number and/or Social Security Number:

By signing this Authorization I authorize the person(s) and/or organization(s) described below to use and/or disclose my health information (information that constitutes protected health information as defined in the Privacy Rule of the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996) in the manner described below.

I have signed this form voluntarily to document my wishes regarding the use and/or disclosure of the health information described below in Section 1. of this form.

1.     **Description of Health Information I Authorize to be Used or Disclosed.** The following is a specific description of the health information I authorize to be used and/or disclosed (specific and meaningful description):

Any and all medical records and reports including, but not limited to, office notes, x-ray reports, diagnostic studies.

2.     **Persons/Organizations Authorized to Use and/or Disclose My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to use and or disclose the health information described above in Section 1. of this form.

Saint Vincent Institute
717 State Street, Suite 16
Erie, PA 16501

3.     **Persons/Organizations Authorized to Receive and/or Use My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to receive my health information from the person(s) and/or organization(s) described in Section 2 above. I understand that if the person(s) and/or organization(s) listed below are not health care providers, health plans or health care clearinghouses subject to federal privacy standards, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization.

**4.    Right to Revoke.**   I understand that I have the right to revoke this authorization at any time. I also understand that any revocation of this authorization must be in writing and directed to the persons/organizations identified in Sections 2, and 3, of this form. I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified in Sections 2, and 3, of this form have already made in reliance upon this authorization.

**5.    Expiration of Authorization.** This authorization will expire (choose and complete one):

    On _____ / _____ / _____
         MM       DD       YR

    Upon occurrence of the following event(s) related to my health care or to the purpose(s) for which I have authorized the use and/or disclosure of my health information:

    _____

    _____

    _____

I, _____ (please print name), have had an opportunity to review and understand the contents of this form. By signing this form, I am confirming that it accurately reflects my wishes.

_____          _____ / _____ / _____
Participant Signature                      MM       DD       YR

If signed by a personal representative, complete the following :

Name of personal representative _____
Relationship to participant or nature of authority (e.g. health care power of attorney, guardian or other statutory authorization): _____
                                        (Attach documents granting authority)

Address: _____

_____

Home Telephone Number: _____
Work Telephone Number: _____
Email: _____

_____          _____ / _____ / _____
Signature of Personal Representative       MM       DD       YR

# AUTHORIZATION FOR USE AND DISCLOSURE
## OF PROTECTED HEALTH INFORMATION

Name: <u>Claudette deLeon</u>

Birth Date: ___ / ___ / ___

Address: _____

Home Telephone Number: _____

Work Telephone Number: _____

Email Address: _____

Patient Identification Number and/or Social Security Number: _____

By signing this Authorization I authorize the person(s) and/or organization(s) described below to use and/or disclose my health information (information that constitutes protected health information as defined in the Privacy Rule of the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996) in the manner described below.

I have signed this form voluntarily to document my wishes regarding the use and/or disclosure of the health information described below in Section 1. of this form.

1.    **Description of Health Information I Authorize to be Used or Disclosed.** The following is a specific description of the health information I authorize to be used and/or disclosed (specific and meaningful description):

<u>Any and all medical records and reports including, but not limited to, office notes, x-ray reports, diagnostic studies.</u>

2.    **Persons/Organizations Authorized to Use and/or Disclose My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to use and or disclose the health information described above in Section 1. of this form.

Edinboro Medical Center
450 Erie Street
Edinboro, PA 16412

3.    **Persons/Organizations Authorized to Receive and/or Use My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to receive my health information from the person(s) and/or organization(s) described in Section 2 above. I understand that if the person(s) and/or organization(s) listed below are not health care providers, health plans or health care clearinghouses subject to federal privacy standards, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization.

4.    **Right to Revoke.**   I understand that I have the right to revoke this authorization at any time.  I also understand that any revocation of this authorization must be in writing and directed to the persons/organizations identified in Sections 2, and 3, of this form.  I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified in Sections 2, and 3, of this form have already made in reliance upon this authorization.

5.    **Expiration of Authorization.**  This authorization will expire (choose and complete one):

_____ On _____ / _____ / _____
          MM        DD        YR

_____ Upon occurrence of the following event(s) related to my health care or to the purpose(s) for which I have authorized the use and/or disclosure of my health information:

_____

_____

_____

I, _____ (please print name), have had an opportunity to review and understand the contents of this form.  By signing this form, I am confirming that it accurately reflects my wishes.

_____          _____ / _____ / _____
Participant Signature                                        MM        DD        YR

If signed by a personal representative, complete the following :

Name of personal representative _____
Relationship to participant or nature of authority (e.g. health care power of attorney, guardian or other statutory authorization): _____
                                                        (Attach documents granting authority)

Address: _____

_____

Home Telephone Number: _____
Work Telephone Number: _____
Email: _____

_____          _____ / _____ / _____
Signature of Personal Representative                 MM        DD        YR

# AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

Name: _Claudette deLeon_
Birth Date: _____ / _____ / _____
Address: _____

Home Telephone Number: _____
Work Telephone Number: _____
Email Address: _____
Patient Identification Number and/or Social Security Number: _____

By signing this Authorization I authorize the person(s) and/or organization(s) described below to use and/or disclose my health information (information that constitutes protected health information as defined in the Privacy Rule of the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996) in the manner described below.

I have signed this form voluntarily to document my wishes regarding the use and/or disclosure of the health information described below in Section 1. of this form.

1.    **Description of Health Information I Authorize to be Used or Disclosed.** The following is a specific description of the health information I authorize to be used and/or disclosed (specific and meaningful description):

_Any and all medical records and reports including, but not limited to, office notes, x-ray reports, diagnostic studies._

2.    **Persons/Organizations Authorized to Use and/or Disclose My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations) to use and or disclose the health information described above in Section 1. of this form.

Lake Erie Women's Center
215 Holland Street
Erie, PA  16507

3.    **Persons/Organizations Authorized to Receive and/or Use My Health Information.** I authorize the following person(s) and/or organization(s)  (or classes of persons and/or organizations) to receive my health information from the person(s) and/or organization(s) described in Section 2 above. I understand that if the person(s) and/or organization(s) listed below are not health care providers, health plans or health care clearinghouses subject to federal privacy standards, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization.

4.    **Right to Revoke.**    I understand that I have the right to revoke this authorization at any time. I also understand that any revocation of this authorization must be in writing and directed to the persons/organizations identified in Sections 2, and 3, of this form. I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified in Sections 2, and 3, of this form have already made in reliance upon this authorization.

5.    **Expiration of Authorization.** This authorization will expire (choose and complete one):

On _____ / _____ / _____
        MM        DD        YR

Upon occurrence of the following event(s) related to my health care or to the purpose(s) for which I have authorized the use and/or disclosure of my health information: _____

_____

_____

I, _____ (please print name), have had an opportunity to review and understand the contents of this form. By signing this form, I am confirming that it accurately reflects my wishes.

_____    _____ / _____ / _____
Participant Signature                          MM        DD        YR

If signed by a personal representative, complete the following :

Name of personal representative _____
Relationship to participant or nature of authority (e.g. health care power of attorney, guardian or other statutory authorization): _____

Address: _____ (Attach documents granting authority)

Home Telephone Number: _____
Work Telephone Number: _____
Email: _____

_____    _____ / _____ / _____
Signature of Personal Representative          MM        DD        YR

P.O. Box 1585
Erie, PA 16507

November 15, 2005

Roberta B. Heath, Esq.
Andrews & Beard
P.O. Box 1311
3366 Lynnwood Drive
Altoona, PA 16603-1311

Dear Ms. Heath:

I have reviewed your letter of November 8, 2005 in which you requested that my client execute the enclosed documents, which would authorize for use and disclosure certain protected health information relating to my client. You requested that health records of my client that are in the possession of Dr. Mercatoris, Saint Vincent Institute, Edinboro Medical Center, Lake Erie Women's Center be released to you. Unfortunately, we must decline your request for reasons previously asserted under the HIPAA Privacy Provisions and because the plaintiff's mental condition is not an issue since the plaintiff was determined by the medical experts in 2002 to be able to return to work.

Very truly yours,

Caleb L. Nichols

Enc.



EXHIBIT
F

# ANDREWS & BEARD
L A W   O F F I C E S

DAVID P. ANDREWS
CARL P. BEARD
ROBERTA BINDER HEATH

PATRICK J. FANELLI
AIMEE L. WILLETT
NICOLE J. WINGARD

ROBERTA BINDER HEATH

DIRECT DIAL: 814.940.8570
FAX: 814.943.0856
rbheath@andrewsbeard.com

November 21, 2005

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

Re:    de Leon v. Crawford Central School District, et al.
       United States District Court for the Western District of Pennsylvania
       No. 05-126E

Dear Mr. Nichols:

On November 21, 2005, I received your letter dated November 15, 2005, wherein you refused to direct your client to sign the HIPAA releases concerning the Plaintiff's mental health condition. In your correspondence, you declined the request because you indicate that Plaintiff's mental condition is not at issue since Plaintiff was determined "oy medical experts in 2002 to be able to return to work." Thus, I am requesting clarification as to whether you intend to withdraw your Americans with Disabilities Claim at this point, and if by virtue of this letter, you are indicating to me that you will be waiving any claims for emotional distress or any other mental health conditions from 2002 through the present. I believe Plaintiff's refusal is an issue we will need to address and clarify with Judge McLaughlin at the initial status conference.

In addition, I have not yet heard from you as to whether the Proposed Joint Case Management Order is acceptable to you. I will wait to hear from you in this regard.

Very truly yours,

Roberta Binder Heath

RBH/pk
xc: Michael Dolecki, Superintendent


EXHIBIT
G

3366 LYNNWOOD DRIVE    PO BOX 1311    OFFICE    ...1311    814.943.3304    FAX 814.943.3430    N, PA

# ANDREWS
# & BEARD

L A W   O F F I C E S

ROBERTA BINDER HEATH

DIRECT DIAL 814.940.8670
Fax 814.943.0856
rbheath@andrewsbeard.com

DAVID P. ANDREWS
CARL P. BEARD
ROBERTA BINDER HEATH

PATRICK J. FANELLI
AMEE L. WILLETT
NICOLE J. WINGARD

November 23, 2005

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

Re:  de Leon v. Crawford Central School District, et al.
     United States District Court for the Western District Court of Pennsylvania
     No. 05-126E

Dear Mr. Nichols:

Due to your position, we have canceled the Independent Medical Evaluation
scheduled with Dr. Burstein for November 30, 2005. As I indicated before, this issue
will be taken up with Judge McLaughlin.

Very truly yours,

Roberta Binder Heath

RBH/pk
xc: Michael Dolecki, Superintendent
    Lori Metka, School Claims Services

3366 LYNNWOOD DRIVE   PO BOX 1311          -1311   814.943.3304   Fax 814.943.3430
                                 OFFIC              N, PA

EXHIBIT
H