IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON )
     Plaintiff )
          )
   vs.        )   (NO. 05-126E)
          )
CRAWFORD CENTRAL SCHOOL DISTRICT )
CRAWFORD CENTRAL SCHOOL BOARD )  Hon. Sean J. McLaughlin
          )
     Defendants )
          )  U.S. District Judge
          )
MICHAEL E. DOLECKI, SUPERINTENDENT )
          )
     Defendant )
          )
CHARLES E. HELLER, III, ASSISTANT )
SUPERINTENDENT )
          )
     Defendant )
          )  Plaintiff's Brief In Opposition To
          )  The Defendant's
          )  Motion to Compel Plaintiff's
          )  Cooperation, or in the alternative
          )  Motion to Dismiss
          )  Americans with Disabilities
          )  Act/Emotional Distress Claims
          )
          )  Filed on behalf of Plaintiff
          )
          )  Caleb L. Nichols
          )  P.O. Box 1585
          )  Erie, PA  16507
          )  phone:  (814) 838-1877

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT | ) | |
| SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |

<u>Plaintiff's Brief In Opposition To the Defendant's Motion To Compel Plaintiff to Submit to an Independent Medical Examination With A Psychiatrist of Defendant's Own Choosing and to Sign appropriate HIPAA Releases to permit Defendant access to Plaintiff's medical records relative to her Mental Health</u>.

The Plaintiff Claudette deLeon objects to and opposes the Defendant's motion on the following grounds, namely:

(1) Federal Rule of Civil Procedure 35(a) requires that Defendant make a requisite showing of "good cause" in support of the subject motion. The Defendant has made no showing that the mere fact that Plaintiff lodged a complaint of violation of the American With Disabilities Act (ADA) in the Fourth Claim for Relief of the First Amended Complaint and further seeks to recover emotional and psychological

damages in the Eighth Claim For Relief affords sufficient basis to grant Defendant's
Motion.

(2) Because Plaintiff seeks to hold the Defendant accountable and liable for violation of
ADA as consequence of her firing in April 2003, and for discriminatory acts
committed prior to April 2003, her mental condition since April 2003 is not relevant.
This is true because if a psychiatric examination showed that Plaintiff is able to return
to work, as was determined in 2002 by medical experts, it would not materially affect
the Plaintiff's ADA claim for the relevant period during which Plaintiff was
discriminated against and damaged by the Defendant.  Similarly, the converse would
be true because we must proceed on the established fact that when she was terminated
or fired she was capable of performing the essential functions of her teaching position
and that she was a qualified individual with a disability recognized within the ADA as
outlined in Paragraph 25 of the First Amended Complaint.  The requested medical
exam is not job related and justified on the basis of business necessity (ADA} 102(C)
(4)(A)).  No such showing has been made by Defendant.  The effort to pry into the
Plaintiff's condition without justification must be seen as a desire of the Defendant to
further stigmatize the Plaintiff with disability discrimination.  It is also Plaintiff's
contention that she was wrongly "regarded as" having an ADA disability during the
period, from 2002when she returned to work until 2003 when she was fired.

(3) It would be draconian and unjustified exercise of official authority to subject Plaintiff
to another independent medical examination and to grant the Defendants unbridled
access to her medical records, absent some showing why the requested medical
records are relevant and necessary at this juncture.  The only conceivable and relevant

reason for seeking Plaintiff's medical data and conducting an independent medical examination is to determine the measure of Plaintiff's damages incurred since she was fired in April 2003 and whether she is capable of returning to work. However, the nature of that inquiry at this time is speculative, wrongheaded, and constitutes a fishing expedition. The fact-finding of the Court does not necessitate this type of disclosure.

Here, the Plaintiff's confidential medical information is not at issue for reasons stated above. Therefore, there is no basis to require the Plaintiff to release the requested medical data and to undergo the medical examination. Relevant Pennsylvania case law requires the Defendant to show a compelling state interest to justify overriding the physician-patient privilege. Klovensy (v) Moore 337 D&C 4th 70 (2002).

(4) The proposed Order which the Defendant prepared for the Court's execution is in violation of the Privacy Standards of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) 45 C.F.R., Parts 160 and 164). By its terms it seeks to compel compliance. Yet, the Form (Authorization for Use and Disclosure of Protected Health Information) expressly provides that the Plaintiff voluntarily authorize or sign the document authorizing disclosure.

(5) Further, there is no indication that the Defendant's request complies with the Pennsylvania Mental Health Procedure Act. (50 P.S.}7101 et seq.; 55 Pa. Code}}5100.1 et seq.). Hahnemann University Hospital (v) Edgar 74 F. 3d 456 (3d Cir.1996).

(6) Arguably, the Pennsylvania Physician-Patient Privilege applies in this case because the Plaintiff's medical condition is not an issue—discrimination on the basis of disability and/or perceived disability is an issue. (42 P.S. } 5928; Commonwealth ex rel Romanowicz (v) Romanowicz 213 Pa. Super. 382, 248 A. 2d 238 (Pa. Super. Ct. 1968); Klovensky (v) Moore, supra, p. 377). Regarding the query posed by the Defendants in Paragraph (8) of their Motion To Compel, they should be advised that traditional tort claims such as those set forth in the Eighth Claim For Relief of the First Amended Complaint are the natural consequences of the damages that Plaintiff has sustained. Klovensky supra, ruled that the assertion of a tortious claim in this instance does not put Plaintiff's mental health at issue (p. 377).

(7) The foregoing federal and state mandate require the Court to pursue a course of action that is least invasive of Plaintiff's constitutional and statutory Privacy Rights, i.e., to consider and grant Plaintiff's motion for Partial Summary Judgment for violation of the ADA as outlined in the Fourth Claim for Relief of the First Amended Complaint (which is submitted herewith). While not conceding that the Plaintiff's medical records are accessible, if at all, they are disclosable only for the probative purpose of establishing Plaintiff's ADA disability and damages, and liability on the part of Defendant.

Respectfully submitted,

Caleb L. Nichols
Caleb L. Nichols
Attorney for Plaintiff
Claudette deLeon