IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
|     Plaintiff | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
|     Defendants | ) | Motion For Partial Summary |
| | ) | Judgment |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT | ) | SCANNED |
| SUPERINTENDENT | ) | |
| | ) | |
|     Defendant | ) | |

### Motion For Partial Summary Judgment For Plaintiff Claudette deLeon

Plaintiff, Claudette deLeon, by the undersigned attorney, respectfully moves the Court for a ruling finding that the Defendants, Crawford Central School District, and the Crawford Central School Board, violated Plaintiff's federal and constitutional rights under the American with Disabilities Act (ADA) and unlawfully discriminated against Plaintiff, as well as violated their statutory obligations, to the Plaintiff to provide reasonable accommodations, such that:

(1) It fired Plaintiff in April 2003 for pretextural reasons while, in fact, Plaintiff could perform the essential functions of her teaching position and was a qualified individual with a disability within the ADA at the time she was fired as outlined in the Fourth Claim for Relief of the First Amended Complaint. (Exhibit 1)

(2) From at least the 1999/2000 school year until 2002 when Plaintiff was required to undergo an independent medical examination, the Defendants failed to reasonably accommodate Plaintiff as required by the ADA for disability discriminatory reasons outlined in the Fourth Claim For Relief.

(3) The First Amended Complaint, in particular Paragraphs 10, 22(f) and (g), 24, 26, 28, and 30, thereof establishes the Plaintiff's longstanding record of disability within the meaning of ADA. These allegations, which can be documented, also justified that the Plaintiff's claim is cognizable within the meaning of ADA.

(4)   From May 23, 2002, the date Plaintiff was determined medically capable of returning to work, until she was fired in April 2003, Plaintiff was regarded as disable because the Defendant mistakenly, wrongly, and discriminatorily disregarded the medical directive issued by the medical expert, Dr. McFadden, in 2002 finding the Plaintiff medically able to return to work. (Exhibit 2).

(5)   Because the Defendants continued to regard the Plaintiff as disabled and fired her in 2003, it violated the ADA on discriminatory basis. The Defendants fired the Plaintiff for pretextural and non-meritorious reasons. However, the Plaintiff was, in fact, fired principally because of her ADA condition. The entire history and context of this case and the manner in which the Defendants dealt with the Plaintiff that culminated in her firing establish the ADA claim (see: Exhibits 3, 4, 5, 6, 7, 8, 9 and 10).

(6)   As alleged in Paragraph 23 of the Fourth Claim For Relief, the Defendants breached, violated and evaded the statutory legal obligations which they owed the Plaintiff by virtue of ADA.

Respectfully submitted,

*Caleb L. Nichols*
Caleb L. Nichols
Attorney for Plaintiff
Claudette deLeon

<u>deLeon (v) Crawford Central School District et al (Memorandum of Law In Support of Motion For Partial Summary Judgment)</u>

Because the Defendants have requested that the Plaintiff divulge confidential data relating to her mental condition and assert that the Plaintiff's condition is an issue in this case, Plaintiff urges the Court to address Plaintiff's Motion For Partial Summary Judgment when it rules on the Defendant's Motion to Compel Production of Plaintiff's Medical data.

Rule 54(b) of the Federal Rules of Civil Procedure makes it possible for the Court to adjudicate Plaintiff's ADA claim at this juncture. There is no just reason for the Court to wait and not decide the ADA claims. <u>Berckeley Investment Group, Ltd (v) Colkitt</u> 259 F. 3d 135 (2001).

First, Plaintiff can establish a prima facie case of discrimination of failure to accommodate under the ADA on the part of the Defendants. Plaintiff can demonstrate that (a) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodations by the employer; and (3) she was fired because of discrimination. <u>Gaul (v) Lucent Technologies, Inc.</u> 134 F 3d 576, 580 (3rd Cir. 1998). For probative purposes, Plaintiff can make available her medical records to establish the nature of her disability, the failure to accommodate her disability by the Defendant, and the period during which the Defendants wrongly regarded Plaintiff as being disabled even though it had been medically determined that she was able to perform her job and was ordered to return to work.

Second, in the aggregate, the requirements to which the Defendant subjected Plaintiff including the referral to a medical examination, the wrongful request for her resignation for medical reasons, and her firing for medical reasons although couched in pretextural reasons, makes out a case of violation of the ADA on the basis of "regarded as" disabled claims. <u>Taylor (v) Pathmark Stores, Inc.</u> 177 F 3d 180 (3rd Cir. 1999)

Third, the Third Circuit has ruled that an employer's perception that an employee cannot perform a class of jobs suffices to make out a "regarded as" claim and that "regarded as" employees have the right to reasonable accommodation. <u>Williams (v) Philadelphia Housing Authority Police Department</u> 380 F. 3d 73, ( 3rd Cir. 2004).

Fourth, a person can claim to be disabled in three ways under ADA. (42 U.S.C. } 12102 (2). Plaintiff's Fourth Claim For Relief of the First Amended Complaint makes out a case that Plaintiff has legally cognizable claims under ADA for all three reasons.

Fifth, in firing Plaintiff in April 2003, as alleged in Paragraph 23 of the First Amended Complaint, the Defendants violated their obligations of reasonable accommodations imposed by ADA, as a matter of law. Authoritative sources declare that a failure to provide a reasonable accommodation claim is based on the expressed requirements of ADA and does not turn on whether the employer discriminated against the Plaintiff. Accordingly, the intent of the employer is not relevant and no burden shifting analysis is necessary. (Oncidi, <u>Employment</u>

<u>Discrimination Deposition,</u> Juris Publishing (2005) (p. 281). Thus, on this authority, the Defendants violated Plaintiff's ADA rights as a matter of law.

*Caleb Nichols*

12/23/05