IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON<br>　　　　Plaintiff<br><br>　　　　Vs.<br><br>CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD<br><br>　　　　Defendants<br><br>MICHAEL E. DOLECKI, SUPERINTENDENT<br><br>　　　　Defendant<br><br>CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT<br><br>　　　　Defendant | (NO. 05-126E)<br><br><br><br><br><br><br><br><br><br><br><br>Document:<br><br>Motion to Compel<br>Plaintiff to Produce<br>Income Tax Returns for<br>the Years 2003 through<br>2005<br><br>Filed on behalf of<br>Defendants by:<br>**ANDREWS & BEARD**<br><br>Roberta Binder Heath, Esquire<br>Pa.Id. No. 50798<br><br>3366 Lynnwood Drive<br>Altoona, PA 16602<br>phone: 814-943-3304<br>fax: 814-943-0856 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON | ) |
|          Plaintiff | ) |
|          Vs. | )  (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | ) |
|          Defendants | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) |
|          Defendant | ) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT | ) |
|          Defendant | ) |

## MOTION TO COMPEL PLAINTIFF TO PRODUCE
## TAX RETURNS FOR 2003 AND 2005

AND NOW, comes Counsel for Defendants, Crawford Central School District and Crawford Central School Board, Michael E. Dolecki, Superintendent, and Charles E. Heller, III, Assistant Superintendent, relative to filing this Motion to Compel Plaintiff to Produce Tax Return for 2003 and 2005, which information is relative to this lawsuit relative to Plaintiff's creditability and mitigation of damages, and in support there of, state the following:

    1.    Plaintiff's Amended Complaint specifically requests damages including back and front pay, compensatory damages under various theories pursuant to Title VII of the Civil Rights Act of 1964, <u>as amended</u>, and the

Americans With Disabilities Act. (See Plaintiff's Amended Complaint at Requests for Relief)

2. The law is well-settled that, under Title VII causes of action, Plaintiff's have a duty to mitigate damages by seeking suitable employment, and those who fail to carry out this obligation forfeit their right to continuing back pay. Civil Rights Act of 1964, § 706 (g), as amended, 42 U.S.C.A. § 2000 e-5(g).

3. In this regard, Plaintiff must meet her burden to show that she attempted to mitigate her damages buy utilizing "reasonable diligence". Id.

4. The burden of proving that a Title VII Plaintiff failed to exercise reasonable diligence in seeking out other employment rests with the employer. For purposes of the Civil Rights Act requiring reduction of a back pay award by the amount the Plaintiff actually earned, or could have earned through the excises of reasonable diligence, the employer has the burden of proof. This burden may be satisfied by establishing that Plaintiff failed to diligently pursue substantially equivalent positions that were available and that Plaintiff failed to use reasonable care and diligence in seeking such positions. Id.

5. The potential reduction of a back pay award by any amount a Title VII Plaintiff earned or could have earned through exercise of reasonable diligence is critical in this case. Defendants have deposed Plaintiff who provided some information concerning her attempts to mitigate her damages from the time of her termination through the present. She did provide some limited documentation to this effect. However, Plaintiff herself admits that she is unable

to obtain all pertinent information because her computer has a "virus", and thus, she cannot access information pertinent to her attempts to utilize "reasonable diligence" to obtain substantially suitable employment in order to mitigate her damages. Plaintiff did testify also to the fact that she had worked at several part-time jobs and is now currently employed in a bi-lingual telemarketing company. However, no information has been provided relative to any income earned. (True and correct copy of experts from Plaintiff's Deposition transcripts are attached here to collectively and marked Exhibit "A".)

6. Because Plaintiff was not clear about the money that she has earned from the time of her termination to the present, on March 24, 2006, the Defendants issued a subpoena to Claudette DeLeon requesting her income tax returns for 2003, 2004 and 2005. Defendants requested that the Plaintiff bring these documents at the time of the conclusion of her Deposition April 4, 2006. At that time, Plaintiff's counsel refused to comply with the subpoena and provided me with a written response indicating that he believed that the income tax returns were "privileged and confidential" and were not subject to discovery because Plaintiff's "earning capacity or financial condition" was not an issue. (A true and correct copy of Plaintiff's counsel's written response is attached here to be marked as Exhibit "B".)

7. Despite attempt at conciliation Plaintiff has refused to produce these income tax returns. (See letter dated April 26, 2006 as Exhibit "C")

8. This wage information is relevant and the proper subject of discovery in a Title VII Action, particularly where back pay is at issue. These tax

returns provide information relative to mitigation of damages and also as to Plaintiff's credibility concerning the work that she had performed, the length of time she performed said work, and the amount of compensation she received for the work to which testified about at her deposition. Plaintiff can cite no legal precedent which would limit Defendant's ability to obtain the tax returns of Plaintiff in this Title VII Action.

WHEREFORE, Defendants respectfully request of this Honorable Court mandate Plaintiff's compliance with the Subpoena previously served and compel her to provide her Income Tax Returns for the years for 2003 through 2005.

Respectfully submitted:

ANDREWS & BEARD

/s/Roberta Binder Heath, Esq.
Pa. I.D. No. 50798

Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

    The undersigned attorney does hereby certify that the foregoing Motion to Compel Plaintiff's Cooperation, or in the alternative, Motion to Compel Plaintiff to Produce Income Tax Return for the years 2003 through 2005 has been served as follows on this the ____day of May 2006.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

<u>/s/Roberta Binder Heath, Esquire</u>
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
(814) 940-8670