IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
|       Plaintiff | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
|       Defendants | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
|       Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| | ) | |
|       Defendant | ) | |

Document:

Brief in Support of Defendants' Motion to Compel Plaintiff to Produce Income Tax Returns for the Years 2003 through 2005

Filed on behalf of Defendants by:
**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
phone: 814-943-3304
fax: 814-943-0856

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | (NO. 05-126E) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| | ) | |
| Defendant | ) | |
| | ) | Document: |
| | ) | |
| | ) | Brief in Support of Defendants' Motion to Compel Plaintiff to Produce Income Tax Returns for the Years 2003 through 2005 |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF PRODUCTION OF TAX RETRUNS FOR THE YEARS 2003 THROUGH 2005**

AND NOW, come the Defendants, Crawford Central School District and Crawford Central School Board, Michael E. Dolecki, Superintendent, and Charles E. Heller, III, Assistant Superintendent, relative to filing this Brief in Support of Defendants' Motion to Compel Plaintiff to Produce Tax Return for 2003 and

2005, which information is relative to this lawsuit relative to Plaintiff's creditability and mitigation of damages, and in support thereof, states the following:

**I Introduction**

Because Plaintiff has requested that she receive back pay in a Title VII action currently before this Honorable Court, the issue of mitigation of damages is critical to the Defendants' position. In response to the Defendants' Subpoena served March 24, 2006, Plaintiff's Counsel specifies the following reason for his refusal to Comply with Defendant's Request for the Income Tax returns (See Exhibit "B")

> "Unfortunately, the plaintiff must decline to honor your request because it seeks income tax returns which we view as privileged and confidential. Nothing involving the lawsuit initiated by the plaintiff, to date, has put her earning capacity or financial condition in issue. Iorio v. Carnegie Borough D&C 3rd 236 (1980). Copies of federal income tax returns retained by plaintiff are privileged from inspection by Defendants where plaintiff has not placed her earning capacity in issue. McDonald v. Linton's Lunch 10 Pa. D&C 2d 528. Under Pennsylvania Rules of Evidence 402 and 403, a party's financial condition is normally non-disclosable unless it is shown to have unusual relevance to the matter at trial. To date, defendants have made no such showing.
> Accordingly, we advise that you withdraw the subpoena. If, however, you seek to enforce it we will request that I be quashed on the grounds that it is overbroad, overreaching, irrelevant and violative of plaintiff's constitutional rights of privacy. (Pa. R.C.P. No. 234.4) Lunderstaudt v. Pa. House of representative 519 A. 2d 408 (Pa. 1986)." (See Exhibit "B")

**II Legal Argument**

The case law sited by Plaintiff in the response to the request for the Subpoena of the tax returns has do not involve Title VII actions. Furthermore, Plaintiff requests front pay as a remedy. An award of front pay is discretionary.

Thus, the mitigation of damages, or Plaintiff's failure to mitigate damages is crucial in the court's decision as to whether or not to award any future damages to the Plaintiff in the Title VII Action. Although the Third Circuit Court of Appeals has expressed a preference for a more precise remedy to make Plaintiffs "whole", that is back pay coupled with reinstatement, the Court has also emphasized that in certain instances, such as the one at hand, reinstatement is not always feasible. (See Maxfield v. Sinclair Int'l., 766 F. 2d 788, 796 (3d Cir. 1985), cert. denied, 474 U.S. 1057 (1986). Thus, the mitigation of damages issue is critical in this case both to an award of front and back pay, and certainly the Defendant's are entitled to determine the amount of money Plaintiff has made from the time of her termination in April 2003 up through and including the date of trial. The easiest method by which to determine this information, particularly in light of Plaintiff's vague testimony concerning her efforts to mitigate damages and her various part-time job over the two period, is by the virtue of the production of tax returns.

As a core concept, the discovery process under the Federal Rules of Civil Procedure is liberal and designed to permit a free flow and exchange of pertinent information. It is well – settled that the discovery is allowed in any matter that is relevant to the claim or defense of any party in the pending action which is not subject to the specific privilege. e.g. Schoffstall v. Hendersen 223 F. 3d 818, 823 (8th Cir. 2000); Roehrs v. Minnesota Ins. Co., 228 S.R.D. 642 (D. Ariz. 2005). In this regard, Plaintiff's claim of privilege concerning her tax return information is without merit. Plaintiff by virtue of her request for particular relief has put her

financial condition at issue specifically. Although the term "relevant" is not defined by the Federal Rules of Civil Procedure, the application utilized by the Courts was extremely broad prior to the 2000 amendments. <u>United Oil Co. Inc. v. Parts Assoc. Inc.</u> 227 S.R.D. 404 (D. MD. 205). Courts have defined "relevant to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." See <u>Kidwiler v. Progeressive Paloverde Ins. Co.</u> 192 FRD 193, 199 (M.D.W. VA. 2000). The 2000 amendments changed the scope of discovery from matters "relevant to subject matter involved in the pending action" to matters "relevant to the claim or defense of any party". See, <u>Sallis v. University of Minn.</u>, 408 F.3d. 470, 477-478 (8th Cir. 2005). The Advisory Committee did not define the distinction, but indicated that it wanted the focus of discovery to be the actual claims or defenses in the action, did does not want discovery to be used to develop new claims or defenses not already pleaded. (The Advisory Committee's note to the 2000 amendment to Rule 26 (b)(1)). However, in the case at hand, this distinction is one without a difference. Obviously, in order to defend this case properly the Defendants are entitled to the Plaintiff's tax returns in order to determine if there can be any offset on a potential award of back pay. In addition, it is also particularly germane to Plaintiff's credibility in light of the fact that her recitation of her attempts to mitigate her damages and the part-time employment she has enjoyed since her termination was convoluted and incomplete at best (Exhibit A).

    It is well-settled under the law that back pay in a Title VII Action is awardable and front pay is also awardable as a matter of discretion. Although,

an award of back pay for violation in Title VII is not mandatory, back pay is routinely awarded to successful Plaintiffs absent a compelling reason to deny it, consistent with Title VII's objective of placing the Plaintiff in a position she would have enjoyed had there been no discrimination.  Civil Rights Act of 1964 § 706(g), as amended, 42 U.S.C.A. § 2000e-5 (g).  See also, Gallo v. John Powell Chevrolet Inc. 779 F. Supp. 804 (M.D. Pa 1991).  Title VII imposes a two-year statutory cap on the amount of back pay awardable and the PHRA imposes a three year cap.  Bereda v. Pickering Creek Ind. Park, Inc. 865 F. 2d 49, 54 (3d Cir. 1989), citing Albemarle Paper Co. v. Moody 422 U.S. 405, 410 (1985).

It cannot be disputed the Plaintiff has a duty to mitigate damages, which duty includes searching for and retaining "substantially equivalent" employment. Ford Motor Co. v. EEOC 458 U.S. 219, 231 (1982).  It has been a well accepted practice that tax returns would be discoverable in order to calculate the appropriate remedy in Title VII cases.  C.F. Polesnak v. R.H. Management Systems Inc. 1997 W.L. 109, 245 (W.V. Pa. 1997)  See also, Fini v. Remington Arms Co. Inc. 1999 W.L. 825, 604 (M.D. Del. 1999); Gelof v. Papineau 648 F. Supp. 912 (D. Del. 1996), affirmed in part, vacated in part on other grounds, 829 F. 2d 452 (3d Cir. 1987).

It is undisputed that Title VII Plaintiff's have a duty to mitigate damages by seeking suitable employment and those who fail to carry out this obligation forfeit the right to obtain back pay.  Even if Plaintiff is successful in proving that she used reasonable diligence in attempting to mitigate damages, the employer nonetheless is entitled to an offset of the back pay award by the amount of

monies earned by the Plaintiff during the time frame in question between termination and time of trial.  Consequently, the information contained in the tax returns is relevant and critical to Plaintiff's defense of the case.

WHEREFORE, we respectfully request that this Honorable Court enter an Order specifying that Plaintiff be compelled to produce tax return for the years 2003 through 2005 and also have an ongoing obligation to continue production of income statements through the time of trial.

Respectfully submitted:

ANDREWS & BEARD

/s/Roberta Binder Heath, Esq.
Pa. I.D. No. 50798

Counsel for Defendants