IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | (Civ. Dkt. 05-126 Erie) |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | Judge Sean J. McLaughlin |
| Defendants, | ) | |
| | ) | |
| MICHAEL E DOLECKI, SUPERINTENDENT | ) | |
| (Suable and Liable in Personal Capacity) | ) | |
| Defendant | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| (Suable and Liable Personal Capacity) | ) | |
| Defendant | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF TAX RETURNS FOR THE YEARS 2003 THROUGH 2005**



FILED
'06 MAY 11 P1:47
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs.  ) | (Civ. Dkt. 05-126 Erie) |
| ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT ) | |
| CRAWFORD CENTRAL SCHOOL BOARD ) | |
| ) | Judge Sean J. McLaughlin |
| Defendants, ) | |
| ) | |
| MICHAEL E DOLECKI, SUPERINTENDENT ) | |
| (Suable and Liable in Personal Capacity) ) | |
| Defendant ) | |
| ) | |
| CHARLES E. HELLER, III, ASSISTANT ) | |
| SUPERINTENDENT ) | |
| (Suable and Liable Personal Capacity) ) | |
| Defendant ) | |

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF PLAINTIFF'S TAX RETURN

(1) Quash Defendant's Subpoena

The Plaintiff requests the Court to quash the subpoena which the Defendant previously served and that seeks to compel Plaintiff to produce her Income Tax Returns for the years for 2003 through 2005. The subpoena issued by Defendant should be quashed because it is overbroad, overreaching, irrelevant and violative of Plaintiff's constitutional rights of privacy. (Pa. R.C.P. No. 234.4); Lunderstadt (v) Pa. House of Representative 519 A. 2d 408 (Pa. 1986). Pennsylvania Courts have denied motions to compel the production of 1099 tax forms where the inquiry was determined to be prejudicial and too intrusive and called for the production of any and

all 1099 tax forms.  Mohn (v) Hahnemann Medical College & Hospital 515 A. 2d 920 ( Pa. Super. 1986).

A more recent Pennsylvania Superior Court refused to compel production of 1099 tax forms which were not shown to be relevant to the subject litigation.  J.S. (v) Whetzel 860 A. 2d 1112 ( Oct. 20, 2004).  Under Pennsylvania Rules of Evidence 402 and 403, a party's financial condition is normally non-disclosable unless it shown to have unusual relevance to the matter at trial.

(2)    Defendant's Burden of Proof And Duty To Mitigate

The Defendant has issued to the Plaintiff a subpoena which call for Plaintiff to produce her tax returns for at least three tax years.  It is said that Plaintiff's tax records are needed because they relate to the Plaintiff's duty to mitigate damages by seeking suitable employment, and to ascertain whether the Plaintiff used reasonable diligence in seeking new employment.  It is also asserted that income that the Plaintiff earned or could have earned through reasonable diligence is critical in reducing the back pay award by any amount that Plaintiff may be awarded in this lawsuit.

In this case, there is deposition testimony provided by Plaintiff that she has sought varied employment consistent with Plaintiff's duty to mitigate her damages.  However, there is authority for the view that the mitigation requirement does not apply in this case because, as a Title VII Plaintiff, it is the Defendant's discriminatory conduct which resulted in the circumstance that prevents the Plaintiff from finding other compensable and suitable professional employment.  Lathaem (v) Department of Children and Youth Services 172 F 3d 786, 798, 79 FEP Cases 1267 (11th Cir, 1999).  Plaintiff has advised her Counsel that since her firing by Crawford Central School District in April 2003 she has subsisted on unemployment compensation benefits, Veteran's Administration benefits and the relatively meager income (without benefits) that she currently earns from her employment with a telemarketing company.  It is particularly obnoxious on the part of the School District, having wrongfully fired Plaintiff and sought to disrupt and destroy her professional career,

now insists that she divulge her tax returns so that any earning that she has realized since the firing can be used to mitigate, reduce, or offset any amount of liability that the School District may be liable as a result of the lawsuit.

First, the School District has failed to show that Plaintiff had a duty to mitigate in this circumstance because it placed her in this unenviable position. Second, the School District has made no showing that Plaintiff has not made reasonable diligence in searching for suitable employment, even though that is the School District's burden. Munoz (v) Dreamside Resorts 223 F. 3d 1340 (11th Cir. 2000).. Third, any claim that the Plaintiff may assert for back and/or front pay can be readily calculated by personnel documentation that is already in possession of the School District. Fourth, there is compelling reasons to apply the collateral source rule in the subject employment discrimination case because it prevents the discriminatory employer from avoiding liability and reaping a windfall as well as promotes the deterrence functions of anti-discriminations laws. Hamlin (v) Charter Township of Flint 165 F. 3d 426, 432 (6th Cir. 1999).

This simply means that discriminatory employers should not benefit by way of offset from payments made to employees from collateral sources. In the case of NLRB (v) Gullet Co. 340 U.S. 361, 364 (1951), the Supreme Court ruled that collateral public benefits are not used as partial offsets to an award of back pay. It is clear that the burden of establishing facts in mitigation of the back pay liability is on the violator. Berger (v) Iron Workers Reinforced Rodmen 170 F. 3d 1111, 1133-34 (D.C. Cir. 1999).

(3) Plaintiff's Wage Information is Not Relevant And Proper Subject of Discovery In This Case

Further in the case of Gelof (v) Papineau 829 F. 2d 452 (3rd Cir. 1987) the Third Circuit has ruled that unemployment compensation benefits may not be set off against back pay. Craig 721 F2d 84-85. In the case at hand, a component part of Plaintiff's subsistence since her firing, has been received as unemployment compensation benefits.

Next, it is important to note that the Third Circuit opined in <u>Blum (v) Witco Chemical Corp.</u> 829 F. 2d 367 (3d Cir. 1987) that lost pension benefits are recoverable as front pay. In the case at hand, Plaintiff lost substantial pension benefits due to her unlawful firing in 2003. These benefits are recoverable as front pay under <u>Blum</u>, supra. Moreover, the Third Circuit in <u>McDowell (v) Artex Fibers, Inc.</u> refused to allow pension benefits to be deducted from Plaintiff's back pay award, reasoning that pension benefits are distinguishable from back pay.

Plaintiff, therefore, respectfully request the Court to quash the subpoena and deny the Defendants' motion to compel to produce the returns for the years 2003 through 2005, as well as, any continuing obligation of production of income statements through the time of trial.

                                        Respectfully submitted,

                                        *Caleb Nichols*
                                        Caleb Nichols
                                        Counsel for Claudette deLeon