IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON<br>   Plaintiff | )<br>)<br>) |
| Vs. | )   (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD<br>   Defendants | )<br>)<br>)<br>)<br>) |
| MICHAEL E. DOLECKI, SUPERINTENDENT<br>   Defendant | )<br>)<br>) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT<br>   Defendant | )<br>)<br>) |

Document:
Motion Requesting a
Preliminary Ruling on
Effect and Admissibility of
Prior Arbitration Decisions
Relative to Collective
Bargaining Agreement

Filed on behalf of
Defendants by:
**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
phone: 814-943-3304
fax: 814-943-0856

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON | ) |
| Plaintiff | ) ) ) |
| Vs. | )    (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | ) ) ) |
| Defendants | ) ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) ) |
| Defendant | ) ) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT | ) ) ) |
| Defendant | ) |

**DEFENDANT'S MOTION REQUESTING A PRELIMINARY
RULING ON EFFECT AND ADMISSABLITY OF PRIOR ARBITRATION
DECISIONS RELATIVE TO COLLECTIVE BARGAINING AGREEMENT**

AND NOW, comes Defendants, Crawford Central School District and Crawford Central School Board, Michael E. Dolecki, Superintendent, and Charles E. Heller, III, Assistant Superintendent, relative to filing this Motion Requesting a Preliminary Ruling on Effect and Admissibility of Prior Arbitration Decisions Relative to the Collective Bargaining Agreement.

1.   Plaintiff's Amended Complaint asserts various causes of action against Defendants, asserting claims pursuant to Title VII, Section 1983, the Americans with Disability Act, the Pennsylvania Human Relations Act and retaliation.

2. Although the issue concerning this Court's view of the effect of and admissibility of the multiple arbitration decisions concerning the Plaintiff and the School District's litigation under the Collective Bargaining Agreement has been addressed informally, the parties have a dramatically different recollection of the Court's position.

3. Defendants are filing this Motion because Plaintiff's counsel has consistently thwarted the discovery process by refusing to allow Plaintiff to answer questions at her deposition concerning the underlying allegations in this federal action.

4. In this regard, Plaintiff's counsel has repeatedly and consistently invoked the favorable arbitration decisions concerning prior disciplinary actions meted out by the District and asserted that such issues have already been fully litigated and decided at arbitration. It is the Plaintiff's contention, that these issues are not the proper subjects of Discovery. Defendants' inquiries relative to the circumstances underlying allegations of a pattern of harassment and discrimination have been met repeatedly with this immutable objection.

5. Specifically, these objections have been raised in the following contexts:

(a) When questioned about whether Plaintiff was aware of the Educator's Code of Professional Ethics Attorney Nichols states,

> "Arbitrator Amis ruled, invalidating the charge which Mr. Dolecki charged her with immorality. He expunged it. He said it's invalidated because she was authorized to do what she did. I have the opinion here. Now, this here is saying she is violating a section

>of code in light of that.  Arbitrator Amis ruled what she did with this information is authorized.  You are not saying --- and you not only implied, you insisted that she violated these Professional --- and the law in professional code is just plain wrong.  And he said that when Mr. Dolecki charged her with immorality.  This is what he said.  I have the record.  He said one, there was no time she sought to deceive."

(Deposition of Claudette deLeon, April 4, 2006, at pages 168-169 attached attached hereto as  Exhibit  "A").

     (b)    At this point, the record reflects that Attorney Nichols was pounding his fist on the table, had stood up and was screaming.  (Deposition of Claudette deLeon, April 4, 2006, at page 170, attached hereto as Exhibit "A").  Attorney Nichols continued, stating,

>"I'm not going to sit here and allow you to impugn her character away when I know what the arbitrator said.  He said that those charges of immorality that were brought against her by the administrator were wrong."

(Deposition of Claudette deLeon, April  4, 2006, at page 174, attached hereto as Exhibit "A").

     (c)    Attorney Heath asked that the record reflect that she had warned Mr. Nichols about the type of behavior he exhibited, and that she planned to go before the Judge.  In going before the Judge, she would be referring to Attorney Nichol's refusal to allow his client to answer questions and his refusal to cooperate with the court ordered deposition relative to discovery.

(Deposition of Claudette deLeon, April 4, 2006 at page 179, attached hereto as Exhibit "A").

(d) Attorney Nichols continues his argumentative behavior when he stated,

> "All I can say on that particular issue --- on that particular issue, let me say this. The record that I've stated of Arbitrator Amis speaks for itself. That this issue that she's put to us. My client has answered. And I insist --- or counsel insists that I will not allow her character to be impugned this way when the record clearly speaks on that particular issue. The arbitrator has already ruled that she has done nothing wrong. As a matter of fact, it's the very basis we are asking for back wages, unpaid wages, that I'm going to be putting in the record."

(Deposition of Claudette deLeon, April 4, 2006, at pages 179-180, attached hereto as Exhibit "A").

(e) Even after being warned by Attorney Heath that referring to prior arbitration decisions would not be sufficient to answer a question, Plaintiff continued to consistently refer to her previous arbitration decisions as answers to questions asked by Defendants and refused to provide independent testimony.

(Deposition of Claudette deLeon, April 4, 2006, at pages 49-50, 54, 162-163, attached hereto as Exhibit "A").

(f) While Plaintiff does not take issue with the previous arbitration decisions because they were in her favor, she does take issue with the fourth arbitration decisions because it upheld her termination. Specifically she stated as follows:

> "Probably because they pay him. I'm sure they did. If he would have read all the information and seen all the true harassment I went through, all the suffering and all the heartache, my gosh. Anyway, he was paid for that. I'm sure."

(Deposition of Claudette deLeon, April 4, 2006, at page 208, 212, attached hereto as Exhibit "A").

(g) Plaintiff also stated that the arbitrator, the union representatives, and the administrators of the Crawford Central School District were involved in a conspiracy to have her terminated, as evidenced by the prior arbitration decisions. (Deposition of Claudette deLeon, April 4, 2006, at page 212, attached hereto as Exhibit "A").

(h) Counsel for Plaintiff also refers to the previous arbitration decisions as the basis and support for Plaintiff's claims in this action. (Deposition of Claudette deLeon, April 4, 2006, at page 97, attached hereto as Exhibit "A").

(i) Attorney Heath and Attorney Nichols discuss the previous arbitration proceedings and the issue of whether or not the decisions will be entertained in the record. Attorney Heath stated as follows:

> "And again, my point for the record is this. I believe Judge McGlaughlin and his past practice and what he has said to us initially has made it clear that he will not entertain these decisions in the record. And so if he does put them in the record, as persuasive before a jury, he will not utilize them as collateral estoppel or res judicata purposes. And that would be particularly underscored if, in fact, there is no transcript to mark the proceedings."

(Deposition of Claudette deLeon, April 24, 2006, at pages 44-45, attached here to as Exhibit "B").

6. Defendants find this interpretation and use of past arbitration decisions to be in violation of legal procedure, specifically relating to the refusal of the Courts to permit arbitration decisions in Collective Bargaining matters to

have a preclusive effect, either as collateral estoppel or res judicata, in a federal court action in which civil rights violations and other claims of discrimination are made.

7. Despite Defendants' best efforts to be cooperative and patient, Plaintiff continues to take the aforementioned vexatious position, which has resulted in Defendant being prejudiced in completing adequate and thorough discovery.

8. Finally, the parties disagree as to whether any arbitration decisions would be permitted into evidence at all, even as being permitted as persuasive evidence which a jury could consider.

WHEREFORE, it is respectfully requested this Honorable Court enter an Order concerning the following issues:

(a) The effect of and overall admissibility of the prior arbitration decisions involving Plaintiff and the District, and

(b) Direct Plaintiff to cooperate with Defendant and permit her to be re-deposed on those areas about which counsel directed her not to respond and extend the discovery deadline by three (3) weeks; and

(c) Direct Plaintiff that any further lack of courtesy and combative behavior be the subject of sanctions.

Respectfully submitted:

ANDREWS & BEARD

/s/Roberta Binder Heath, Esq.
Pa. I.D. No. 50798

Counsel for Defendants

CERTIFICATE OF SERVICE

  The undersigned attorney does hereby certify that the foregoing Motion to Compel Plaintiff's Cooperation, or in the alternative, Motion Requesting A Preliminary Ruling and Effect and Admissibility of Prior Arbitration Decisions Relative Collective Bargaining Agreement has been served as follows on this the ___ day of May, 2006.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507


**ANDREWS & BEARD**


/s/Roberta Binder Heath, Esquire
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
(814) 940-8670