IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON<br>        Plaintiff | )<br>)<br>) |
| Vs. | )  (NO. 05-126E)<br>) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | )<br>)<br>) |
|         Defendants | )<br>) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | )<br>) |
|         Defendant | )<br>) |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT | )<br>)<br>) |
|         Defendant | ) |

Document:

Brief in Support of Motion Requesting a Ruling on the Effect of and the Admissibility of Arbitration Decisions

Filed on behalf of Defendants by:
**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
phone: 814-943-3304
fax: 814-943-0856

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| Vs. | )   (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD | ) |
| | ) |
| Defendants | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) |
| | ) |
| Defendant | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) |
| | ) |
| Defendant | ) |

**BRIEF IN SUPPORT OF MOTION REQUESTING A RULING ON THE EFFECT OF AND THE ADMISSABILITY OF ARBITRATION DECISIONS**

**I. INTRODCUTION**

Prior to filing this Federal lawsuit, as this Honorable Court is aware, the Plaintiff and the Defendant School District had been involved in multiple arbitrations relative to past disciplinary actions, including suspensions and unsatisfactory evaluations and ultimately Plaintiff's termination. In the past, Plaintiff has brought to this Court's attention these decisions to bolster Plaintiff's arguments concerning other issues that have come before your Honor. However, it is Defendants' understanding that Plaintiff's all encompassing reliance on prior arbitration decisions is improper. It is also Defendants

understanding that no prior arbitration decision will be given any preclusive effect pursuant to either collateral estoppel or res judicata in this Federal proceeding, primarily because the legal and procedural issues argued at the arbitrations were related purely to the Collective Bargaining Agreement.  Obviously, Defendants would argue that, if this Court permits the admissibility of the underlying arbitration decisions in which Plaintiff was procedurally successful for the purposes of persuasion, then Defendants would certainly like an equal opportunity to argue that the final arbitration determination upholding the merits of Plaintiff's termination for "just cause" within provisions of the Collective Bargaining Agreement be admitted into evidence for consideration by the jury as well.  Because counsel have a difference of opinion as to this Court's position concerning the effect of and the admissibility of the prior arbitration decisions, this dispute has lead to repeated roadblocks in the discovery process.  Hence, this Motion is being filed by Defendants to respectfully request this Honorable Court for a ruling at this time and to address the request for relief contained within the Motion and Order as it relates to discovery.

**II. LEGAL ARGUMENT**

Plaintiff has repeatedly claimed that the decisions in the prior arbitration proceedings concerning interpreting the Collective Bargaining Agreement are to be afforded the effect of collateral estoppel or res judicata before this Honorable Court.  Such position does not fall within the precedent that is clearly set forth in federal cases relating to similar situations.  It cannot be argued that arbitration,

decisions have a collateral estoppel effect relative to the terms of the Collective Bargaining being litigated as pertaining to currently pending claims under Title VII, or claims brought pursuant to the Americans with Disabilities Act, or the Pennsylvania Human Relations Act. Defendant contends that the issues raised in the Federal lawsuit and the analysis of same, fall squarely within the line of cases beginning with, Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974), wherein the Supreme Court clearly distinguished contractual claims under Collective Bargaining Agreement from individual independent claims for unemployment discrimination arising out of the same factual occurrence. Alexander, 415 U.S. at 49; Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981) and McDonald v. City of West Branch, 466 U.S. 284 (1984); See also, Bolden v. South Eastern Pennsylvania Transportation Auth., 953 F. 2d. 807, 826 & n.26 (3rd Cir. 1991) (citing Alexander and its progeny, court held prior grievance settlement did not have collateral estoppel effect on Plaintiff's section 1983 claims) Accordingly, it is Defendants' position that this Honorable Court should make a preliminary ruling that the arbitration decisions have no collateral estoppel effect on this current Federal action.

      Similarly, this Defendants position that there is no res judicata effect to bar discovery on the underlying factual issues and legal issues presented in the Federal action based on the prior arbitration decisions. See, Handley v. Phillips, 715 F. Supp. 657 (M.D. Pa. 1989). The issues raised in underlying arbitration actions concerning contractual disputes are subject to the full faith and credit clause only in cases wherein Federal Courts are required to give some

preclusive effect to state court judgments where a coalescence of issues and parties exist in both the state and federal actions.  See, <u>Kremer v. Chemical Construction Co</u>., 456 U.S. 561, 466 (1982).  Admittedly, the terminology that interprets the full faith and credit clause in this application relating to the preclusive effect of earlier litigation may be confusing.  However, precedent is clear concerning how the vocabulary of "merger", "bar", "claim", and "issue preclusion" should be interpreted.  <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980); <u>Parklane Hosiery Co. v. Shore,</u> 439 U.S. 322, 326 (1979) and <u>Migra v. Warren City School District Board of Education,</u> 465 U.S. 75 (1984).  In one treatise, Perritt, <u>Employee Dismissal Law and Practice 2d. Edition</u>. (Perritt 1987), these distinctions are specified as follows:

> "…Under the definitions in bar and merger, final merits determination of cause of action precludes relitigation between the same parties of that cause of action and any allegation or defense which was or might have been presented in the first suit.  A merit judgment for the defendant *bars* a subsequent attempt by the plaintiff to relitigate the same cause of action, while a judgment for the plaintiff *merges* with his cause of action and prevents its insertion in a later suit.  When the second suit between the parties involves a different cause of action, the absolute barriers of bar and merger are inapplicable and the first judgment can be given can be given only limited res judicata effect under the collateral estoppel doctrine, which precludes relitigation only as to questions which actually were litigated and determined in the first suit.  Therefore, the doctrines of bar and merger are used to preclude subsequent claims while collateral estoppel precludes relitigation of issues already determined…Modern usage distinguishes between *claims preclusion*, usually associated with the term *res judicata*, and *issue preclusion*, usually associated with the term *collateral estoppel*."

Perritt, <u>Employee Dismissal Law and Practice 2d Edition</u>. at 441 (1987)

As to the specific doctrine involved in this case, the Supreme Court explained in Parklane and Hosier Co. v. Shore, supra, 439 U.S. at 396 n. 5 that:

> "[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action (citations omitted)."

Even though these concepts could arguably apply in Title VII actions and prior litigation involving similar state anti-discrimination statutes, the Court must look to the type of proceeding that took place initially to determine what if any effect could be given to that prior judgment. It is well-settled that in order for the doctrine of res judicata to apply there must be a concurrence of four conditions; (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of quality or capacity of the persons suing or sued. See, Safeguard Mutual Insurance Co. v. Williams, 463 Pa 567, 574, 345 A.2d 665 (1975). Similarly, with respect to collateral estoppel, Federal courts and the Pennsylvania Supreme Court agree that a claim of collateral estoppel is only valid if the following occurs: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) for the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. Id; In Re estate of Ellis, 460 Pa. 281, 333 A.2d

728,731 (1975) see also, Kelley v. TKY Refractories Co., 860 F.2d 1188, 1194 (3rd Cir. 1988); Jalil v Avdel Corp., 873 F.2d 701 (3rd Cir. 1989).

In the case at hand, the authority of an arbitrator in reviewing grievances in light of a Collective Bargaining is obviously framed in terms of contract law as opposed to reviewing issues relative to anti-discrimination statutes. Arguably, as required by Migra, supra., the Supreme Court declared that a Federal Court must apply any preclusive effective State Court proceeding not only to claims actually litigated in the state proceeding, but also apply to preclusive effective claims that should have been, but were not litigated. However, because the theories under which the arbitrations were brought were based in state contract law versus Federal Civil Rights claims these preclusive concepts would not apply.

Further, under Elliot, the United States Supreme Court determined it is clear that, in a Title VII action, a prior state decision enjoys a preclusive effect only if brought under a review by a court. Thus, administrative determinations not judicially reviewed lack any preclusive effect in the subsequent Title VII actions, Section 1983 actions, or in any action that involves any other Federal Statutes or other employment statues, such as the Pennsylvania Human Relations Act in this case. See, University Tennessee v. Elliot, 478 U.S. 788 (1986). Thus, it is respectfully requested, this Honorable Court enter an order clarifying that the arbitration decision have no preclusive or otherwise determinative effect on these Federal proceedings.

Relative to the admissibility of prior arbitration decisions for purposes of persuasion before a jury, Defendants have not been able to find any clear-cut

precedent in regard to such evidentiary decisions. Thus, admissibility appears to be discretionary. In this regard, at this juncture, I believe that it would be helpful if this Honorable Court rendered a decision concerning admissibility of the arbitration decision so that the parties would know how to proceed and what to expect as to whether these decision are admissible for any purpose. From Defendants' perspective, the final arbitration decision upholding termination rendered on the merits of the evidence and not on mere procedural grounds such as the prior decisions, is critical persuasive evidence that legitimate business reasons existed to support termination. Thus, Defendants respectfully request the arbitration decision rendered on the merits be deemed admittable.

   WHEREFORE, it respectfully requested this Honorable Court enter the Order attached.

                Respectfully submitted:

                ANDREWS & BEARD

                <u>/s/Roberta Binder Heath, Esq.</u>
                Pa. I.D. No. 50798

                Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

    The undersigned attorney does hereby certify that the foregoing Motion to Compel Plaintiff's Cooperation, or in the alternative, Motion to Compel Plaintiff to Produce Income Tax Return for the years 2003 through 2005 has been served as follows on this the \_\_\_\_day of May 2006.

**Regular U.S. Mail**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

**ANDREWS & BEARD**

<u>/s/Roberta Binder Heath, Esquire</u>
Pa.Id. No. 50798

3366 Lynnwood Drive
Altoona, PA 16602
(814) 940-8670