IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | Plaintiff's Brief In Opposition To Defendants' Motion Requesting a Preliminary Ruling on Effect and Admissibility of Prior Arbitration Decision Relative to Collective Bargaining Agreement |
| | ) | *Caleb L. Nichols* (signature) |
| | ) | Caleb L. Nichols |
| | ) | Counsel to Plaintiff |
| | ) | Claudette deLeon |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT ) | |
| CRAWFORD CENTRAL SCHOOL BOARD ) | |
| ) | |
| Defendants, ) | |
| ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT ) | |
| ) | |
| Defendant, ) | |
| | |
| CHARLES E. HELLER, III, ASSISTANT ) | |
| SUPERINTENDENT ) | |
| ) | |
| Defendant, ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION REQUESTING A PRELIMINARY RULING ON EFFECT AND ADMISSIBILITY OF PRIOR ARBITRATIION DECISIONS RELATIVE TO COLLECTIVE BARGAINING AGREEMENT**

I.  Preliminary Statement of Facts

The Defendants' Motion Requesting a Preliminary Ruling on Effect and Admissibility of Prior Arbitration Decisions Relative to Collective Bargaining Agreement arise from the taking of the deposition of Plaintiff during April 4, 2006. During the course of Plaintiff's deposition, Attorney Heath sought to question Plaintiff persistently regarding the act in which Plaintiff forwarded to Robert Flipping, a representative of the Pennsylvania Human Relations Commission (PHRC), correspondence relating to certain students' disciplinary history and identity. In particular, the colloquy between Attorney Heath, Mrs. deLeon and me is shown on pages 158 through 181 of the transcript of Plaintiff's deposition dated April 4, 2006

(Exhibit 1). Because Attorney Heath insisted on interrogating Plaintiff with reference to the provisions of 22 Pa. Code 235.4, as Plaintiff's Counsel, I sought to defend her integrity, to insure that the record was not misleading, and to prevent Attorney Heath from unjustifiably impugning and besmirching my client's character. In this regard, my remarks are shown on page 164. It is also reflected on page 164 that Mrs. deLeon affirmed that she believed that in disclosing the student related information to the PHRC, she was acting, properly, within the purview of subsection (9) of the referenced regulation. Subsection 9, states, in pertinent part, that:

> "Professional educators shall keep in confidence information obtained in confidence in the course of professional service <u>unless required to be disclosed by law or by clear and compelling professional necessity by the professional educator.</u>"
> (emphasis added).

On page 162 of the transcript contained in Exhibit (1), Plaintiff explained that she disclosed to PHRC, the student related records just as the Defendants had divulged to PHRC her confidential files including medical records in connection with the administrative complaint that she had filed with the PHRC.

II.  <u>Improper and Objectionable Discovery On Part of Defendants</u>

By motion, the Defendants are requesting the Court to allow them to further probe Plaintiff regarding an issue that was determined by Arbitrator Amis. Pursuant to a letter dated March 18, 2003 from Michael Dolecki, Superintendent of Crawford Central School District, was subpoenaed Plaintiff, without pay, for five days for, among other charges, allegedly breaching student confidentiality as a result of providing student discipline and other student information to the PHRC. In invalidating the immorality charge which the Defendants had lodged against Plaintiff, Arbitrator Amis, stated that in copying documents to the Union in matters involving a dispute with an employer, Plaintiff must be allowed to defend herself. Significantly, Arbitrator Amis also found that on the issue of disclosure of student related information to PHRC, there was no attempt by Plaintiff to mislead the Defendants (School District), or to engage in dishonesty or deceit. (See: <u>In the Matter of</u>

Arbitration between: Crawford Central Education Association and Crawford Central School District (Exhibit 2) (January 12, 2005), pp. 42, 43, 44). It is this Arbitrator's finding which prompted Plaintiff's Counsel to strenuously object to the line of inquiry which Attorney Heath sought to conduct on the Plaintiff on April 4, 2006 and now wishes to continue with the Court's permission.

First, Defendants' Counsel should not be allowed to conduct additional discovery of any matters contained in the Arbitration Awards including the Arbitration Award rendered by Arbitrator Amis. In accordance with the Court Discovery Order, Plaintiff has provided Defendants with all copies of the relevant Arbitration Award. The Arbitration Awards speak for themselves and are the best evidence of matters determined by he arbitrator. (4 am, Jur, 2d, Alternative Dispute Resolutions 225). The Arbitration Awards rendered by Messrs. Stoltenberg, Talarico, Duff and Amis are final and complete and conclusively disposed of the matters that were in dispute. Kann Bennett 234 Pa. 12, 82 A. 1111 (1912). The finality of the arbitration awards effectively end present and future litigation on the issues involved Grier (v) Grier 1 U.S. 173 (1786). A matter settled by arbitration award cannot be attacked in a subsequent proceeding or be collaterally attacked. Lackawanna Iron & Steel Co. (v) Lackawanna & W.V.R. Co. (1930). An Arbitration Award conclusively determines the rights of a party as effectually as a judgment. Dhrew (v) Altoona 121 Pa. 401 (1888).

Thus, Defendants can show no relevant basis why their Counsel should be allowed to go behind the Arbitration Awards and further probe Plaintiff on issues that have been decided by the Arbitrator. The issue involving alleged immorality by Plaintiff because she released student related records to PHRC was unqualifiedly resolved by Arbitrator Amis. Lacking relevancy, it falls outside the parameters of the permissible scope of discovery per Rule 26(b) of the Federal Rules of Civil Procedure.

Second, the fact that Defendants' Counsel sought to depose Plaintiff on April 4, 2006 in reference to allegedly having violated the Pennsylvania Code of Professional

Practice and Conduct for Educators is most troubling because it is believed that the Defendants really seek to extract from Plaintiff information that will be used to prosecute a claim that is currently pending before the Pennsylvania Professional Standards and Practices Commission. There is reason to believe that the Defendants or their proxy filed this claim with the Commission and seeks to have the Plaintiff decertified on grounds that have been dismissed or discredited by Arbitrators, as well as by this Court. There is reason to believe that the Defendants now seek to use the Plaintiff's mental health condition as a basis to have her decertified by the Commission. It is wrong to allow Defendants to obtain evidence from Plaintiff in this Court proceeding through the discovery process to be misused in another administrative forum or venue to decertify her.

Third, the Plaintiff has reasonably cooperated with the Defendants in effectuating the discovery process. As of this date, Plaintiff has appeared and been deposed by Defendants' Counsel on March 6, 2006 (transcript of 144 pages), on April 4, 2006 (transcript of 229 pages) and on April; 24, 2006 (transcript of 73 pages). Yet, the Defendants' Counsel wishes the Court to believe that Plaintiff has thwarted the discovery process.

Further, at this late date, with the close of discovery approaching, effective June 7, 2006, Defendants request the Court to extend the discovery deadline by three (3) weeks. Plaintiff opposes this request for enlargement of the discovery period because Defendants have already been granted by the Court an unopposed Motion for Enlargement of the discovery period and, the additional discovery that Defendants wish to conduct have not been shown to be relevant or necessary.

III.  <u>The Arbitration Awards Are Admissible In This Federal Proceeding For Probative Purposes.</u>

Plaintiff is at a loss to understand why the Defendants are now requesting the Court for a ruling on the effect and the admissibility of the arbitration decisions rendered by Messrs. Stoltenberg, Talarico, Duff and Amis. At this juncture, Plaintiff understands

that arbitration decisions are admissible as evidence and accorded such weight as a federal court deems appropriate. Alexander (v) Gardner-Denver Co. 415 U.S. 36, 60 (1973). (See footnote 21). However, since Plaintiff has not yet offered the Arbitration Awards as evidence in this proceeding, it is inappropriate for the Defendants to request this Court to issue, in effect, an order or ruling that would be tantamount to an advisory opinion as to the effect of and overall admissibility of the prior arbitration decisions involving Plaintiff and the District. When a real and contested justiciable issue or claim is presented to the Court, I believe it will be appropriate for the Court to so rule. However, it is much too premature for the Court to issue the broad and unbounded ruling that Defendants seek. As a prudential consideration, it is wise to heed the teaching enunciated in the concurring opinion of Justice Brandeis in the landmark decision of Ashwander (v) Valley Authority 297 U.S. 288 (1935). Defendants' request for the type of ruling sought is just not ripe for disposition and the Court should decline to issue such a ruling.

Respectfully submitted,

*[signature]*
Caleb L. Nichols
Attorney for Plaintiff
(814) 838-1877 (phone)