IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant, | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT | ) Judge McLaughlin |
| SUPERINTENDENT, | ) |
| | ) **Defendants' Motion for** |
| Defendant | ) **Summary Judgment** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) Filed on behalf of |
| | ) Defendants by: |
| | ) **ANDREWS & BEARD** |
| | ) |
| | ) Roberta Binder Heath, Esquire |
| | ) Pa.Id. No. 50798 |
| | ) rbheath@andrewsbeard.com |
| | ) 3366 Lynnwood Drive |
| | ) Altoona, PA 16602 |
| | ) 814-940-8670 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON,                          )
                                            )
                    Plaintiff,              )
                                            )
             Vs.                            )        (NO. 05-126E)
                                            )
CRAWFORD CENTRAL SCHOOL DISTRICT,           )
CRAWFORD CENTRAL SCHOOL BOARD,              )
                                            )
                    Defendants,             )
                                            )
MICHAEL E. DOLECKI, SUPERINTENDENT,         )
                                            )
                    Defendant,              ) Judge McLaughlin
                                            )
CHARLES E. HELLER, III, ASSISTANT           )
SUPERINTENDENT,                             )
                                            )
                    Defendant               )

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Defendants, Crawford Central School District, Crawford Central School

Board, Michael Dolecki, Superintendent, and Charles Heller, III, Assistant Superintendent, by and

through their attorney, Roberta Binder Heath, Esquire, of ANDREWS & BEARD, respectfully move

this Honorable Court to Grant the Motion for Summary Judgment in favor of Defendants and

dismiss Plaintiff's cause of action in its entirety.

The bases for this Motion are more fully set forth in the accompanying Brief and

accompanying Statement of Facts and attached Exhibits, which are incorporated herein by

reference. Plaintiff's Amended Complaint sets forth the causes of action pursuant to gender/sex,

race and national origin discrimination under Title VII, 42 U.S.C. Section 2000E-2(a), the Americans

with Disabilities Act, 42 U.S.C. §12102, the Pennsylvania Human Relations Act, 43 Pa. C.S.

Sections 951, et. seq., Sections 1981 and 1983 of the Civil Rights Act 42 U.S.C.A. 1981, 1983, the

Fourteenth Amendment, Retaliation, and for emotional distress. The Defendants assert that sufficient bases exist for this Honorable Court to dismiss the Plaintiff's Claims in their entirety as a matter of law.

### I.    PROCEDURAL BACKGROUND

1.    On April 28, 2005, Plaintiff initially filed a Complaint in the United States District Court for the Western District of Pennsylvania, alleging various causes of action. She claimed she was discriminated against and harassed by Defendants on the basis of her race, national origin, alleged disability (depression), and her gender/sex. These claims were brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e)-2(a)(1) et. seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et. seq. ("ADA"), Pennsylvania Human Relations Act, 43 Pa. C.S. Section 951, et. seq. ("PHRA"), the Civil Rights Act under sections 1981 and 1983, and the Fourteenth Amendment. Plaintiff also brought a claim for retaliation stating she was subjected to adverse employment actions because she filed a Complaint with the Pennsylvania Human Relations Commission and utilized the grievance process under the Collective Bargaining Agreement. (See Complaint). Finally, Plaintiff claimed she was entitled to damages for emotional distress. Essentially, all of Plaintiff's Claims were asserted against all Defendants.

2.    The original Complaint was filed on April 28, 2005. Defendants filed a timely Motion to Dismiss relative to multiple issues, including but not limited to the claims of individual liability raised against Mr. Michael Dolecki, Superintendent, and Charles Heller, Assistant Superintendent and the failure to exhaust administrative remedies, an improper level of pleading under the ADA, and concerning an untimely filing under the Family Medical Leave Act.

3.      Pursuant to the Order of this Honorable Court, the Motion to Dismiss was granted in part and denied in part.  The Court also directed Plaintiff to Amend the Complaint to comply with the Court Order.

4.      Thereafter, Plaintiff amended the Complaint and Defendants filed a Second Motion to Dismiss, which again highlighted concerns about individual liability and the exhaustion of remedies.

5.      This Honorable Court denied the Motion to Dismiss and this case has proceeded under the Amended Complaint.

6.      The parties exchanged information pursuant to Rule 26 in a timely manner.

7.      Thereafter, the parties engaged in extensive discovery, providing documents, supplemental documents, response to several sets of interrogatories, and took the depositions of eleven (11) witnesses.  Also, two third parties have provided information pursuant to subpoena, which entities were Plaintiff's Union and the PHRC.

8.      By order of this Honorable Court, discovery was to end June 7, 2006, and Motions for Summary Judgment were to be filed on or before June 27, 2006.

9.      Prior to filing, Defendants submitted two Motions requesting leave of Court to expand the permissible page limit of the supporting brief to thirty-five (35) and fifty (50) pages, which request, for the thirty-five page extension, was granted by virtue of this Court's Order.

10.      Two motions filed by Defendants remain outstanding: (1) The Second Motion to Compel Plaintiff to file tax returns as proof of wages earned; and (2) The Motion requesting a ruling on the effect and admissibility of prior arbitration proceedings.

11.    Defendants had requested additional time to complete discovery and for a preliminary ruling on the admissibility of arbitration decisions, which as stated, has not been ruled on by the Court.

12.    Discovery has been completed and was extensive.  Defendants file this Motion for Summary Judgment and assert that Plaintiff can offer no evidence, either direct or circumstantial, that supports her allegations of discrimination, harassment, violation of her constitutional rights, or retaliation.

13.    Defendants reassert the failure to exhaust her administrative remedies argument as the evidence is clear Plaintiff failed to amend a February 2003 Complaint, or file and serve a new Administrative Complaint asserting her termination.  Further, Mr. Robert Flipping's letters previously submitted by Plaintiff in response to Defendants' Motion to Dismiss do not deny that no formal Complaint concerning termination was issued by the PHRC.  Finally, no termination letter was sent to the PHRC, which appears in its file produced subject to a subpoena. (Exhibit 96 - RBH Affidavit).

14.    The Statement of Facts is amply supported by the evidence of record elicited in the discovery process.  Defendants legitimate business reasons for disciplining and ultimately terminating Plaintiff are multiple and supported by evidence garnered by the Administration in the decade during which Plaintiff had been a teacher at the District.  Nothing contained in these facts in unclear, unsupported or irrelevant.  Finally, simply because the record is voluminous is not evidence that any material factual dispute exists.  To the contrary, the record supports Defendants' request for Summary Judgment on all points.

## II.    EXHIBIT LIST

1.    1993-1994 Unsatisfactory Evaluation (*changed to Satisfactory after arbitration)

2.    Arbitration Decision of Stollenberg

3.      Deposition of George Deshner, former Principal

4.      Deposition of Carol Templeton, former Assistant Principal

5.      January 5, 1994 Letter from Deshner to deLeon

6.      (Brian Gray) Survey Re: Student Issues

7.      March 17, 1994 Letter from Mr. Gray to Mr. Deshner Re: Student Issues

8.      April 21, 1994 Letter from Superintendent LaScola to Plaintiff Re: Continuing Problems

9.      April 27, 1994 memo from Deshner to Plaintiff Re: Parent Conference of

        April 22, 1994

10.     March 6, 2006 Deposition of Claudette deLeon

11.     April 4, 2006 Deposition of Claudette deLeon

12.     April 24, 2006 Deposition of Claudette deLeon

13.     Deposition of Patricia Deardorff, former Union President and current Administrator

14.     1995-1996 Unsatisfactory Evaluation

15.     Arbitration Award of Talarico

16.     Exhibits regarding 1995-1996 Unsatisfactory Evaluation including information provided July

        10, 1996 Information and Pre-hearing Brief

17.     Job Description for teachers

18.     Code of Professional Conduct

19.     Philosophy Evaluation Instructions and Rationale

20.     Deposition of Michael Dolecki, Superintendent

21.     September 18, 1997 Memo from Templeton to Plaintiff Re: Student Issue

22.     October 10, 1997 Memo from Templeton to deLeon

23.     October 3, 1997 Templeton Memo

24.     October 15, 1997 Suspension Letter

25.     Deshner Memo Re: DUI Discussion, transcript of meeting and article in paper

26.     November 10, 1997 Letter from Edinboro Medical Center

27.     Letters Re: 1999 Sabbatical

28.     Plaintiffs Responses and Supplemental Responses to Interrogatories

29.     Deposition of Carl Roznowski, Union representative

30.     Meeting Notes of Rosnowski

31.     Deposition to JoAnn Willison, Union representative

32.     Meeting Notes of JoAnn Willison

33.     Teaching Certification

34.     Hiring Data Re: Minorities

35.     Satisfactory Rating 1999-2000

36.     Deposition of John Higgins, Assistant Principal

37.     May 1, 2000 Classroom Observation Signed by Higgins

38.     School District Policy 412- Evaluation of Professional Employees

39.     January 18, 2001 Classroom Observation Signed by Higgins

40.     May 25, 2001 Classroom Observation Signed by Deshner and Note

41.     February 2, 2001 Letter from Higgins to Plaintiff

42.     2000-2001 Satisfactory Evaluation

43.     2000-2001 Corrective Action Plan (for 2002-2003 School Year)

44.     September 20, 2001 Classroom Observation Signed by Higgins

45.     September 20, 2001 Letter/Packet from Higgins to deLeon

46.     December 3, 2001 Classroom Observation by Higgins

47.    March 7, 2002 Observation Report with Notes

48.    Deposition of Charles Heller, Assistant Superintendent

49.    Janine G. Maziarz Affidavit

50.    3-12-02 Dr. Mercatoris Excuse

51.    March 13, 2002 Letter from deLeon to Higgins Agreeing to Comply with Suggestion

52.    March 18, 2002 Letter from Dolecki to deLeon Re: IME and Suspension with Pay

53.    April 25, 2002 Letter from Dolecki to deLeon

53(b).    Letter Dolecki, re: March 26, 2002

54.    May 17, 2002 Dr. McFadden Re: Plaintiff Return to Work Without Restrictions

55.    March 18, 2002 Unsatisfactory Evaluation

56.    Arbitrator Duff Decision

57.    Corrective Action Plan for the 2002-2003 School Year

58.    August 30, 2002 Letter from Higgins to Plaintiff Relative to Teacher Observations

59.    September 11, 2002 Higgins Observation Report

60.    September 13, 2002 Memo from Higgins to Plaintiff

61.    September 23, 2002 Memo from Higgins to Plaintiff regarding being tardy

62.    September 24, 2002 Response from Plaintiff to Higgins Memo and Study Hall Roster

63.    October 2, 2002 Memo from Higgins to Plaintiff with Attachments

64.    September 30, 2002 Classroom Observation

65.    October 15, 2002 from Parent Re: Plaintiff

66.    November 13, 2002 Letter from Robin Stockton Re: Breach of Confidentiality

67.    November 19, 2002 Informal Observation and Anecdotal Notes

68.    November 20, 2002 Letter Suspending Plaintiff for Three Days without Pay

69.     December 19, 2002 Observation

70.     January 3, 2003 memo from Higgins

71.     January 9, 2003 Observation

72.     Discussion of Observation on January 10, 2003

73.     January 31, 2003 Memo from Deshner Re: Student Issue

73(b).  February 11, 2003 Memo from deLeon to Deshner, Principal

74.     Student Discipline Memo 2-3-03

75.     Revised Corrective Action Plan for 2002-2003

76.     February 11, 2003 Student Discipline Information with Statements from Students

77.     February 28, 2003 Memo from Higgins to deLeon Regarding Student Situation and
        Assigned Readings

78.     February 28, 2003 Memo from deLeon to Higgins in Response to Memo Dated
        2-28-03 Concerning Student Situation.

79.     February 28, Memo from Higgins to deLeon Regarding Request for Information

80.     February 28, 2003 Memo from deLeon Regarding Response to Memo Dated 2-28-03

81.     February 27, 2003 First Discipline Log of deLeon

82.     February 28, 2003 Second Student Log of deLeon

83.     Higgins' Analysis of Student Log and multiple discrepancies

84.     March 4, 2003 Memo from deLeon to Deshner Regarding Student Information

85.     March 6, 2003 letter concerning suspension with pay of deLeon

86.     March 18, 2003 letter concerning suspension without pay of deLeon

87.     April 2, 2003 Observation Report with Accompanying Anecdotal Records

88.     April 7, 2003 Letter from Parent, Cheryl Albaugh, to Administration Regarding deLeon

89.   April 7, 2003 Memo from Deshner to deLeon Regarding Post-Observation Conference of
      April 4, 2003

90.   April 8, 2003 Anecdotal Record of Higgins Regarding deLeon

91.   Deposition of Deborah Englaubagh

92.   April 11, 2003 Professional Evaluation Report of deLeon

93.   April 16, 2003 Suspension without Pay Letter Pending Discharge to deLeon

94.   April 30, 2003 Statement of Charges Letter to deLeon

95.   RBH Affidavit

96.   PHRC Complaint February 2003

97.   Collective Bargaining Agreement

98.   Unlawful Harassment Policy

99.   Anti-Harassment Policies

100.  Deposition of John Stanford

### III.   PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW

15.   Plaintiff claims she was discriminated against on the basis of her race, national origin, gender, and perceived disability, and as a result, was disciplined and ultimately terminated in April of 2003.  Her claims of alleged discrimination are "disparate treatment" claims, which require discriminatory intent on the part of the Defendants.

16.   These claims shall be examined under both a "simple motive" or "pretext" analysis and a "mixed motive" analysis.  Plaintiff's claims fail under both analyses as she cannot articulate any evidence, either direct or circumstantial, to substantiate her claims.

17.     Plaintiff can offer no evidence of pretext to survive the single motive/pretext analysis as the record is replete with substantiating evidence as to the District's legitimate reasons for determining Plaintiff not to be a satisfactory teacher.

18.     Further, Plaintiff cannot offer even circumstantial evidence to support her claims that race, national origin, perceived disability, or gender was a motivating factor in the employment decision.  In addition, Plaintiff's §1981, 1983, and Fourteenth Amendment claims fail for a lack of evidence.  Similarly, Plaintiff's retaliation claim has no basis other than Plaintiff's unsubstantiated speculation.  Finally, Plaintiff is unable to support a Claim for emotional distress and punitive damages against a governmental body on Mr. Dolecki and Mr. Heller personally under a §1983 theory.

19.     In 1991, the Civil Rights Act of 1964 was amended and these amendments addressed the Supreme Court's formalization of a mixed motive theory of discrimination under Title VII articulated in *Price Waterhouse v. Hopkins*, 490 US. 228 (1989).  Two of the 1991 Amendments affected the analysis of mixed motive claims under Title VII.

20.     First, Congress confirmed the viability of mixed motive claims by inserting a provision that "except as otherwise provided. . .an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000 (e-2cm) (§/07") (emphasis added).

21.     Plaintiff's claim for race, national origin, and gender discrimination fails as a matter of law as no evidence reviewed under either mixed-motive analysis pursuant to *Costa v. Desert*

*Palace,* 539 U.S. 90 (2003) or analyzed pursuant to the typical *McDonnell Douglas/Burdine*[1] paradigm has been proffered so as to survive summary judgment.  Simply put, Plaintiff has failed to even raise the specter of a material fact concerning the District's decision to discipline and ultimately terminate her and cannot provide either direct or circumstantial evidence that her race, national origin, or gender was a motivating factor in those employment decisions.  Similarly, Plaintiff cannot substantiate her burden under the ADA and provide any evidence her complained of treatment was in any way related to any actually or perceived or documented disability.  Relative to retaliation, because the record is voluminous concerning the pattern and recurring themes in Plaintiff's substandard work performance and unprofessional behavior, Plaintiff cannot substantiate her claim that any nexus exists between her engaging in protected activity and any adverse action taken by Defendants.

22.    Being in any protected class was not a motivating factor in the decision to discipline Plaintiff and ultimately terminate her.  To the contrary, the chronic issues she experienced with classroom management, student discipline, professionalism in dealing with colleagues and parents, and refusal to accept constructive criticism and assistance, all of which as well-documented and have been observed and attested to by the administration and even Plaintiff's own Union representatives, led to these decisions.

23.    Because the Pennsylvania Human Relations Act mirrors the application case law interpreting Title VII, and the ADA relative to evidentiary issues, Plaintiff's gender, national origin, race and disability discrimination claims also fail under State law.

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), which established the parties' respective burdens of production and proof in single motive cases.  The three-step framework was further explained eight (8) years in later in *Texas Department of Community Affairs v. Burdine*, 450 US. 248 (1981)

24.     Plaintiff cannot sustain her § 1983 and 1981 Claims against either the District or the individual Defendants.  No evidence supports her claims for an actionable civil rights violation.  No pattern or practice or abuse of authority or racially charged evidence substantiates this claim.  Plaintiff even admits no one ever mentioned her being Hispanic.  (Fact # 25).

25.     Plaintiff presents no evidence to support any claim for procedural or substantive due process violation or an equal protection argument under the Fourteenth Amendment.  No claim exists for any due process violation under the Fourteenth Amendment as she was afforded due process consistently and appropriately.  (Facts # 5, 19, 32, 41, 64, 66, 69, 77-78, 94, 109, 117, 120, 129, 131, 134, 137-139).  Finally, Plaintiff fails to provide any example where she was not afforded equal protection.

26.     It is not for this Honorable Court to sit as an omnipotent personnel department directing employers who to hire when those hiring decisions are based on solid objective criteria. *Jones v. American Travelers Corp.*, 896 F.Supp. 463, 467 (E.D.Pa. 1995), *aff'd*, 85 F.3d 617 (3d Cir. 1996). *Zhuang. V. Datacard Corp.*, 2004 WL 1887498 (D.Minn. August 23, 2004) (citing *Ottman v. City of Independence,* 341 F.3d 751, 757-58 (8th Cir. 2003). Even if ill-informed or ill-conceived, the decision is not pretextual if a good reason is provided.  *Hicks v. Arthur*, 878 F.Supp. 737, 739, (F.D.Pa.), *aff'd*, 77 F.3d 122 (3d Cir. 1995).

27.     Furthermore, no comparative data exists showing that the Defendants discriminate against women or minorities or those with perceived disabilities.

28.     Finally, Plaintiff's retaliation claim should be dismissed primarily for lack of a casual connection to the adverse action taken, particularly termination.

29.    Plaintiff's own witnesses cannot support any allegations of harassment, discrimination, or retaliation to defeat Summary Judgment. (Ex. 49 – Affidavit of Maziarz; Ex. 71 – Deposition of Deborah Englebaugh; and Ex. 100 – Deposition of John Stanford).

30.    The evidence supports that all employment decisions, even if the decisions rise to the level of being actionable, were legitimate, prudent, warranted under the circumstances, and well within the parameters of applicable laws.

31.    Consequently, Plaintiff cannot survive Summary Judgment on any claim.

WHEREFORE, for the reasons cited herein, and the Statement of Facts, the supporting Brief and Exhibits, Defendants' request Summary Judgment be granted and Plaintiff's claims dismissed in their entirety.

Respectfully submitted:

ANDREWS & BEARD

*/s/ Roberta Binder Heath*
Roberta Binder Heath, Esquire
Pa. I.D. No. 50798
Counsel for Defendants
CRAWFORD CENTRAL SCHOOL DISTRICT,
CRAWFORD CENTRAL SCHOOL BOARD,
MICHAEL E. DOLECKI, SUPERINTENDENT,
CHARLES E. HELLER, III, ASSISTANT
SUPERINTENDENT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDETTE de LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )    (NO. 05-126E) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT, | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| CHARLES E. HELLER, III, ASSISTANT | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Defendant | ) |

<u>CERTIFICATE OF SERVICE</u>

I, **ROBERTA BINDER HEATH, ESQUIRE**, of the law firm of ANDREWS & BEARD, 3366 Lynnwood Drive, P. O. Box 1311, Altoona, Pennsylvania 16603-1311, hereby certify that Defendant's Motion for Summary Judgment and Exhibit List was served on this **26**[th] day of **June, 2006** in the manner indicated below, addressed as follows:

<u>**U.S. First Class Mail and email**</u>

Caleb Nichols
P.O. Box 1585
Erie, PA 16507


**ANDREWS & BEARD**


*/s/ Roberta Binder Heath*
Roberta Binder Heath, Esquire
Pa. I.D. No. 50798
Counsel for Defendants