GREENSBURG　　　　　　　　　　　　　　　　　　　　　　03/29/2005
BRANCH　　　　　　　　　　　　　　　　　　　　　　　　DATE DICTATED

        PENNSYLVANIA BUREAU OF DISABILITY DETERMINATION
            351 Harvey Ave, Greensburg, PA 15601
            TRANSCRIPTION OF TELERECORDED MESSAGE

                                   ADJUDICATOR: D. GAULT

BYRON E. HILLIN, PHD
4108 ZUCK ROAD　　　　　　　　　　　　　　RE:　　DE LEON, CLAUDETTE
ERIE, PA 16506
　　　　　　　　　　　　　　　　　　　　　SSN:　 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

PHONE:　841-833-6898　　　　　　　　　　　DATE: 03/30/2005

REPORT NUMBER:　606714　　　　　　　　　　TDN#:

                                            0100971279

REASON FOR REFERRAL:

Ms. De Leon was referred for evaluation through the Bureau of Disability. She was approximately 15 minutes late for the evaluation. She drove to today's evaluation. She indicates that she may or may not be able to work. She complains of arthritis especially in her chest area and emotional fragileness due to her ongoing conflicts with her school district. She reports that in 1994 to 1995, she began to experience stress at work related to the poor work evaluations. In 1998, she was admitted to St. Vincent's Hospital for a "nervous breakdown."

She claims that her school is acting in a conspiracy to keep her from working there. She is currently in litigation with this Meadville School District over her teaching position. She has returned to work several times but been given bad evaluations. She reports that the stress of her workplace caused her mental difficulties including her nervous breakdown and the depression. She remains in litigation in school hoping to have her job reinstated. She last worked in 2003 as a teacher at Meadville High School and teaching Spanish. She taught there for 14 years.

In addition to her stressors in the workplace setting, her only son died one-and-a-half years ago. He was a ranger in the army and was apparently killed in Afghanistan.

PSYCHIATRIC HISTORY:

She is presently in treatment with Dr. Richards and Dr. Mercatoris. Dr. Richards is a psychiatrist. He prescribes

BYRON E. HILLIN, PHD / DE LEON, CLAUDETTE / SSN: 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 / p.2

Effexor and Ativan as needed. Dr. Mercatoris sees her for psychotherapy. She has been involved with Dr. Richards and Dr. Mercatoris since 1998.

In 1998, she was admitted three times to St. Vincent's Mental Health. She reports that she was extremely depressed having psychotic dreams, dreaming about her principals and assistant principals being devils. She denies any past history of psychotic symptoms during waking states.

Her depressive symptoms and the anxiety symptoms have continued since 1998.

Prior to 1998, she denies that she had significant psychiatric difficulties. She was never treated as a child or adolescent. She denies the immediate family members with psychiatric difficulties.

MEDICAL HISTORY:

Her family physician is Dr. Gatson. She is treated for arthritis with naproxen and dextran. She feels her arthritis is due to her having to pull carts from one class to the next. She also feels that she has carpal tunnel in both hands and describes herself with limited usage of her hands. She is only able to "play the piano one hour at a time." Surgical history reveals hernia repair over 20 years past, fibroid tumor removal and a C-section.

She smokes half a pack of cigarettes daily. She denies drug or alcohol abuse. She has never been treated for drug or alcohol problem. She denies current drug or alcohol use. Seven years prior, she was arrested for DUI given ARD. She claims that she was not intoxicated at the time of her DUI arrest. She denies drug or alcohol treatment.

EDUCATIONAL HISTORY:

She grew up in Mexico and attended schools in Mexico. She attended Edinboro University and graduated with a teaching certificate in 1986. She recently completed her master's degree through the Mercy Hurst Program in February of 2004. She described herself as a good student getting A's and B's.

VOCATIONAL HISTORY:

She last worked in 2003. She reports that she worked 14 years in the Meadville High School System. She taught Spanish. She

is currently in litigation with the school district after having bad reviews. She feels that there is a conspiracy to keep her from working in that program.

She works part-time playing piano in a Latino establishment. She reports that she plays piano one hour two times weekly. She also reports that she currently works approximately 10 hours weekly as an assistant salsa instructor.

Future vocational plans are to return to teaching. [dance]

LEGAL HISTORY:

She was arrested for a DUI and given ARD. She reports that she was arrested seven years ago. She has never had any other legal charges. She denies any current legal charges.

SOCIAL HISTORY:

She presently resides with her 25-year-old daughter in an apartment. The 25-year-old daughter is a student at Edinboro. She describes her relationship with the daughter as excellent. She has been married on four occasions. First marriage lasted 16 years and she had two children, a 25-year-old daughter and 21-year-old son. The 21-year-old son was killed in the army while serving in Afghanistan a year-and-a-half past. She reports her first marriage lasted 16 years. She met her husband in Mexico and then he moved the family to the United States.

After that marriage ended, she was married for three-and-a-half years. She indicates that marriage did not work out. She indicates that after that marriage, she married a pedophile for one year. After discovering he was pedophilic, she divorced him. She indicates that her last marriage ended on December 14, 2004. She reports marrying a Mexican gentleman. She later found out he was previously married and had multiple children. She feels that he married her only to get papers to enter United States.

She denies that she receives any support from her ex-husbands.

She reports that she currently drives. She has a valid driver's license. Current source of income is $300 from Veterans group after the death of her son. She works part-time teaching salsa [dance] and playing piano twice weekly. She reports that she has several friends. She describes herself as highly religious belonging to the Jehovah's Witness Church attending Bible study five times weekly. She dresses, clothes and feeds herself. She

BYRON E. HILLIN, PHD / DE LEON, CLAUDETTE / SSN: 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 / p.4

does her own cooking, cleaning, shopping, and pays her own bills.

Family history reveals that she grew up in Mexico City. Her mother was Maria Del Sacorro-De Leon. She reports that her biological father died when she was 15 years of age and her mother remarried. She had three sisters, two brothers, half brother, and two half sisters. She describes the family relationships as good. Her mother works as a teacher and continues to work.

She reports that she has little contact with her family. She reports that she does not want to call her mother because she only worries her mother. She came to the United States with her first husband and got her citizenship in 1985.

MENTAL STATUS AND BEHAVIORAL OBSERVATIONS:

This petite 51-year-old Mexican female was alert and oriented to time, place, person, and circumstance. She is prompt for the interview having driven and appears approximately 15 minutes late for the appointment. She presents as a smartly dressed female with long hair with excellent grooming and hygiene. She ambulates with appropriate gait. Motor behaviors are generally unremarkable. There is no excess fidgeting or motor restlessness. Eye contact is appropriate.

Throughout the evaluation, she demonstrated mood lability oftentimes overreacting, interrupting the examiner and not being able to be redirected because of her emotionality. She describes contentious litigation between she and her previous employer at the Meadville School District. She had worked 14 years as a Spanish teacher. She claims there was conspiracy to give her bad evaluations. She reports that she last worked in 2003, has grievances and has one previous grievance. If she continues to win her grievances, she hopes to return to teaching. In discussing her school district, she becomes quite irritated, upset, tearful, wanting to give significant details in a long drawn out history regarding litigation and her perceived conspiracy by others to degrade her performance.

Speech is relevant, coherent and goal-directed. Speech production is slightly elevated secondary to her mood irritability. Speech was not pressured. She denies periods of mania. She denies psychotic episodes. She denies visual or auditory hallucinations. She denies thought broadcasting or thought insertion. She does report that when she was first hospitalized in 1998, she had psychotic-like dreams, dreaming

BYRON E. HILLIN, PHD / DE LEON, CLAUDETTE / SSN: 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 / p.5

that her principal and assistant principal were demons out to get her. She denies any such thoughts during her waking hours. She has delusions of persecution.

She describes her mood as fragile, easily crying, being irritable, and upset easily. She reports that she is under a great deal of pressure and stress related to her perceived injustice by the school district. She also reports that she is grieving. She lost her only son a year-and-a-half past as a result of combat-related activities. He was stationed in Afghanistan. She describes her mood as dysphoric, low, feeling helpless, hopeless, and confused at times. Sleep is disrupted secondary to "arthritic pain." She holds her chest during the interview. She feels that she has arthritis in the chest area. The symptoms appear consistent with anxiety, having rapid breathing, heart palpitations, increased worry, and panic. She reports that her chest pain is relieved with Ativan. She denies social anxiety if she does leave the house. She teaches salsa 10 hours weekly. She plays piano in a Latino establishment twice weekly one hour. She is careful to tell the examiner she can play the piano for no more than one hour. Throughout the evaluation, her emotional reactions appeared extreme. She quickly vacillates from tearfulness to irritability to being able to provide historical data accurately wanting the examiner to get the exact facts. For example, she spells her mother's name precisely. She gives exact dates and times wanting the examiner to know the precise data. Affect was labile.

Thoughts were relevant, coherent and goal-directed.

Mental Status Exam reveals that she could name the months of the year forwards and backwards. She could multiply 3 x 9 equals 27 with appropriate latency. Her attention and concentration appeared appropriate.

She appears to be of above intelligence given her level of education. She knows that Shakespeare wrote Romeo and Juliet. She defines perimeter as outside boundary. She responds to the proverb, "Strike while the iron is hot," by saying, "Take advantage of the opportunity." When asked what one should do if one finds a letter in the street that is stamped and addressed, she reports, "Mail it." When asked what one should do if one is stranded in the Denver Airport with only $1, she reports call her daughter. Social judgment was intact.

She denies suicidal ideation indicating that she would never do such a thing because she is religious. She oftentimes referred to her religious base. She left the impression that she was

BYRON E. HILLIN, PHD / DE LEON, CLAUDETTE / SSN: 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 / p.6

being persecuted by her school district without intact foundation.

DIAGNOSTIC IMPRESSION:

The following diagnostic impression is offered:

AXIS I:    Major Depressive Disorder, recurrent type, moderate.
AXIS II:   Hysterical Personality Disorder.
AXIS III:  Reported arthritis.
AXIS IV:   Severe, litigation with school district, death of a son.
AXIS V:    Current GAF 60.

SUMMARY AND TREATMENT RECOMMENDATIONS:

In summary, this 51-year-old Hispanic female presents with psychiatric difficulties since approximately 1997 or 1998. Her difficulties are directly related to her stress in the workplace. She claims that her school district is conspiring against her preventing her from working. She is in litigation with the school district. She reports that she has won three grievances. She would return to teaching if she were to be reinstated. Her litigation is pending. She continues to work 10 hours weekly teaching salsa and two hours weekly playing piano. She completed her master's degree in 2004. She reports that she was a good student getting A's and B's.

Her insight was fair and she continues psychiatric treatment. She denies drug or alcohol use. She admits to one DUI but denies she has ever had problems controlling her drinking and denies any illicit drug use. She is medically stable. She is in need of continuous psychiatric treatment. Insight is fair. She remains competent to manage her finances. Prognosis is fair.

In regard to cognitive abilities, all cognitive abilities remained intact. Attention, memory, concentration and executive functioning abilities were appropriate.

In regard to relationship to others, she appears emotionally fragile and has poor time coping. Outside of her school district, she would be expected to relate to others fairly. Her ability to relate to others in her previous teaching environment would appear precarious. She oftentimes referred to them as conspiring against her, feeling that they were making up lies and were out to get her. She continues social interactions outside of her school district.

BYRON E. HILLIN, PHD / DE LEON, CLAUDETTE / SSN: 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 / p.7

_____
BYRON E. HILLIN, PHD
Clinical Psychologist

CYMED/606714

"THIS TRANSCRIPTION WAS MADE FROM THE RECORDING OF THE VOICE OF BYRON E. HILLIN, PHD-A COPY OF THIS REPORT HAS BEEN SENT TO THE DOCTOR FOR REVIEW AND SIGNATURE."

Dear Doctor:

   Thank you for promptly telerecording the preceding medical report. The transcription has been included as evidence in this applicant's disability claim.
   Enclosed you will find two (2) copies of transcription. Please review the material and make any necessary revisions on the copies. An amended copy will be sent to you if there are substantial revisions.
   Please sign and return <u>one</u> copy <u>WITHIN THREE DAYS</u>; payment of this report will be delayed until we receive your signed copy. The other copy is for your files.

BRYON HILLIN PHD                          CLAIMANT NAME: CLAUDETTE DE LEON
ADJUDICATOR: D. Gault                                 SSN: 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

---

(1) Is ability to understand, remember, and carry out instructions affected by the impairment?  __X__ No  ____ Yes
If "no", go to question #2. If "yes", please check the appropriate block to describe the individual's restriction for the following work-related mental activities.

|  | None | Slight | Moderate | Marked | Extreme |
|---|---|---|---|---|---|
| Understand and remember short, simple instructions. | ___ | ___ | ___ | ___ | ___ |
| Carry out short, simple instructions. | ___ | ___ | ___ | ___ | ___ |
| Understand and remember detailed instructions. | ___ | ___ | ___ | ___ | ___ |
| Carry out detailed instructions. | ___ | ___ | ___ | ___ | ___ |
| Make judgments on simple work-related decisions. | ___ | ___ | ___ | ___ | ___ |

What medical/clinical finding(s) support this assessment?




(2) Is the ability to respond appropriately to supervision, co-workers, and work pressures in a work setting affected by the impairment?  ____ No  __X__ Yes
If "no", go to question #3. If "yes", please check the appropriate block to describe the individual's restriction for the following work-related mental activities.

|  | None | Slight | Moderate | Marked | Extreme |
|---|---|---|---|---|---|
| Interact appropriately with the public. | ___ | ___ | _X_ | ___ | ___ |
| Interact appropriately with supervisor(s). | ___ | ___ | _X_ | ___ | ___ |
| Interact appropriately with co-workers. | ___ | ___ | _X_ | ___ | ___ |
| Respond appropriately to work pressures in a usual work setting. | ___ | ___ | _X_ | ___ | ___ |
| Respond appropriately to changes in a routine work setting. | ___ | ___ | _X_ | ___ | ___ |

What medical/clinical finding(s) support this assessment?

*Depression*

---

Page 6 of 7

TDN: 0100971279

BRYON HILLIN PHD                                CLAIMANT NAME: CLAUDETTE DE LEON
ADJUDICATOR: D. Gault                           SSN: 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

---

(3) Are any other capabilities affected by the impairment? __✓__ No ____ Yes
    If "yes", please identify the capability and describe how it is affected.

Capability                                      Effect

_____                  _____

_____                  _____

_____                  _____

What medical/clinical findings support this assessment?




(4) If the claimant's impairment(s) include alcohol and/or substance abuse, do
    these impairments contribute to any of the claimant's limitations as set forth
    above?  If so, please list the specific limitations caused.




(5) If you have concluded that the medical record indicates that the claimant's
    alcohol and/or substance use/abuse contributes to any limitations as set forth
    above, please identify and explain what changes you would make to your
    answers if the claimant was totally abstinent from alcohol and/or substance
    use/abuse.




(6) Can the individual manage benefits in his/her own best interest?
    ____ No  __X__ Yes



_____   _____   _____
Physician's/Psychologist's Signature   Medical Specialty          Date
                                       Psychologist              3-29-05

---