**EXHIBIT 9**



# CRAWFORD CENTRAL SCHOOL DISTRICT

Instructional Support Center
11280 Mercer Pike
Meadville, Pennsylvania 16335-9504
Telephone: (814) 724-3960
FAX: (814) 333-8731
www.craw.org

Michael E. Dolecki, *Superintendent*

Charles E. Heller III
  *Assistant Superintendent*
Shawn G. Sampson
  *Business Manager/Board Secretary*
Kathy K. Thomas
  *Director of Curriculum & Instruction*
Nicholas J. Cheropovich
  *Director of Special Services*
John M. Bauer
  *Supervisor of Buildings & Grounds*
Richard L. Fraker
  *Coordinator of Technology*

## OFFICE OF THE SUPERINTENDENT

March 18, 2002

Claudette deLeon
11983 Eureka Road
Edinboro, PA 16412

Dear Ms. deLeon:

Please be advised that you are hereby suspended, with pay, from your teaching position at the Meadville Area Senior High School as of March 18, 2002. You are further hereby directed to submit to a psychiatric evaluation and the District will advise you of the time and date of your appointment with a psychiatrist to be selected. This action is based on the medical excuse that you presented to the administration of Meadville Area Senior High School on March 14, 2002.

Please acknowledge your willingness to comply with this directive on or before Friday, March 22, 2002.

Sincerely

Michael E. Dolecki
Superintendent of Schools

MED/cak

PC:  Mr. Emil M. Spadafore, Jr., C.C.S.D. Solicitor
     Mr. George Deshner, Principal ~ Meadville Senior High
     Personnel File

*I will comply with the above directive*

*Claudette deLeon*
*3/18/02*

File:CDrive|MiscMED\ConfidentialFolder\CdeLeon03-18-02.doc

AN EQUAL RIGHTS AND OPPORTUNITIES SCHOOL DISTRICT

| | |
|---|---|
| IN THE MATTER OF ARBITRATION BETWEEN ) | ARBITRATION |
| CRAWFORD CENTRAL SCHOOL DISTRICT ) | OPINION AND AWARD |
| AND ) | JAMES CLAIR DUFF |
| CRAWFORD CENTRAL EDUCATION ASSOCIATION ) | ARBITRATOR |
| ) | PA Bureau of Mediation |

SUBJECT: UNSATISFACTORY RATING AND ACTION PLAN FOR PROFESSIONAL EMPLOYEE/TEACHER

HEARINGS HELD IN MEADVILLE, PENNSYLVANIA
WEDNESDAY, MAY 7, 2003;
FRIDAY, JUNE 13, 2003;
AND THURSDAY, AUGUST 21, 2003

APPEARANCES

FOR THE EMPLOYER

CARL P. BEARD
Andrews and Beard
LEGAL COUNSEL

FOR THE UNION

RICHARD S. McEWEN
Pennsylvania State Education
 Association
LEGAL COUNSEL

## APPOINTMENT

The undersigned impartial Arbitrator was selected by representatives of Crawford Central School District and of Crawford Central Education Association from a panel furnished by the Pennsylvania Bureau of Mediation to hear and decide a dispute pending between the Parties. Arbitration Hearings were conducted on May 7, June 13, and August 21, 2003 at the District's Administration Offices in Meadville, Pennsylvania. At those times, both sides were represented by Legal Counsel and each of them was afforded fair and ample opportunity to present testimony, exhibits and arguments in support of the respective positions. Records of the proceedings were compiled and subsequently transcribed. After reviewing the complete evidentiary record thus comprised, as well as Post-Hearing Briefs submitted on behalf of the Parties by their Legal Counsel through the mail, the undersigned now enters the following disposition of this controversy.

## PERTINENT SUBJECT MATTER

A claim asserting as follows was filed on behalf of Grievant Claudette deLeon on or about 6-14-02:

> STATEMENT OF GRIEVANCE:
>
> The school district has violated the collective bargaining agreement and legal statutes in their observations and evaluation of Claudette Deleon. The district issued an unjust and improper evaluation to the grievant on May 30, 2002.

- 1 -

It is hard to imagine more emphatic evasion of factual details and plain statement of epithetical opinion than arbitrary categorization of alleged conduct without specific dates, times, and factual details. The rule in Pennsylvania is indeed stringent that observation of a professional teaching employee's performance cannot be denounced only by documentation or recitals made non-contemporaneously with particular alleged events. In this case it appears to be quite clear that none of the general comments entered on Claudette deLeon's "Professional Evaluation Instrument" dated 3/18/02 had anything to do with her performance prior to the month of March 2002. Her emotional distress exhibited on 3/12/02 simply did not, so far as the available information indicates, warrant a premature unsatisfactory rating for the entire 2001-2002 school year without more supportive anecdotal records than the District ever produced.

AWARD

The grievance is sustained in part; the disputed rating is legally invalid. The Grievant is entitled to be made whole with respect to any professional disadvantage she has been subjected to as a result of this transparent contractual violation. The undersigned impartial Arbitrator retains jurisdiction over this matter for one (1) calendar year from this date to fashion an appropriate remedy.

_____
James Clair Duff
Arbitrator

Pittsburgh, Pennsylvania

January 26, 2004