**<u>EXHIBIT 14</u>**

P.O. Box 1585
Erie, PA  16507

May 02, 2006


Roberta B. Heath, Esq.
Andrews & Beard Law Office
2366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603-1311

Dear Mrs. Heath

Plaintiff propounds the Second Set of enclosed Interrogatories.  Thank you for our cooperation.

Very truly yours,


Caleb Nichols

Enc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDETTE deLEON** | ) | |
| | ) | |
| | ) | **Civil Action** |
| **Plaintiff** | ) | **(NO. 05-126E)** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CRAWFORD CENTRAL SCHOOL DISTRICT** | ) | |
| **CRAWFORD CENTRAL SCHOOL BOARD** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **MICHAEL E. DOLECKI, SUPERINTENDENT** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| **CHARLES E. HELLER, III, ASSISTANT** | ) | |
| **SUPERINTENDENT** | ) | |
| | ) | |
| **Defendant** | ) | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiff Claudette deLeon, through her counsel, Caleb L. Nichols, Esq. requests that Defendants Crawford Central School District, et al answer under oath the following interrogatories within thirty (30) days of service. These interrogatories are continuing in nature (FRCP No. 33).

## Instructions and Definitions

(1) A person is defined as any natural person or any business, legal or governmental entity or association.

(2) Identify means when referring to a person, to give to the extent known, the person's full name, his/her present residence and/or business address and telephone number.

(3) When referring to documents, identify to the extent known:

> (a) the type of document;
>
> (b) general subject matter of the document;
>
> (c) the date of the document;
>
> (d) the author(s) and addressee(s) to each other;
>
> (e) any recipient of the document.

(4) Each of the following interrogatories shall be answered separately and in writing. The answers shall be signed and verified by the person making them. Objections, if any, shall be signed by the attorney making them.

If you are unable to answer any interrogatory, or any part thereof because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge or belief is based.

## Claims of Privilege

(5) If you refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege, or some other objection identify;

> (a) the nature of the privilege including the grounds for objection;
>
> (b) if the privilege is being asserted in connection with a claim or defense governed;
>
> > by state law, specify the relevant state's privilege rule;
>
> (c) identify the custodian of the document.

(6) All interrogatories herein are continuing in nature so as to require Defendants to Supplement or amend their responses in accordance with FRCP Rule 26(e).

## **Interrogatories**

(1) Upon receipt of a letter dated March 12, 2002 from Dr. Michael Mercatoris consisting of a medical excuse, requesting that Mrs. deLeon be excused from work from 3/13/02 to 3/17/02, did the Administration of the School District consult Dr. Mercatoris before she was suspended with pay, from her teaching position, as of March 18, 2002?

(2) Is the teaching staff of Crawford Central School District as a matter of policy, suspended with pay when they request a request for leave is supported by a medical excuse? If no, please explain? If yes, please explain the policy that was effective March 2002.

(3) Why did Mr. Dolecki require Mrs. deLeon to submit to a psychiatric evaluation per his directive dated March 18, 2002?

(4) Why did Mr. Dolecki request Mrs. deLeon for her resignation on March 18, 2002, through Mr. Heller, and on March 26, 2002 via letter?

(5) Did Mr. Heller and/or Mr. Dolecki or other staff of the School District consult with Dr. Ronald McFadden, M.D. either before or after he returned Mrs. deLeon to work without restrictions as of May 3, 2002?

(6) Why was the negative evaluation that was given Mr. deLeon which was dated 3/18/02, but in fact issued to her on or about May 28, 2002, prematurely and sequentially completed before the conclusion of the semester?

Thank you for your cooperation.

Very truly yours,

Caleb Nichols

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE de LEON                    )
                                     )
              Plaintiff              )
                                     )
      vs.                            )        (NO. 05-126E)
                                     )
CRAWFORD CENTRAL SCHOOL DISTRICT     )
CRAWFORD CENTRAL SCHOOL BOARD        )
                                     )
              Defendants             )
                                     )
MICHAEL E. DOLECKI, SUPERINTENDENT   )
                                     )
              Defendant              )
                                     )
CHARLES E. HELLER, III, ASSISTANT    )
SUPERINTENDENT                       )
                                     )
              Defendant              )

**Response of Defendants to Plaintiff's Second Set of Interrogatories**

AND NOW, come Defendants and Response to Plaintiff's Supplemental Interrogatories as follows and with a general objection that these Interrogatories are in excess of what is permitted by the Local Rules, are redundant, vexatious and overly burdensome.

1.      Defendants object to Interrogatory No. 1 on the grounds that it is arduous to assume facts not in evidence. The School District had determined to discipline Ms. DeLeon relative to her substandard work performance and her disruptive and unprofessional outbursts, wherein she refused to continue a meeting and indicated that she could no longer continue her teaching duties at that time, *prior to* receiving any information from Dr. Mercatoris, with whom Ms. DeLeon

consulted after she walked out the meeting on March 12, 2002. The District did not have permission from Plaintiff to consult with Dr. Mercatoris and therefore exercises the legal right to seek an IME for a full evaluation.

2.     Crawford Central School District has no policy mandating suspending teachers with pay for simply requesting a medical leave. However, the circumstances surrounding the suspension of Ms. DeLeon for the timeframe in question are completely unique. Her suspension at that time was not related to her request for medical leave, but rather the unprofessional behavior exhibited prior to said request.

3.     Defendants object to Interrogatory No. 3 because this topic was discussed in depth at depositions and has been addressed at length by testimony under oath. Thus, further inquiry is unduly burdensome.

4.     Defendants object to Interrogatory No. 4 as this topic was discussed in depth at depositions and has been addressed at length by testimony under oath. Thus, further inquiry is unduly burdensome. By way of further answer, and not derogation of the foregoing, the Defendants deny that Ms. DeLeon's resignation was requested. As explained during depositions, Plaintiffs potential resignation with pay through the end of the 2001-2002 school year, was provided as an option to Ms. DeLeon should she choose to accept it, given her unprofessional behavior and contention she could not continue teaching.

5.     Defendants object to Interrogatory No. 5 as it assumes facts not in evidence. By way of further answer, Dr. McFadden's release speaks for itself and indicates that she was fit to return to full duty without restrictions essentially

by releasing her to return to work as a teacher.  No restrictions are indicated whatsoever.  Consequently, there was no need to consult with Dr. McFadden about restrictions that were not applicable or necessary.

6.     Defendants object to Interrogatory No. 6 because this topic was the subject of discussion at deposition and testimony was provided at length and under oath concerning this issue.  Thus, any further inquiry is unduly burdensome.

Respectfully submitted,

**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603

Phone: 814-943-3304
Fax: 814-943-0856

Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that a true and correct copy of Defendant's First Set of Interrogatories Directed to Plaintiff was served on the following counsel of record by U.S. Mail, postage prepaid on this 24th day of **May 2006:**

Caleb L. Nichols, Esquire
P.O. Box 1585
Erie, PA 16507

Respectfully submitted,

**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603

Phone: 814-943-3304
Fax: 814-943-0856

Attorneys for Crawford Central School
District, Crawford Central School Board,
Michael E. Dolecki, Superintendent and
Charles E. Heller, III, Assistant
Superintendent, Defendants

P.O. Box 1585
Erie, PA  16507

April 18, 2006


Roberta B. Heath, Esq.
Andrews & Beard Law Office
2366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603-1311

Dear Mrs. Heath

Plaintiff propound the enclosed interrogatories.  Thank you for our cooperation.

Very truly yours,


Caleb Nichols

Enc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAUDETTE deLEON** | ) |
| | ) |
| | )     **Civil Action** |
| **Plaintiff** | )     **(NO. 05-126E)** |
| | ) |
| **vs.** | ) |
| | ) |
| **CRAWFORD CENTRAL SCHOOL DISTRICT** | ) |
| **CRAWFORD CENTRAL SCHOOL BOARD** | ) |
| | ) |
| **Defendants,** | ) |
| | ) |
| **MICHAEL E. DOLECKI, SUPERINTENDENT** | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| **CHARLES E. HELLER, III, ASSISTANT** | ) |
| **SUPERINTENDENT** | ) |
| | ) |
| **Defendant** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiff Claudette deLeon, through her counsel, Caleb L. Nichols, Esq. requests that Defendants Crawford Central School District, et al answer under oath the following interrogatories within thirty (30) days of service. These interrogatories are continuing in nature (FRCP No. 33).

## Instructions and Definitions

(1) A person is defined as any natural person or any business, legal or governmental entity or association.

(2) Identify means when referring to a person, to give to the extent known, the person's full name, his/her present residence and/or business address and telephone number.

(3) When referring to documents, identify to the extent known:

      (a) the type of document;

      (b) general subject matter of the document;

      (c) the date of the document;

      (d) the author(s) and addressee(s) to each other;

      (e) any recipient of the document.

(4) Each of the following interrogatories shall be answered separately and in writing. The answers shall be signed and verified by the person making them. Objections, if any, shall be signed by the attorney making them.

If you are unable to answer any interrogatory, or any part thereof because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge or belief is based.

## Claims of Privilege

(5) If you refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege, or some other objection identify;

      (a) the nature of the privilege including the grounds for objection;

      (b) if the privilege is being asserted in connection with a claim or defense governed; by state law, specify the relevant state's privilege rule;

      (c) identify the custodian of the document.

(6) All interrogatories herein are continuing in nature so as to require Defendants to Supplement or amend their responses in accordance with FRCP Rule 26(e).

## Interrogatories

(7) Did the Administration of the School District ever maintain or establish any separate personnel file for Mrs. deLeon? If so, please explain the nature of the file and its contents. Was Plaintiff ever notified of such separate personnel file?

(8) Did the School District purge the Plaintiff's personnel file of all documentation referring to the negative evaluation that she received on the June 10, 1994 evaluation? If so, please state how and who complied with Arbitrator Stoltenberg's directive.

(9) Did the School District purge the Plaintiff's personnel files of all anecdotal records and references relating to the 1995/96 negative evaluation that she received? Please advise who complied with Arbitrator Talarico's directive.

(10) has the School District ever required a teacher to undergo a psychiatric evaluation?

(11) Has the School District ever requested or required a teacher to resign because of a Perceived psychiatric disability?

(12) Does the District routinely request teachers for their resignations upon submission of a Medical excuse?

(13) Did the School District conduct any kind of investigation before suspending Mrs. deLeon on March 18, 2002 for submitting a medical excuse?

(14) Why was Mrs. deLeon prematurely given an unsatisfactory evaluation for the 2001/2002 school year and the 2002/2003 school year?

(15) Please explain why Mr. Deshner denied Mrs. deLeon the right to Union representation during a hostile and contentious Parent-Teacher Conference involving Mr. & Mrs. Hogan?

(16) Who developed the Action Plan in June 2001 that Plaintiff was required to follow?

(17) How was the Action Plan validated? Why was Plaintiff put on an Action Plan?

(18) Was the Action Plan revised? When? Why? By whom?

(19) What revisions were made in the Action Plan?

(20) The qualifications and number of Plaintiff's co-workers (teachers) who were put on Action Plan? Please identify their gender and race and ethnicity.

(21) Was the English-As-Second Language (ESL) position that Plaintiff was offered on the

condition that she would not apply for a position as a Spanish teacher within the next five (5) years subsequently cancelled?

(22) Was the Plaintiff evaluated on the basis of the Action Plan?

(23) Plaintiff's performance on the Action Plaintiff contribute to her firing or termination in in April 2003.

(24) Why did the School Administration fail to reasonably and adequately accommodate for Mrs. deLeon's students who were disabled?

(25) What, if any, policies did the School Administration designed to investigate reported student violations and to appropriately discipline student violators who were subject to Mrs. deLeon's authority?

(26) Under the School's Administration policy, were all teachers required to maintain Student Discipline Logs or is that task optional?

(27) Commencing with the 1994/95 school year and continuing through April 2003 when Plaintiff was fired, what, if anything, did the School District and its administrators, managers and agents do to institute corrective measures to address Plaintiff's complaints and to rid the workplace of racial, sexual and national origin discrimination and harassment?

> (a) Did it train its employees in anti-discrimination and sexual harassment issues? If so, please explain.
>
> (b) Did it penalize and sanction any offending managers and/or co-workers or students? If so, please explain.
>
> (c) Did it protect Plaintiff from retaliation? If so, please explain.
>
> (d) Did it reasonably accommodate Plaintiff's psychological condition? If so, please explain.
>
> (e) Did it conduct an effective and thorough investigations of Plaintiff's Complaint? If so, please explain.
>
> (f) Did it formulate, disseminate and implement an anti-discrimination and anti-harassment policy? If so, please explain.

Respectfully submitted,


Caleb L. Nichols
Attorney for Plaintiff
Claudette deLeon
P.O. Box 1585
Erie, PA  16507
(814) 838-1877

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE de LEON | ) | |
| Plaintiff | ) | |
| vs. | ) | (NO. 05-126E) |
| CRAWFORD CENTRAL SCHOOL DISTRICT<br>CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| Defendants | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| Defendant | ) | |
| CHARLES E. HELLER, III, ASSISTANT<br>SUPERINTENDENT | ) | |
| Defendant | ) | |

## Response of Defendants to Supplemental Interrogatories[1]

AND NOW, come Defendants and Response to Plaintiff's Supplemental Interrogatories as follows and with a general objection that these Interrogatories are in excess of what is permitted by the Local Rules, are redundant, vexatious and overly burdensome.

7.     Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous and misleading.  By way of further answer, and not in derogation of the foregoing, in accordance with the law, School Districts typically maintain separate investigative files relative to particular disciplinary procedures.   In addition, administrators often keep their own files relative School District personnel.  There is no obligation of notifying the Plaintiff any separate file was kept.  Plaintiff's office personnel

---

[1] Numbers one (1) through six (6) are not Interrogatories.  The actual Interrogatories start at Number 7.

file was purged in accordance with the arbitrator's directive so that any negative information contained therein would not be utilized to establish progressive discipline for subsequent proceedings.  The arbitrator's decision in this regard does not mandate that all records must be destroyed, but simply that the personnel file be purged so that the negative information cannot be utilized as a basis for disciplinary actions in the future. Thus, the District by purging the personnel file complied with the arbitrator's directive.

8.    The School District did purge Plaintiff's personnel file as directed.   See also, response to No. 7 above.  However, at this point, twelve (12) years later, it is difficult to specify the precise method of how and who complied with Arbitrator Stoltenberg's directive.

9.    The School District purged Plaintiff's personnel file relative to the negative evaluation for the 1995/1996 performance evaluation she received.   As specified in response No. 8, at this point, it is difficult to determine who complied with Arbitrator Talanco's directive over ten (10) years ago.  Nonetheless, the personnel file was purged as directed.

10.    No other teacher presented similar concerns, such as displaying inappropriate emotional outbursts, being unable to complete meetings with administrators, or claiming she could no longer continue teaching, and could "not go on".  Further, approximately ten (10) years ago, the District instituted an Employee Assistance Program, whereby employees can seek assistance in arranging and obtaining counseling and medical

assistance for drug and alcohol problems, marriage counseling, financial counseling, and for other problem areas. Participation in the program is highly confidential and this information will not be provided as it is overly-intrusive and does not seek discovery of information that is relevant to this case.

11.    Defendants object to interrogatory No. 11 on the grounds that it seeks evidence not reasonable calculated to lead to the discovery of relevant evidence. By way of further answer, and not in derogation of the foregoing, Defendant never requested any teacher, including the Plaintiff, to resign due to a psychiatric disability.

12.    The Defendants object to this Interrogatory as it assumes facts not in evidence. As specified by both Mr. Heller and Mr. Dolecki at their depositions, Ms. DeLeon's resignation was not requested upon the submission of a medical excuse. Essentially, because of Ms. DeLeon's unprofessional performance and bizarre outburst at the meeting in March of 2002, in which she indicated that "she could not go on" and could no longer teach," resignation was broached as an option wherein Plaintiff could choose full pay until the end of the school year. This option was offered to Plaintiff as a potential solution to her assertion she could not longer teach. This option was not a request or a demand for a resignation.

13.    The Defendants object to Interrogatory No. 13 as a mischaracterization of the information that has been provided in the discovery process to date. Plaintiff was not suspended for submitting a medical excuse, but rather because of her behavior at the

March 12, 2002 meeting, which has been testified to at length, under oath at the depositions of various administrators.

14.    Defendants object to interrogatory No. 14 on the grounds that it attempts to use inflammatory language to mischaracterize facts in evidence.  The details concerning the 2001/2002 and the 2003/2004 evaluations have been addressed at length at the depositions taken in this case.   Plaintiff, at this point, is relying on the arbitration proceedings to establish evidence on a variety of issues, such as the School District's position concerning the unsatisfactory evaluations.   This reliance is misplaced.   The reasons underlying the merits and timing of the evaluations in question were fully explained at the depositions by various administrators.   Essentially, the unsatisfactory evaluations were provided because of unacceptable work performance on the part of the Plaintiff.

15.    Defendants object to Interrogatory No. 15 on the grounds that it uses inflammatory language to mischaracterize facts in evidence and because it fails to seek information reasonably calculated to lead to the discovery of relevant evidence.  By way of further answer, and not in derogation of the foregoing, Parent-teacher conferences as typically not meetings that would have the potential for resulting in the discipline of an employee.   Consequently, union representation as a matter of due process is not required by law.

16.    This information was discussed at length in the depositions of the administrators. Consequently, any further questioning is redundant and may be deemed harassment on the part of the Plaintiff as these matters were fully discussed at depositions.

17.    This information was discussed at length in the depositions of the administrators. Consequently, any further questioning is redundant and may be deemed harassment on the part of the Plaintiff as these matters were fully discussed at deposition.

18.    This information was discussed at length in the depositions of the administrators. Consequently, any further questioning is redundant and may be deemed harassment on the part of the Plaintiff as these matters were fully discussed at deposition.

19.    This information was discussed at length in the depositions of the administrators. Consequently, any further questioning is redundant and may be deemed harassment on the part of the Plaintiff as these matters were fully discussed at deposition.

20.    The Defendants object to Interrogatory No. 20 on the grounds that it is vague, overly broad and unduly burdensome particularly because it does not specify any timeframes as to other teachers being put on an action plan.  Mr. Higgins indicated that since his starting as an assistant principal with the District, three (3) other teachers that were male were placed on action plans.  These individuals were Caucasian.  In other years, four (4) Caucasian male principals were put in action plans.  Three (3) other Caucasian female teachers were placed on action plans.

21.    Defendants object to Interrogatory No. 21 on the grounds that it is vague and ambiguous so as to render the question unintelligible.  By way of further answer and not in derogation of foregoing, some discussion occurred between the Union and the District concerning an ESL position as an option prior to Plaintiff's last unsatisfactory evaluation and ultimate termination.  Also, a difference exists between bidding into a position and "applying" for a position as defined and dictated by the Collective Bargaining Agreement.

22.    Yes.  This information is contained in all the documents that have been provided and has been addressed at length in the depositions of District administrators.

23.    Defendants object to Interrogatory No. 23 on the grounds that it is vague so as to be unintelligible.  By way of further answer, and not in derogations of the foregoing objection, this information was addressed at length in the documents that were provided to the Plaintiff and also through the depositions of the school administrators. Nonetheless, it precisely because Plaintiff failed to meet the criteria set forth in the action plan that she was terminated, which details have been explained and constitute legitimate business reasons in no way associated with Plaintiff's national origin, gender or perceived disability.

24.    The Defendants object to Interrogatory No. 24 on the grounds that it assumes facts not in evidence relative to disabled students not being reasonably and adequately accommodated.  As touched upon at depositions, the School District was very well

aware of its responsibilities to students primarily under the IDEA, the Rehabilitation Act, and the ADA. In this regard, student accommodation plans and methods are specified in the individual education plans (IEP's) pursuant to the IDEA and students were accommodated in accordance with the law.

25.    Defendants object to Interrogatory No. 25 on the grounds that it is so vague so as to be essentially unintelligible. By way of further answer, and not in derogation of the foregoing, the procedure relative to investigating student violations was addressed specifically by administrators during their depositions.

26.    This information was already addressed in deposition that not all teachers are required to maintain student discipline logs, but many teachers do as a matter of course and prudent professional conduct. Plaintiff was subject to an action plan, which is a wholly different matter than the general policy. Plaintiff specifically was subject to an action plan due to her substandard performance, in part relating to continuing disciplinary problems.

27.    Defendant objects to Interrogatory No. 27 on the grounds that it is vague, ambiguous, and assumes facts not in evidence. By way of further answer, and not in derogation of the foregoing, the District has all of these policies and administrators have been and continue to be trained on these policies and underlying procedures. Finally, no teacher, including Plaintiff, has ever made and internal complaint relative to any claim for harassment of any kind.

## CERTIFICATE OF SERVICE

    The undersigned attorney does hereby certify that a true and correct copy of Defendant's First Set of Interrogatories Directed to Plaintiff was served on the following counsel of record by U.S. Mail, postage prepaid on this _24th_ day of **May 2006:**

            Caleb L. Nichols, Esquire
            P.O. Box 1585
            Erie, PA 16507

            Respectfully submitted,

            **ANDREWS & BEARD**

            Roberta Binder Heath, Esquire
            Pa.Id. No. 50798
            [rbheath@andrewsbeard.com]

            3366 Lynnwood Drive
            P.O. Box 1311
            Altoona, PA  16603

            Phone: 814-943-3304
            Fax: 814-943-0856

            Attorneys for Crawford Central School District, Crawford Central School Board, Michael E. Dolecki, Superintendent and Charles E. Heller, III, Assistant Superintendent, Defendants

Respectfully submitted,

**ANDREWS & BEARD**

Roberta Binder Heath, Esquire
Pa.Id. No. 50798
[rbheath@andrewsbeard.com]

3366 Lynnwood Drive
P.O. Box 1311
Altoona, PA  16603

Phone: 814-943-3304
Fax: 814-943-0856

Attorneys for Crawford Central School District,
Crawford Central School Board, Michael E.
Dolecki, Superintendent and Charles E. Heller,
III, Assistant Superintendent, Defendants